EXHIBIT "1"

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

---------------------------------------------------------

JASON GARCIA, Individually and on Behalf
of All Others Similarly Situated,                                      :
                                                                       :
                                                                       :
                    Plaintiff,                                         :
                                                                       :
                                                                       :   No. 1:15-cv-01385 TWP-TAB
v.                                                                     :
                                                                       :
                                                                       :
REMY INTERNATIONAL, INC., JOHN J.                                      :
PITTAS, DOUGLAS K. AMMERMAN,                                           :
KARL G. GLASSMAN, LAWRENCE F.                                          :
HAGENBUCH, CHARLES G. MCCLURE,                                         :
ARIK W. RUCHIM, GEORGE P. SCANLON,                                     :
J. NORMAN STOUT, JOHN H. WEBER,                                        :
                    Defendants.                                        :
---------------------------------------------------------              :
MAXINE PHILLIPS, Individually and on                                   :
Behalf of All Others Similarly Situated,                               :
                                                                       :
                                                                       :
                    Plaintiff,                                         :
                                                                       :
                                                                       :   No. 1:15-cv-01343-TWP-TAB
v.                                                                     :
                                                                       :
                                                                       :
REMY INTERNATIONAL, INC., JOHN J.                                      :
PITTAS, DOUGLAS K. AMMERMAN,                                           :
KARL G. GLASSMAN, LAWRENCE F.                                          :
HAGENBUCH, CHARLES G. MCCLURE,                                         :
ARIK W. RUCHIM, GEORGE P. SCANLON,                                     :
J. NORMAN STOUT, JOHN H. WEBER,                                        :
                    Defendants.                                        :
---------------------------------------------------------              :
STEPHEN BUSHANSKY, Individually and                                    :
on Behalf of All Others Similarly Situated,                            :
                                                                       :
                                                                       :
                    Plaintiff,                                         :
                                                                       :
                                                                       :
v.                                                                     :
                                                                       :
                                                                       :
REMY INTERNATIONAL, INC., JOHN J.                                      :
PITTAS, DOUGLAS K. AMMERMAN,                                           :
KARL G. GLASSMAN, LAWRENCE F.                                          :
HAGENBUCH, CHARLES G. MCCLURE,                                         :

ARIK W. RUCHIM, GEORGE P. SCANLON,    :
J. NORMAN STOUT, JOHN H. WEBER,    :
                Defendants.    :
---------------------------------------------------------

## STIPULATION AND AGREEMENT
## OF COMPROMISE, SETTLEMENT AND RELEASE

This Stipulation and Agreement of Compromise, Settlement and Release (the "Settlement" or the "Stipulation"), which is entered into by and among the following parties, by and through their respective attorneys: (i) plaintiffs Jason Garcia, Maxine Phillips and Stephen Bushansky, individually and on behalf of the Class (defined below) (collectively, "Plaintiffs") and (ii) defendants Remy International, Inc. ("Remy" or the "Company"), John J. Pittas, Douglas K. Ammerman, Karl G. Glassman, Lawrence F. Hagenbuch, Charles G. McClure, Arik W. Ruchim, George P. Scanlon, J. Norman Stout and John H. Weber (Plaintiffs and Defendants are collectively referred to as the "Parties") states all of the terms of the settlement and resolution of the above-captioned actions, *Phillips v. Remy International, Inc., et al.*, 1:15-cv-01343 TWP-DKL (S.D. Ind.), *Garcia v. Remy International, Inc., et al.*, 1:15-cv-01385 TWP-DKL (S.D. Ind.) and *Bushansky v. Remy International, Inc., et al.*, 1:15-cv-01361 TWP-DKL (S.D. Ind.) (the "*Bushansky* Action," together with the *Phillips* Action and *Garcia* Action, the "Actions"), and is intended by the Parties to fully and finally compromise, resolve, discharge, and settle the Released Claims, as defined herein, subject to the approval of the United States District Court for the Southern District of Indiana (this "Court").

## RECITALS

WHEREAS, on July 13, 2015, Remy and announced it had signed a definitive agreement to be acquired by BorgWarner Inc. ("Borg Warner") pursuant to which Remy shareholders would receive $29.50 in cash in exchange for each share of Remy common stock (the "Merger").

2

WHEREAS, on August 3, 2015, Remy filed with the United States Securities and Exchange Commission ("SEC") a Preliminary Proxy Statement on Schedule 14A (the "Preliminary Proxy"), relating to the Merger which was distributed to Remy shareholders. Thereafter, on August 18, 2015, Remy filed with the United States Securities and Exchange Commission ("SEC") a Definitive Proxy Statement on Schedule 14A (the "Definitive Proxy"), relating to the Merger which was also distributed to Remy shareholders.

WHEREAS, following the filing and distribution of the Preliminary Proxy, three putative class actions were filed by certain shareholders of Remy alleging, among other things, that the Defendants had violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder:  (1) *Maxine Phillips v. Remy International*, et al., No. 1:15-cv-1343 (SD. Ind.) (the "*Phillips* Action"); (2) *Jason Garcia v. Remy International, et al.*, No. 1:15-cv-01385 (S.D. Ind.) (the "*Garcia* Action"); and (3) *Stephen Bushansky v. Remy International, et al.*, No. 1:15-cv-1361 (S.D. Ind.);

WHEREAS, on August 31, 2015, following a review and analysis of the Preliminary and Definitive Proxies and other public filings related to the Merger after consultation with their retained financial expert, counsel for Plaintiffs sent a written settlement demand to Defendants;

WHEREAS, in early September 2015, counsel for the Parties began engaging in arms'-length negotiations concerning a possible resolution of the Actions, including the negotiation of various supplemental disclosures that Plaintiffs and their counsel demanded that Defendants file with the SEC sufficiently in advance of the Remy shareholders meeting to approve the Merger;

WHEREAS, on September 11, 2015, counsel for the Parties reached an agreement in principle concerning a proposed settlement of the Actions and, through their respective counsel, executed a Memorandum of Understanding (the "MOU") memorializing the in-principle

3

settlement on terms and conditions substantially similar to those set forth below and attached, as Exhibit A to the MOU, certain additional disclosures to be made by Remy in a Form 8-K to be filed with the SEC (the "Supplemental Disclosures");

WHEREAS, in connection with settlement discussions and negotiations leading to the execution of the MOU, counsel for the Parties to the Actions did not discuss the appropriateness or amount of any application by Plaintiffs' Counsel for an award of attorneys' fees and expenses, and no discussions concerning the amount of any attorneys' fees or expenses were conducted in connection with the Actions until all of the other terms of this Stipulation had been agreed upon;

WHEREAS, on September 14, 2015, Remy filed with the SEC a Form 8-K containing the Supplemental Disclosures;

WHEREAS, Remy shareholders approved the Merger at a special meeting on September 22, 2015 ("Special Meeting");

WHEREAS, the Merger was consummated on November 10, 2015;

WHEREAS, subsequent to the execution of, and as a material term to the MOU, Defendants provided Plaintiffs with Confirmatory Discovery to confirm the fairness and adequacy of the Settlement and the disclosures relating to the Merger.  In addition, Plaintiffs' Counsel conducted the deposition of Vijay Kumra, a representative from UBS Securities LLC ("UBS"), financial advisor to Remy in connection with the Merger. Plaintiffs and their respective counsel believe that the additional discovery confirms the fairness and adequacy of the Settlement;

WHEREAS, Plaintiffs maintain that their claims asserted in the Actions have substantial merit, and are settling them only because they believe that the Settlement provided Remy's

shareholders with a substantially improved opportunity to cast a fully informed vote on the Merger;

WHEREAS, Plaintiffs' Counsel believe further, having had the benefit of reviewing the discovery materials in conjunction with their independent financial expert, that the terms contained in this Stipulation are fair and adequate to both Remy and its shareholders and that it is reasonable to pursue the Settlement of the Actions based upon the procedures outlined herein and the substantial benefits and protections offered herein;

WHEREAS, Plaintiffs' entry into this Stipulation is not an admission or concession as to the lack of merit of any claims in the Actions; and

WHEREAS, each of the Defendants has denied, and continues to deny, that he, she, or it committed or aided and abetted the commission of any breach of duty or violation of law, or engaged in any of the wrongful acts alleged in the Complaint, and expressly maintains that he, she, or it diligently and scrupulously complied with the federal securities laws and his, her, or its fiduciary and other legal duties and is entering into this Settlement solely to eliminate the burden, expense, distraction, and uncertainties inherent in further litigation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs and Defendants, and subject to the approval of the Court and pursuant to Federal Rule of Civil Procedure 23, that the Actions and Released Claims shall be fully and finally resolved, compromised and settled, that the Actions shall be dismissed with prejudice and without costs (except as provided herein), for the good and valuable consideration set forth herein and conferred on the Plaintiffs and the Class (as defined below), as follows:

A.  **Definitions**

1.    In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

a)   "Class" means a non-opt-out class that includes any and all record and beneficial holders of Remy common stock, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held Remy common stock at any time between and including July 13, 2015 and November 10, 2015, but excluding Defendants, their subsidiaries or other affiliates, their assigns, members of their immediate families, officers of Remy, and the legal representatives, heirs, successors, or assigns of any such excluded person.

b)   "Class Member" means a member of the Class.

c)   "Court Approval" means entry of the Judgment.

d)   "Effective Date" means the first business day following the date the Judgment becomes final and unappealable, whether by affirmance on or exhaustion of any possible appeal or review, writ of certiorari, lapse of time, or otherwise; provided, however, that the finality of any Judgment shall not be affected by any appeal or other proceeding solely regarding an application for attorneys' fees and expenses.

e)   "Fee and Expense Award" means an award to Plaintiffs' Counsel in this Court for attorneys' fees and expenses in connection with the Actions.

f)   "Judgment" means the Order and Final Judgment to be entered in the Actions substantially in the form attached as Exhibit C hereto.

g)   "Parties" means Plaintiffs and Defendants.

6

h) "Person" means any individual, corporation, partnership, limited liability company, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government, and any political subdivision thereof, or any other type of business or legal entity.

i) "Released Claims" means claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (as defined below), that any or all Plaintiffs or any or all members of the Class ever had, now have, or may have, or otherwise could, can, or might assert, whether direct, derivative, individual, class, representative, legal, equitable, or of any other type or in any other capacity, against any of the Released Parties (as defined below), whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, directly or indirectly, in the Actions, including, without limitation, any and all claims that are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Merger or the Merger Agreement, or any term, element or condition of the Merger or Merger Agreement, (ii) any

7

actions, deliberations, or negotiations in connection with the Merger or the Merger Agreement, including the process of deliberation or negotiation by Remy and any of its respective officers, directors, or advisors, (iii) the consideration offered, paid or to be received by any Released Person or by any Remy shareholders in connection with the Merger, (iv) the Definitive Proxy including any amendments thereto, and any other disclosures, public filings, periodic reports, press releases, registration statements, proxy statements, or other statements issued, made available or filed relating, directly or indirectly, to the Merger or the Merger Agreement, (v) the fiduciary obligations of the Released Parties in connection with the Merger, (vi) any stockholder vote in connection with the Merger, or (vii) the fees, expenses, or costs incurred in prosecuting, defending, or settling the Actions, provided, however, that the Released Claims shall not (i) include claims by the parties to enforce the terms of the Stipulation, the Settlement, or the MOU or any claims pertaining to any possible material misrepresentations or omissions in any document, statement or filing by Remy unrelated to the Merger, and (ii) shall not include any properly perfected claims for appraisal pursuant to 8 *Del. C.* § 262.

j)  "Released Parties" means (i) Remy, John J. Pittas, Douglas K. Ammerman, Karl G. Glassman, Lawrence F. Hagenbuch, Charles G. McClure, Arik W. Ruchim, George P. Scanlon, J. Norman Stout and John H. Weber; (ii) any person or entity that is, was, or will be related to or affiliated with any of the persons or parties referred to in the preceding clause or in which any such person or party has, had, or will have a controlling interest; and (iii) the respective past, present or future insurers, reinsurers, family members, spouses, and heirs, as well as the respective past or present trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies,

8

corporations, parents, subsidiaries, divisions, affiliates, associated entities, shareholders, shareholders, principals, officers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, and associates, of any of the persons or parties referred to in the preceding clauses (i) and (ii).

k)   "Settlement Hearing" means the hearing to be held by this Court to determine whether to certify the Class for settlement purposes, whether Plaintiffs and Plaintiffs' Counsel have adequately represented the Class, whether the proposed Settlement should be approved as fair, reasonable and adequate, whether all Released Claims should be dismissed with prejudice, whether an Order and Judgment approving the Settlement should be entered, and whether and in what amount any award of attorneys' fees and expenses should be paid to Plaintiffs' Counsel by Remy or its successor in interest or their respective insurer(s).

l)   "Unknown Claims" any claim that any Plaintiff or any member of the Class does not know or suspect exists in his, her, or its favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into the Settlement.  With respect to any of the Released Claims, the Parties stipulate and agree that upon Final Approval, each Plaintiff shall expressly, and each member of the Class shall be deemed to have, and by operation of the final order and judgment by the District Court shall have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal. Civ. Code § 1542, or any law of the United States or any state of the United States or territory of the United States, or principle of

common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:  "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH DEBTOR."  The Plaintiffs acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of the Plaintiffs, and by operation of law the members of the Class, to completely, fully, finally, and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.  Plaintiffs acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for and was a key element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation.  This definition of "Unknown Claims" also will apply to "Defendants' Released Claims" as defined below.

m) "Defendants' Released Claims" means a release by Defendants, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, of Plaintiffs, the Class, and Plaintiffs' counsel from any and all claims arising out of or relating to their filing and prosecution of the Actions; provided, however, that the release shall not include the right of the

Defendants to enforce the terms of the Stipulation and the Settlement

**B.**     **Scope of the Settlement and the Released Claims**

2.      As of the Effective Date, the Actions and the Released Claims shall be dismissed with prejudice, on the merits and without costs, except as provided herein.

3.      As of the Effective Date, the Plaintiffs shall fully, finally and forever release, settle and discharge the Released Parties from all Released Claims, and will be forever barred and enjoined from commencing, instituting, or prosecuting any action or other proceeding, in any forum, asserting any Released Claims against any of the Released Parties; provided, however, that the release of Defendants shall not include Plaintiffs' and Plaintiffs' Counsel's rights to enforce the Settlement.

4.      As of the Effective Date, the Released Parties and Plaintiffs acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those they now know or believe to be true with respect to the Released Claims, but that it is the Released Parties' and Plaintiffs' intention and, by operation of law, the intention of the Class Members, to completely, fully, finally and forever compromise, settle, release, discharge, extinguish, and dismiss any and all Released Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.

5.      As of the Effective Date, the Released Parties and Plaintiffs acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that Unknown Claims are included in the definition of "Released Claims," and that such inclusion was expressly bargained for and was a key element of the Settlement and was relied upon by each

and all of the Parties to the Actions in entering into this Stipulation.  The Plaintiffs shall be deemed to relinquish, to the extent applicable, and to the full extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (or any similar, comparable, or equivalent provision or principle of common law in any jurisdiction), which states that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Plaintiffs shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States, or any state or territory of the United States or any foreign state, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542.  The Parties agree that the release of Unknown Claims was separately bargained for and that this release is integral to and a key part of this Stipulation, the MOU, and the Settlement.  Plaintiffs acknowledge, and Class Members shall be deemed by operation of Court Approval of the Settlement to have acknowledged, that the foregoing waiver was separately bargained for, is an integral element of the Settlement, and was relied upon by each and all of the Defendants in entering into the Settlement.

    6.    As of the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever released, relinquished, and discharged Plaintiffs, Plaintiffs in the Actions, each of the Class Members and counsel for any Plaintiffs in the Actions from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the investigation, institution, prosecution, assertion, settlement, resolution or dismissal of the Actions or the Released Claims, except for claims

relating to enforcement of the Settlement.

**C.      Consideration for, and Conditions of, the Settlement**

7.      In consideration for the Settlement and dismissal with prejudice of the Actions, and the releases provided herein, Remy included the Supplemental Disclosures in a Form 8-K, filed with the SEC on September 14, 2015.  The Supplemental Disclosures, as filed with the SEC, are attached hereto as Exhibit A.  Plaintiffs' Counsel reviewed and approved the Supplemental Disclosures before they were filed with the SEC.

8.      Without admitting any wrongdoing or that any of the Supplemental Disclosures were material or required to be made, Defendants acknowledge that the pendency and prosecution of the Actions and the arms-length negotiations between Plaintiffs' counsel and Defendants' counsel therein were the sole cause of Defendants' agreement to make the Supplemental Disclosures, which contain certain of the information sought in the Actions.

9.      Defendants have denied and continue to deny committing, threatening, attempting to commit, or aiding and abetting, any violation of law or breach of any duty to Plaintiffs, the Class, or anyone in connection with the Released Claims and the subject matter thereof, including the Merger and the disclosures to Remy shareholders in connection therewith. Defendants deny and do not concede the materiality of any of the Supplemental Disclosures. Defendants are entering into the Settlement because the Settlement would eliminate the burden, expense, distraction and uncertainties inherent in further litigation.

10.     As soon as practicable after this Stipulation has been executed, the Parties shall apply jointly to this Court for entry of an order substantially in the form attached hereto as Exhibit D (the "Scheduling Order"), providing, among other things, that the Actions shall proceed, for purposes of this Settlement only, as a class action on behalf of the Class, approving

the notice to the Class substantially in the form attached hereto as Exhibit B (the "Notice"), and scheduling a final Settlement Hearing. Remy (or any successor entity) shall bear all costs related to providing notice to the Class.

11.    The Parties agree that all proceedings in the Actions, except for Settlement-related proceedings, shall be stayed until this Court rules upon a motion for Court Approval. The Parties also agree to use their best efforts to seek the stay and dismissal of, and to oppose entry of any interim or final relief in favor of any Class Member in, any other proceedings against any of the Released Parties that challenge the Settlement or the Merger, including any transactions contemplated thereby, or otherwise involving, directly or indirectly, a Released Claim.

12.    Pending the Court's consideration of the Settlement, the Parties, Class Members, and all other persons and entities purporting to act as, on behalf of, for the benefit of, or derivatively for any Class Member are enjoined from commencing or prosecuting, continuing or otherwise participating in, either directly or indirectly, any action or proceeding asserting any of the Released Claims in this or any other forum.

13.    This Stipulation shall be subject to the following conditions and shall be cancelled and terminated unless:

a)  this Court enters the Scheduling Order substantially in the form attached hereto as Exhibit D;

b)  Court Approval is granted without the award of any damages, costs, fees or the grant of any further relief except for an award of fees and expenses the Court may make pursuant to this Stipulation; provided, however, that the failure of this Court to approve any requested award of attorneys' fees and/or expenses in whole or in part shall have no effect on the Settlement set forth in this Stipulation;

    c)  this Court enters the Judgment substantially in the form attached hereto as Exhibit C approving the proposed Settlement, providing for the dismissal with prejudice of the Actions and approving the grant of a release by the Plaintiffs to the Released Parties of the Released Claims; and

    d)  the Effective Date shall have occurred.

14.    If (a) this Court does not enter the Judgment in substantially the form of Exhibit C, (b) this Court enters the Judgment but on or following appellate review the Judgment is modified or reversed in any material respect, or (c) any of the other conditions of this Stipulation is not satisfied, this Stipulation shall be cancelled and terminated unless counsel for each of the Parties, within ten (10) business days from receipt of such ruling or event, agree in writing with counsel for the other Parties hereto to proceed with this Stipulation and Settlement, including only with such modifications, if any, as to which all Parties in their sole judgment and discretion may agree.  For purposes of this Paragraph, an agreement to proceed shall not be valid unless it is expressed in a signed writing.  Neither a modification nor a reversal on appeal of the amount of fees, costs, and expenses awarded by this Court to Plaintiffs' Counsel shall be deemed a material modification of the Judgment or this Stipulation.

**D.**        **<u>Class Certification</u>**

15.    The Parties agree that, for settlement purposes only, it is appropriate for the Class to be certified as a non-opt-out class pursuant to Federal Rule of Civil Procedure 23.

16.    In the event the Settlement does not become final for any reason, the certification of the Class shall be revoked and Defendants reserve the right to oppose any motion for class certification in future proceedings.

E.        **Attorneys' Fees and Expenses**

15.        Plaintiffs' Counsel intend to petition this Court for a Fee and Expense Award of $400,000 and up to $15,000 in expenses (the "Fee Application").  Defendants have agreed not to oppose the Fee Application, and to pay Plaintiffs fees and expenses in the amount awarded by the Court up to $400,000 in fees and up to $15,000 in expenses.

16.        Plaintiffs will not seek attorneys' fees or expenses other than as provided for in this Stipulation.  The Parties agree that this Court-approved payment of the Fee and Expense Award will be made by Remy (or any successor entity) on behalf of all Defendants within ten (10) business days after entry of the order approving the Fee and Expense Award.  Any such payment shall be made subject to the joint and several obligations of Plaintiffs' Counsel to make refunds or repayment with interest to Remy (or any successor entity) if as a result of any appeal or successful collateral attack, this Court's approval of the Settlement is reversed or the fee or expenses award is reduced or reversed.  Fees and expenses awarded by this Court shall be paid via wire transfer to an account designated by Brodsky & Smith, LLC, as paying agents for all of Plaintiffs' Counsel in the Actions, and payment in accordance with the wire instructions provided by Brodsky & Smith, LLC shall fully and completely discharge the obligations of Remy (or any successor entity) to pay any fees and expenses awarded by this Court.  In the event of an appeal of the Order approving the Fee and Expense Award, for the benefit of Plaintiffs' Counsel, the Fee and Expense Award shall be maintained in an interest bearing escrow account.

17.        Except as provided in this Stipulation, Defendants shall not be required to bear any other expenses, costs, damages, or fees alleged or incurred by Plaintiffs, by any Class Member, or by any of their attorneys, experts, advisors, agents, or representatives.  Defendants shall have no responsibility for, and no liability with respect to, the allocation of fees or expenses

among counsel for Plaintiffs and/or any other Person who may assert a claim to the Fee and Expense Award.  No Defendant other than Remy (or its successors in interest) shall bear any responsibility for payment of any Fee and Expense Award.

**F.**        **Miscellaneous Provisions**

18.    All of the Exhibits referred to herein shall be incorporated by reference as though fully set forth herein.

19.    Paragraph titles have been inserted for convenience only and will not be used in determining the terms of this Stipulation.

20.    The Parties represent and agree that the terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information, sufficient discovery and after consultation with experienced legal counsel.

21.    To the extent permitted by law, all agreements made and orders entered during the course of the Actions relating to the confidentiality of documents or information shall survive this Stipulation.

22.    The Parties agree to cooperate fully with one another in seeking this Court's approval of this Settlement, and to use their best efforts to effect, take, or cause to be taken all actions, and to do, or cause to be done, all things reasonably necessary, proper, or advisable under applicable laws, regulations, and agreements to consummate and make effective, as promptly as practicable, this Settlement (including, but not limited to, using their best efforts to resolve any objections raised to this Settlement) and procure the dismissal of the Actions with prejudice and without costs to any Party (except as provided for herein).

23.    Without further order of the Court, the Parties may agree to reasonable extensions

of time not expressly set forth by the Court in order to carry out any provisions of this Settlement pending Court Approval.

24.     This Stipulation constitutes the entire agreement among the Parties and supersedes any prior agreements or understandings between the Parties, with respect to the Settlement.  The Settlement is not subject to any term or condition not stated in this Stipulation. There are no collateral or oral agreements between the Parties that are not stated in this Stipulation.  In entering into this Stipulation, no party is relying on any promise, warranty, inducement or representation other than those set forth in this Stipulation, and all Parties disclaim the existence of any such promise, warranty, inducement or representation.

25.     This Stipulation, including the exhibits to the Stipulation may be modified or amended only by a writing, signed by all of the signatories hereto, that refers specifically to this Stipulation.

26.     This Stipulation may be executed in any number of actual or telecopied counterparts and by each of the different Parties on several counterparts, each of which when so executed and delivered will be an original.  The executed signature page(s) from each actual or telecopied counterpart may be joined together and attached and will constitute one and the same instrument.

27.     This Stipulation and the Settlement shall be governed by, and construed in accordance with, the laws of the State of Delaware, without regard to Delaware's principles governing choice of law.

28.     The Parties agree that any dispute arising out of or relating in any way to the Settlement or this Stipulation shall not be litigated or otherwise pursued in any forum or venue other than this Court.  Each Party hereto: (i) consents to personal jurisdiction in any such action

(but in no other action) brought in this Court; (ii) consents to service of process by registered mail upon such Party and/or such Party's agent; (iii) waives any objection to venue in this Court and any claim that Indiana or this Court is an inconvenient forum; and (iv) waives any right to demand a jury trial as to any such action.  The Parties submit themselves to the exclusive jurisdiction of this Court for the enforcement and interpretation of this Stipulation and its exhibits, and all other matters regarding or relating to them.  Without affecting the finality of the Settlement, this Court shall retain jurisdiction for purposes, among other things, of administering the Settlement and resolving any disputes hereunder.

29.     This Stipulation shall be construed in all respects as jointly drafted and shall not be construed, in any way, against any Party on the ground that the Party or its counsel drafted this Stipulation or any part thereof.

30.     The terms and provisions of this Stipulation are intended solely for the benefit of the Released Persons, the Class, and their respective successors and permitted assigns, and it is not the intention of the Parties to confer rights or remedies upon any other Person or entity, except any attorneys' fees and expenses to be paid pursuant to the terms of this Stipulation.

31.     This Stipulation, and all rights and powers granted hereby, will bind and inure to the benefit of the Parties hereto and their respective legal representatives, agents, executors, heirs, administrators, transferees, successors, assigns, employees, employers, insurers and reinsurers, and upon any corporation, partnership, or other entity into or with which any Party may merge or consolidate.

32.     This Stipulation will be executed by counsel for the Parties to the Actions, each of whom represents and warrants that they have the authority from their client(s) to enter into this Stipulation and that the Stipulation shall be binding on their client(s) in accordance with its

terms.

33.     Plaintiffs and their respective counsel represent and warrant that Plaintiffs are Class Members and have been shareholders of Remy at all relevant times and that none of Plaintiffs' claims or causes of action in the Actions, or any claims Plaintiffs could have alleged, have been assigned, encumbered, or in any manner transferred in whole or part.

34.     Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist on the strict performance of any and all of the provisions of this Stipulation to be performed by such other Party.  No waiver, express or implied, by any Party of any breach or default in the performance by the other Party of its obligations under this Stipulation shall be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

35.     If the Settlement is terminated by any party according to the terms set forth herein, then: (i) this Settlement and this Stipulation shall be null and void and have no further force or effect, and shall not be referred to, admissible in or introduced in any other way except as stated in this Stipulation, the Notice and Settlement Hearing Order and the Final Order and Judgment; (ii) the Parties will return to the positions they occupied vis-à-vis each other and in the Actions without prejudice in any way, except as stated in this Stipulation; and (iii) any Fee and Expense Award that has been paid will be returned pursuant to the provisions of this Stipulation.

Dated: July 19, 2016

**LEWIS WAGNER, LLP**
A. Richard M. Blaiklock (#20031-49)
501 Indiana Avenue, Suite 200

**RILEY WILLIAMS & PIATT, LLC**
William N. Riley (#14941-49)
James A. Piatt (#28320-49)

20

terms.

33.     Plaintiffs and their respective counsel represent and warrant that Plaintiffs are Class Members and have been shareholders of Remy at all relevant times and that none of Plaintiffs' claims or causes of action in the Actions, or any claims Plaintiffs could have alleged, have been assigned, encumbered, or in any manner transferred in whole or part.

34.     Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist on the strict performance of any and all of the provisions of this Stipulation to be performed by such other Party.   No waiver, express or implied, by any Party of any breach or default in the performance by the other Party of its obligations under this Stipulation shall be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

35.     If the Settlement is terminated by any party according to the terms set forth herein, then: (i) this Settlement and this Stipulation shall be null and void and have no further force or effect, and shall not be referred to, admissible in or introduced in any other way except as stated in this Stipulation, the Notice and Settlement Hearing Order and the Final Order and Judgment; (ii) the Parties will return to the positions they occupied vis-à-vis each other and in the Actions without prejudice in any way, except as stated in this Stipulation; and (iii) any Fee and Expense Award that has been paid will be returned pursuant to the provisions of this Stipulation.

Dated:  July 19, 2016

_____        _____
**LEWIS WAGNER, LLP**                   **RILEY WILLIAMS & PIATT, LLC**
A. Richard M. Blaiklock (#20031-49)     William N. Riley (#14941-49)
501 Indiana Avenue, Suite 200           James A. Piatt (#28320-49)

Indianapolis, IN 46202-6150

**WEISSLAW LLP**
Richard A. Acocelli
Michael A. Rogovin
Kelly C. Keenan
1500 Broadway, 16th Floor
New York, NY 10036
Phone: 212-682-3025

*Attorneys for Plaintiff Stephen Bushansky*

**BARNES & THORNBURG LLP**
Anne N. DePrez
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Phone: 317-236-1313
Facsimile: 317-231-7433
anne.deprez@btlaw.com

*Attorneys for Defendants Remy International,*
*John J. Pittas, Douglas K. Ammerman, Karl G.*
*Glassman, Lawrence F. Hagenbuch, Charles*
*G. McClure, Arik W. Ruchim, George P.*
*Scanlon, J. Norman Stout and John H. Weber*

301 Massachusetts Avenue
Indianapolis, IN 46204
Tel: 317-633-5270
Fax: 317-426-3348
Email: wriley@rwp-law.com
         jpiatt@rwp-law.com

*Attorneys for Plaintiffs Garcia and Phillips*

**FARUQI & FARUQI, LLP**
Nadeem Faruqi
369 Lexington Ave., Tenth Floor
New York, NY 10017
Tel: 212-983-9330
Fax: 212-983-9331
Email: jmonteverde@faruqilaw.com
         mschreiner@faruqilaw.com

*Attorneys for Plaintiff Phillips*

**BRODSKY & SMITH, LLC**
Evan J. Smith
Marc L. Ackerman
Two Bala Plaza, Suite 510
Bala Cynwyd, PA 19004
Phone: 610-667-6200
Facsimile: 610-667-9029

*Attorneys for Plaintiff Garcia*

21

EXHIBIT "A"

## SUPPLEMENT TO DEFINITIVE PROXY STATEMENT

*In connection with the settlement of the actions noted above, the Company has agreed to make the following supplemental disclosures to the Definitive Proxy Statement. This supplemental information should be read in conjunction with the Definitive Proxy Statement, which should be read in its entirety. Defined terms used but not defined herein have the meanings set forth in the Definitive Proxy Statement.*

### Summary—Vote Required

*The following disclosure supplements the fifth paragraph under – **Vote Required** appearing on pages 2-3 of the Definitive Proxy Statement.*

As disclosed on page 10 of the Proxy Statement on Schedule 14A filed by the Company with the SEC on April 30, 2015, Company director Arik W. Ruchim is a partner of H Partners Management, LLC.  As shown on page 90 of the Definitive Proxy Statement, based solely on information currently available to the Company from filings with the SEC on Schedules 13D and 13G filed prior to August 14, 2015, H Partners, taken as a whole, was the second largest stockholder of the Company as of August 14, 2015.  Also as shown on page 90 of the Definitive Proxy Statement, based solely on information currently-available to the Company from filings with the SEC on Schedules 13D and 13G filed prior to August 14, 2015, the largest stockholder of the Company as of August 14, 2015 was FMR LLC, which, according to a Schedule 13G filed by FMR LLC on August 10, 2015, owned 3,843,336 Company shares as of August 10, 2015.

### The Merger—Opinion of UBS Securities LLC

*The following disclosure supplements and restates the first paragraph under – **Illustrative Discounted Cash Flow Analysis** appearing on pages 41-42 of the Definitive Proxy Statement.*

UBS performed an illustrative discounted cash flow analysis of the Company utilizing financial forecasts and estimates prepared by the Company's management, and UBS's calculation of unlevered free cash flows (calculated as earnings before interest, taxes, depreciation and amortization and stock-based compensation, referred to in this section of the proxy statement as EBITDA, less unlevered taxes, less total capital expenditures, less increases in working capital and less restructuring charges) based on such financial forecasts and estimates. See the section entitled "The Merger—Certain Company Forecasts" beginning on page 45 for more information regarding the forecasts and estimates provided by the Company's management. UBS calculated a range of implied present values (as of June 30, 2015) of the standalone unlevered, after-tax, free cash flows that the Company was forecasted to generate from the period of July 1, 2015 through calendar year 2019 and of terminal values for the Company. Implied terminal values were derived by applying to the Company's calendar year 2019 estimated Adjusted EBITDA a range of estimated trailing EBITDA exit multiples of 6.0x to 7.5x. Present values of cash flows and terminal values were calculated using discount rates ranging from 9.75% to 11.25%, which range was selected based on the weighted average cost of capital of the Company (utilizing the cost of equity as determined by the capital asset pricing model).  Although UBS considered the impact of the Company's net operating loss carryforwards (NOLs), UBS determined that the net effect of tax assets, such as NOLS, and liabilities was not significant enough to impact its analysis.  This was due, in part, to the annual limitation on NOL usage and the potential negative tax impact arising from the Company's bilateral advance pricing agreement between the U.S. and South Korea.

*The following disclosure supplements and restates the chart appearing on page 43 of the Definitive Proxy Statement.*

| | Enterprise Value/ EBITDA | | | P/E | |
|---|---|---|---|---|---|
| | LTM | 2015E | 2016E | 2015E | 2016E |
| *US & Canada Light Vehicle OEM Suppliers* | | | | | |
| Delphi Automotive | 10.3x | 9.9x | 8.8x | 14.8x | 12.5x |
| BorgWarner | 8.5x | 9.4x | 8.2x | 16.7x | 13.9x |
| Federal-Mogul Corporation | 7.5x | 7.3x | 6.1x | 15.4x | 10.0x |
| Magna International | 6.4x | 7.2x | 6.5x | 12.2x | 10.1x |
| Lear Corporation | 6.9x | 6.3x | 5.8x | 10.8x | 9.5x |
| Tenneco Inc. | 5.6x | 5.5x | 4.9x | 11.6x | 9.9x |
| Dana Corporation | 5.2x | 5.3x | 4.9x | 9.3x | 8.1x |
| Metaldyne Performance Group Inc. | 6.0x | 5.6x | 5.4x | 9.6x | 9.1x |
| American Axle & Manufacturing Holdings, Inc. | 5.4x | 5.1x | 4.9x | 7.3x | 7.0x |
| Tower International | 4.8x | 5.1x | 4.6x | 8.5x | 8.7x |
| Mean | 6.7x | 6.7x | 6.0x | 11.6x | 9.9x |
| Median | 6.2x | 5.9x | 5.6x | 11.2x | 9.7x |
| | | | | | |
| *US & Canada Comm. Vehicle OEM Suppliers* | | | | | |
| Stoneridge, Inc. | 8.8x | 7.7x | 6.2x | 14.3x | 10.8x |
| Cummins Inc. | 8.0x | 7.4x | 6.7x | 12.9x | 11.6x |
| Meritor, Inc. | 6.7x | 6.7x | 6.1x | 9.0x | 7.5x |
| Accuride International | 6.0x | 5.3x | 5.1x | 14.2x | 8.4x |
| Commercial Vehicle Group, Inc. | 6.1x | 5.1x | 4.5x | 11.2x | 8.6x |
| Modine Manufacturing Company | 4.9x | 4.8x | 4.3x | 13.6x | 11.8x |
| Mean | 6.7x | 6.2x | 5.5x | 12.5x | 9.8x |
| Median | 6.4x | 6.0x | 5.6x | 13.2x | 9.7x |
| | | | | | |
| *Aftermarket Parts Suppliers* | | | | | |
| Dorman Products, Inc. | 10.5x | 10.0x | 8.7x | 17.8x | 15.4x |
| Standard Motor Products, Inc. | 8.0x | 7.7x | 6.9x | 13.5x | 11.9x |
| Motorcar Parts of American, Inc. | 8.2x | 7.3x | 6.5x | 14.2x | 12.6x |
| Mean | 8.9x | 8.3x | 7.4x | 15.2x | 13.3x |
| Median | 8.2x | 7.7x | 6.9x | 14.2x | 12.6x |
| | | | | | |
| Overall Mean | 7.0x | 6.8x | 6.1x | 12.5x | 10.4x |
| Overall Median | 6.7x | 6.7x | 6.1x | 12.9x | 10.0x |
| | | | | | |
| Company @ Offer Price of $29.50 (3/31/15A)* | 9.2x | 9.1x | 7.5x | 14.2x | 13.7x |
| Company @ Offer Price of $29.50 (I/B/E/S 3/31/15A)* | 9.2x | 9.4x | 7.9x | 13.9x | 13.7x |
| Company @ Offer Price of $29.50 (6/30/15E)**† | 10.1x | 9.1x | 7.5x | 14.2x | 13.7x |

_____
*3/31/15A Enterprise Value assumes, among other things, (i) 32.0 million shares of Company common stock outstanding, (ii) $331.3 million in Company debt outstanding and (iii) $87.3 million in Company cash.

**6/30/15E Enterprise Value assumes, among other things, (i) 32.0 million shares of Company common stock outstanding, (ii) $349.5 million in Company debt outstanding and (iii) $102.4 million in Company cash.

†6/30/15 EBITDA projections are the 6/30/15 Adjusted EBITDA projections provided by Company management. Please see "The Merger—Certain Company Forecasts" on page 45 of this proxy statement for further information regarding these projections.

*The following disclosure supplements and restates the first chart appearing on page 44 of the Definitive Proxy Statement.*

| Announcement Date | Acquirer | Target | Enterprise Value ($mm) | Enterprise Value / LTM | |
|---|---|---|---|---|---|
| | | | | Sales | EBITDA |
| February 2015 | MAHLE GmbH | Delphi Automotive (Thermal division) | 727 | 0.5x | 9.5x |
| December 2014 | Hahn & Co. / Hankook Tire Co. | Halla Visteon Climate Control Corp. (70% stake) | 5,143* | 1.0x* | 10.1x* |
| September 2014 | ZF Friedrichshafen AG | TRW Automotive | 13,500 | 0.8x | 7.6x |
| October 2012 | American Securities LLC | HHI Group Holdings LLC | 722 | 0.8x | 5.1x |
| November 2010 | Rank Group Ltd. | UCI International Ltd. | 971 | 1.0x | 6.0x |
| November 2009 | Faurecia | EMCON Technologies | 570 | 0.2x | 7.3x |

\*Represents a transaction value for a 100% stake in Visteon's HVCC business. Hahn & Co. acquired a 70% stake in Visteon's HVCC business for approximately $3.6 billion.

*The following disclosure supplements and restates the first paragraph under – **Miscellaneous** appearing on page 45 of the Definitive Proxy Statement.*

Under the terms of UBS' engagement, the Company agreed to pay UBS for its financial advisory services in connection with the merger an aggregate fee currently estimated to be approximately $8.6 million, a portion of which has been paid in connection with UBS' opinion and approximately $7.6 million of which is contingent upon consummation of the merger. In addition, the Company agreed to reimburse UBS for its reasonable expenses, including fees, disbursements and other charges of counsel, and to indemnify UBS and related parties against liabilities, including liabilities under federal securities laws, relating to, or arising out of, its engagement. In the past, UBS and its affiliates have provided investment banking and financial advisory services to the Company unrelated to the merger, for which UBS and its affiliates received compensation, including having acted as financial advisor to the Company in its 2014 transaction with Fidelity National Financial, Inc. and Joint Lead Arranger and Bookrunner in the refinancing of the Company's debt facility in 2013, for which UBS received aggregate fees of approximately $1.0 million and $0.45 million, respectively. In the ordinary course of business, UBS and its affiliates may hold or trade, for their own accounts and the accounts of their customers, securities of the Company and Parent and, accordingly, may at any time hold a long or short position in such securities. UBS has neither performed services for nor collected any fees from Parent since January 1, 2013.

### The Merger—Background to the Merger

*The following disclosure supplements the last paragraph under – **Background to the Merger** appearing on page 35 of the Definitive Proxy Statement.*

Other than for the events described in the section of the Definitive Proxy Statement entitled "Background to the Merger", at no time during the two-year period immediately prior to July 12, 2015 did any potential acquirer of the Company either express to the Company's board of directors or senior management a serious interest in acquiring the Company or enter into a non-disclosure agreement with the Company in connection with a potential acquisition by such person of the Company.  As of both the date of filing of the Definitive Proxy Statement and the date of the filing of this supplemental disclosure,  neither the Company nor any of its subsidiaries is party to an agreement with any person, other than H Partners, that would preclude such person from making an offer to acquire the Company that is superior to the Merger contemplated by the Merger Agreement.

The Board is not aware of any discussions having taken place on or prior to July 12, 2015 between members of Company management, on the one hand, and Parent and/or its subsidiaries on the other hand, regarding the continued employment of such persons by the Company or any of its subsidiaries following the Merger.

### The Merger—Certain Company Forecasts

*EXHIBIT A*

*The following disclosure supplements the information set forth in the seventh paragraph under – **Certain Company Forecasts** appearing on page 47 of the Definitive Proxy Statement.*

The following table sets forth a reconciliation of Adjusted EBITDA as included in the Company financial forecasts to its most directly comparable U.S. GAAP measure: net income (loss) attributable to common stockholders.  Company management typically does not prepare projections for net income (loss) attributable to common stockholders when preparing internal projections and did not prepare any such projections as part of the Company financial forecasts.  However, net income (loss) attributable to common stockholders as set forth in the table below has been prepared on the basis of data used by the Company in preparing the Company financial forecasts.  All amounts in the table below are in millions unless otherwise specified.

| | LTM 6/30/2015E | FY2015E | FY2016E | FY2017E | FY2018E | FY2019E |
|---|---|---|---|---|---|---|
| **Net Income** | 12.8 | 44.7 | 36.9 | 61.4 | 65.8 | 69.5 |
| Interest | 18.6 | 17.7 | 21.9 | 21.6 | 21.4 | 21.2 |
| Taxes | 0.7 | 12.3 | 24.0 | 26.7 | 28.9 | 34.3 |
| Restructuring& Impairment (1) | 3.4 | 0.6 | 5.0 | 0.0 | 0.0 | 0.0 |
| Depreciation & Amortization | 74.3 | 70.9 | 71.2 | 61.6 | 61.6 | 61.6 |
| Other Adjustments(2) | 7.8 | (15.2) | 0.0 | 0.0 | 0.0 | 0.0 |
| **Adjusted EBITDA** | 117.6 | 131.0 | 159.0 | 171.3 | 177.7 | 186.6 |

Notes:

(1) This line item includes adjustments related to the Company's proposed consolidation of its aftermarket production for North America at a new facility located in Mexico on the Mexico/Texas border.  With respect to the column of this table entitled "LTM 6/30/2015E", this line item additionally includes the actual restructuring and impairment charges described in the Company's Quarterly Reports on Form 10-Q for the quarters ended March 31, 2015 and June 30, 2015.

(2) "Other Adjustments" includes an aggregate assumed amount for miscellaneous adjustments for fiscal year 2015, but not for fiscal years 2016 through 2019, such as stock-based compensation expenses, litigation settlements and related legal fees, the net-impact of one-time core settlements with customers, purchase accounting finished goods inventory step-up costs related to the Company's March 1, 2015 acquisition of Maval Manufacturing, Inc. and fees related to the December 31, 2014 reorganization transaction.  Specific adjustment amounts were not assumed  for any such individual item.

Set forth below is a derivation of unlevered free cash flow from Adjusted EBITDA. All amounts in the table below are in millions unless otherwise specified:

*EXHIBIT A*

| | 2H2015E(1) | FY2016E | FY2017E | FY2018E | FY2019E |
|---|---|---|---|---|---|
| **Adjusted EBITDA** | **80.3** | **159.0** | **171.3** | **177.7** | **186.6** |
| *less Depreciation and Amortization(2)* | *(20.4)* | *(47.7)* | *(47.7)* | *(47.7)* | *(47.7)* |
| **Adjusted EBITDA Less Adjusted Depreciation and Amortization** | **59.9** | **111.3** | **123.6** | **130.0** | **138.9** |
| *less Taxes(3)* | *(19.8)* | *(36.7)* | *(40.8)* | *(42.9)* | *(45.8)* |
| **After-Tax Adjusted EBITDA Less Adjusted Depreciation and Amortization** | **40.1** | **74.6** | **82.8** | **87.1** | **93.1** |
| *plus Depreciation and Amortization* | *20.4* | *47.7* | *47.7* | *47.7* | *47.7* |
| *less Capital Expenditures* | *(19.4)* | *(28.0)* | *(26.0)* | *(25.0)* | *(28.0)* |
| *plus (Increase) / Decrease in Working Capital* | *(10.3)* | *(21.4)* | *(13.2)* | *(9.2)* | *(9.7)* |
| *less Other Restructuring Charge(4)* | *0.0* | *(5.0)* | *0.0* | *0.0* | *0.0* |
| **Unlevered Free Cash Flows** | **30.8** | **67.9** | **91.3** | **100.6** | **103.1** |

Notes:

(1) Each of the figures in this column is calculated by subtracting the applicable actual figure for the months of January 2015 through and including May 2015, and applicable estimated figure for the month of June, 2015, from applicable estimated figure for the whole of fiscal year 2015, in each case as set forth in or incorporated into the first table set forth on page 47 of the Definitive Proxy Statement.

(2) Excludes estimated non-tax deductible depreciation and amortization related to the FNF reorganization transaction of $15.3 million for the second half of 2015, $23.5 million for fiscal year 2016, $13.9 million for fiscal year 2017, $13.9 million for fiscal year 2018 and $13.9 million for fiscal year 2019.

(3) Assumes a 33% tax rate.

(4) This line item includes adjustments related to the Company's proposed consolidation of its aftermarket production for North America at a new facility located in Mexico on the Mexico/Texas border.

# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JASON GARCIA, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | No. 1:15-cv-01385 TWP-TAB |
| REMY INTERNATIONAL, INC., JOHN J. PITTAS, DOUGLAS K. AMMERMAN, KARL G. GLASSMAN, LAWRENCE F. HAGENBUCH, CHARLES G. MCCLURE, ARIK W. RUCHIM, GEORGE P. SCANLON, J. NORMAN STOUT, JOHN H. WEBER, | |
| Defendants. | |

--------------------------------------------------------

| | |
|---|---|
| MAXINE PHILLIPS, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | No. 1:15-cv-01343-TWP-TAB |
| REMY INTERNATIONAL, INC., JOHN J. PITTAS, DOUGLAS K. AMMERMAN, KARL G. GLASSMAN, LAWRENCE F. HAGENBUCH, CHARLES G. MCCLURE, ARIK W. RUCHIM, GEORGE P. SCANLON, J. NORMAN STOUT, JOHN H. WEBER, | |
| Defendants. | |

--------------------------------------------------------

| | |
|---|---|
| STEPHEN BUSHANSKY, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | No. 1:15-cv-01361-TWP-TAB |
| v. | |
| REMY INTERNATIONAL, INC., JOHN J. PITTAS, DOUGLAS K. AMMERMAN, KARL G. GLASSMAN, LAWRENCE F. HAGENBUCH, CHARLES G. MCCLURE, | |

ARIK W. RUCHIM, GEORGE P. SCANLON,
J. NORMAN STOUT, JOHN H. WEBER,

    Defendants.

## NOTICE OF PENDENCY OF CLASS ACTIONS, PROPOSED SETTLEMENT, SETTLEMENT HEARING, AND RIGHT TO APPEAR

TO: ANY AND ALL RECORD AND BENEFICIAL HOLDERS OF REMY INTERNATIONAL, INC. ("REMY") COMMON STOCK, THEIR RESPECTIVE SUCCESSORS IN INTEREST, SUCCESSORS, PREDECESSORS IN INTEREST, PREDECESSORS, REPRESENTATIVES, TRUSTEES, EXECUTORS, ADMINISTRATORS, HEIRS, ASSIGNS OR TRANSFEREES, IMMEDIATE AND REMOTE, AND ANY PERSON OR ENTITY ACTING FOR OR ON BEHALF OF, OR CLAIMING UNDER, ANY OF THEM, AND EACH OF THEM, TOGETHER WITH THEIR PREDECESSORS AND SUCCESSORS AND ASSIGNS, WHO HELD REMY COMMON STOCK AT ANY TIME BETWEEN AND INCLUDING JULY 13, 2015 AND NOVEMBER 10, 2015.

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS LITIGATION. IF THE COURT APPROVES THE PROPOSED SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE FAIRNESS, REASONABLENESS AND ADEQUACY OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE SETTLED CLAIMS (DEFINED HEREIN).

SPECIAL NOTICE TO PERSONS OR ENTITIES HOLDING OWNERSHIP ON BEHALF OF OTHERS:

BROKERAGE FIRMS, BANKS AND OTHER PERSONS OR ENTITIES WHO WERE RECORD OWNERS OF REMY COMMON STOCK DURING THE PERIOD BEGINNING JULY 13, 2015 THROUGH AND INCLUDING NOVEMBER 10, 2015, FOR THE BENEFIT OF OTHERS, ARE REQUESTED TO PROMPTLY SEND THIS NOTICE TO THEIR RESPECTIVE BENEFICIAL OWNERS. ADDITIONAL COPIES FOR TRANSMITTAL TO BENEFICIAL OWNERS ARE AVAILABLE ON REQUEST DIRECTED TO:

[**INSERT NAME AND CONTACT INFORMATION OF NOTICE ADMINISTRATOR**]

## <u>SUMMARY OF THIS NOTICE AND DEFINITION OF THE CLASS</u>

This Notice, which is sent pursuant to the Federal Rule of Civil Procedure 23 and pursuant to an Order of the United States District Court for the Southern District of Indiana entered in the above-captioned actions (the "Actions"), describes the proposed settlement of a class action lawsuit against Remy International, Inc. ("Remy"), John J. Pittas, Douglas K. Ammerman, Karl G. Glassman, Lawrence F. Hagenbuch, Charles G. McClure, Arik W. Ruchim, George P. Scanlon, J. Norman Stout and John H. Weber (collectively, "Defendants") (Plaintiffs and Defendants are collectively referred to as the "Parties"), and describes the rights you have in the Actions pursuant to the proposed settlement (the "Settlement"), and what steps you may take, but are not required to take, in relation to the Settlement.

This Notice is sent by first class U.S. mail to any and all record and beneficial holders of Remy common stock, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held Remy common stock at any time between and including July 13, 2015 and November 10, 2015, but excluding Defendants, their subsidiaries or other affiliates, their assigns, members of their immediate families, officers of Remy, and the legal representatives, heirs, successors, or assigns of any such excluded person.

The purpose of this Notice is to advise you of the Settlement and that the settlement hearing will be held before the Honorable Tanya Walton Pratt on _____ at ____.m, United States District Court for the Southern District of Indiana, Birch Bayh Federal Building & U.S. Courthouse, 46 East Ohio Street, Indianapolis, IN 46204 (the "Hearing").

The purposes of the Hearing are to determine whether the Court should: (a) approve the proposed Settlement of the Actions as fair, reasonable, adequate and in the best interest of the Class; (b) enter the Order and Final Judgment provided for in the Stipulation; (c) certify the Actions as a non-opt-out class; (d) certify Jason Garcia, Maxine Phillips and Stephen Bushansky ("Plaintiffs") as Representatives of the Class and certify Brodsky & Smith, LLC, WeissLaw, LLP, and Faruqi & Faruqi, LLP (collectively "Plaintiffs' Counsel") as Co-Lead Counsel for the Class; (e) consider the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses to be paid by Remy and/or its insurance carrier; and (f) rule on such other matters as the Court may deem appropriate.

THIS NOTICE IS NOT AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES. THE FOLLOWING DESCRIPTION OF THE ACTION HAS BEEN PROVIDED BY THE PARTIES. IT DOES NOT CONSTITUTE FINDINGS BY THE COURT.

1.     On July 13, 2015, Remy and announced it had signed a definitive agreement to be acquired by BorgWarner Inc. ("Borg Warner") pursuant to which Remy shareholders would receive $29.50 in cash in exchange for each share of Remy common stock (the "Merger").

2.     On August 3, 2015, Remy filed with the United States Securities and Exchange Commission ("SEC") a Preliminary Proxy Statement on Schedule 14A (the "Preliminary Proxy"), relating to the Merger which was distributed to Remy shareholders.  Thereafter, on August 18, 2015, Remy filed with the United States Securities and Exchange Commission ("SEC") a Definitive Proxy Statement on Schedule 14A (the "Definitive Proxy"), relating to the Merger which was also distributed to Remy shareholders.

3.     Following the filing and distribution of the Preliminary Proxy, three putative class actions were filed by certain shareholders of Remy alleging, among other things, that the Defendants had violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 and

Rule 14a-9 promulgated thereunder:  (1) *Maxine Phillips v. Remy International*, et al., No. 1:15-cv-1343 (SD. Ind.) (the "*Phillips* Action"); (2) *Jason Garcia v. Remy International, et al.*, No. 1:15-cv-01385 (S.D. Ind.) (the "*Garcia* Action"); and (3) *Stephen Bushansky v. Remy International, et al.*, No. 1:15-cv-1361 (S.D. Ind.) (the "*Bushansky* Action, and collectively with the *Phillips* Action and the *Garcia* Action, the "Actions").

4.      On August 31, 2015, following a review and analysis of the Preliminary and Definitive Proxies and other public filings related to the Merger after consultation with their retained financial expert, counsel for Plaintiffs sent a written settlement demand to Defendants.

5.      In early September 2015, counsel for the Parties began engaging in arms'-length negotiations concerning a possible resolution of the Actions, including the negotiation of various supplemental disclosures that Plaintiffs and their counsel demanded that Defendants file with the SEC sufficiently in advance of the Remy shareholders meeting to approve the Merger.

6.      On September 11, 2015, counsel for the Parties reached an agreement in principle concerning a proposed settlement of the Actions and, through their respective counsel, executed a Memorandum of Understanding (the "MOU") memorializing the in-principle settlement on terms and conditions substantially similar to those set forth below and attached, as Exhibit A to the MOU, certain additional disclosures to be made by Remy in a Form 8-K to be filed with the SEC (the "Supplemental Disclosures").  On September 14, 2015, Remy filed with the SEC a Form 8-K containing the Supplemental Disclosures.

7.      On September 22, 2015, Remy's stockholders voted to approve the Merger Agreement and the Merger (the "Special Meeting").

8.      The Merger was consummated on November 10, 2015.

9.      All Parties recognize the time and expense that would be incurred by further litigation of the Actions and the uncertainties inherent in such litigation.

10.     On July 19, 2016, counsel for the Parties executed a copy of the Stipulation.

11.     On _____, 2016, the Court entered the Preliminary Approval Order.

## SUMMARY OF SETTLEMENT

Counsel for Plaintiffs has conducted a thorough investigation of the claims and allegations asserted in the Actions, as well as the underlying events and transactions relevant to the Actions, including:  (1) review of confidential, non-public documents as well as public documents, including the Company's SEC filings, minutes of meetings of the Company's Board of Directors and financial presentations by the Company's financial advisor, UBS Securities LLC ("UBS"); and (2) a deposition of Vijay Kumra, a representative of UBS, Remy's financial advisor in connection with the Merger.

In evaluating the Settlement, Plaintiffs and their counsel have considered:  (1) the benefits to the members of the Class (as defined below) from the Settlement; (2) the facts developed during discovery; (3) the attendant risks of continued litigation and the uncertainty of the outcome of this Actions; (4) the probability of success on the merits and the allegations contained in the Actions, including the uncertainty related to the proof of those allegations; (5) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation; and (6) the conclusion of counsel for Plaintiffs that the terms and conditions of the Settlement are fair, reasonable and adequate.

Defendants have denied, and continue to deny, that they have committed or aided and abetted in the commission of any violation of law of any kind or engaged in any of the wrongful acts alleged in the Actions, or that any additional disclosures (including the Supplemental

Disclosures) were required under applicable rule, regulation, statute or law.  The Individual Defendants expressly maintain that they have diligently and scrupulously complied with their fiduciary and other legal duties.  Defendants are entering into this Stipulation solely to eliminate the burden and expense that would be incurred by further litigation.

Accordingly, Plaintiffs and Defendants entered into a Stipulation of Settlement dated as of July 19, 2016.  The terms of the agreement will go into effect only if approved by the Court. The principal terms, conditions and other matters that are part of the proposed Settlement are summarized below.  This summary should be read in connection with, and is entirely qualified by reference to, the text of the Stipulation filed with the Court.  Among other things, the Stipulation provides that:

1.      Counsel for Plaintiffs and counsel for Defendants conferred on the Supplemental Disclosures contained in Exhibit A, and Defendants agreed to and did in fact include such Supplemental Disclosures in the Settlement 8-K, which was publicly filed with the SEC on September 14, 2015, prior to the September 22, 2015 Special Meeting at which Remy's stockholders voted in favor of the Merger.  While continuing to deny any liability or wrongdoing, Defendants acknowledge that they included the Supplemental Disclosures described in the Settlement 8-K solely due to the efforts of counsel for Plaintiffs, including the filing, pendency and prosecution of the Actions and the issues raised therein by Plaintiffs.

2.      Plaintiffs and their counsel acknowledge that they have reviewed the Supplemental Disclosures and deem them an adequate basis for settling the Actions.  Neither Plaintiffs nor their counsel has sought or will seek additional disclosures as a condition of this Settlement.

3.      For purposes of implementation, approval, and consummation of the Settlement only, the Parties stipulate, subject to Court approval, to the certification of the Class pursuant to Federal Rule of Civil Procedure 23 as a non-opt-out class action.

4.      Remy and/or its insurance carrier will pay attorneys' fees and expenses to Plaintiffs' Counsel in an amount awarded by the Court in the Actions up to $400,000 in attorneys' fees plus up to $15,000 in expenses.

## DISMISSAL OF THE ACTION

If the Settlement, as provided for in the Stipulation, is approved by the Court, the Parties shall jointly request that the Court sign the Order and Final Judgment in the Actions.  The Order and Final Judgment shall, among other things:

(i)      certify the Actions as a non-opt-out class pursuant to Federal Rule of Civil Procedure 23, and certify Jason Garcia, Maxine Phillips and Stephen Bushansky as the Representatives of the Class, and his counsel Brodsky & Smith, LLC, WeissLaw, LLP, and Faruqi & Faruqi, LLP as Plaintiffs' Co-Lead Counsel for the Class;

(ii)      approve the Settlement, adjudging its terms to be fair, reasonable, adequate, and in the best interests of the Class, and directing consummation of the terms and provisions of the Settlement;

(iii)      dismiss the Actions with prejudice and on the merits, and without costs (except as provided below), as against any and all Defendants;

(iv)      permanently enjoin the prosecution of all Settled Claims (defined below);

(v)      award to Plaintiffs' Counsel such fees and expenses as the Court may deem reasonable (not to exceed $400,000 plus up to $15,000 in expenses);

(vi)    release Plaintiffs, members of the Class and their counsel, from all claims arising out of the institution, prosecution, settlement or resolution of the Actions, provided however, that Plaintiffs' and Plaintiffs' Counsel retain the right to enforce the terms of the Stipulation;

(viii)   dismiss the Actions with prejudice as to (i) Remy, John J. Pittas, Douglas K. Ammerman, Karl G. Glassman, Lawrence F. Hagenbuch, Charles G. McClure, Arik W. Ruchim, George P. Scanlon, J. Norman Stout and John H. Weber; (ii) any person or entity that is, was, or will be related to or affiliated with any of the persons or parties referred to in the preceding clause or in which any such person or party has, had, or will have a controlling interest; and (iii) the respective past, present or future insurers, reinsurers, family members, spouses, and heirs, as well as the respective past or present trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, shareholders, shareholders, principals, officers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, and associates, of any of the persons or parties referred to in the preceding clauses (i) and (ii) (collectively, "Released Parties") and against Plaintiffs and all other members of the Class on the merits and, except as provided in the Stipulation, without costs, and fully, finally and forever, on behalf of the Class and each Class Member (collectively, "the Releasing Parties"); and

(ix)      releases and fully and completely discharges and dismisses with prejudice and on the merits: all claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (as defined in the Stipulation), that any or all Plaintiffs or any or all members of the Class ever had, now have, or may have, or otherwise could, can, or might assert, whether direct, derivative, individual, class, representative, legal, equitable, or of any other type or in any other capacity, against any of the Released Parties (as defined above), whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, directly or indirectly, in the Actions, including, without limitation, any and all claims that are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Merger or the Merger Agreement, or any term, element or condition of the Merger or Merger Agreement, (ii) any actions, deliberations, or negotiations in connection with the Merger or the Merger Agreement, including the process of deliberation or negotiation by Remy and any of its respective officers, directors, or advisors, (iii) the consideration offered, paid or to be received by any Released Person or by any Remy

shareholders in connection with the Merger, (iv) the Definitive Proxy including any amendments

thereto, and any other disclosures, public filings, periodic reports, press releases, registration

statements, proxy statements, or other statements issued, made available or filed relating, directly

or indirectly, to the Merger or the Merger Agreement, (v) the fiduciary obligations of the

Released Parties in connection with the Merger, (vi) any stockholder vote in connection with the

Merger, or (vii) the fees, expenses, or costs incurred in prosecuting, defending, or settling the

Actions, provided, however, that the Released Claims shall not (i) include claims by the parties

to enforce the terms of the Stipulation, the Settlement, or the MOU or any claims pertaining to

any possible material misrepresentations or omissions in any document, statement or filing by

Remy unrelated to the Merger, and (ii) shall not include any properly perfected claims for

appraisal pursuant to 8 *Del. C.* § 262.

## INTERIM INJUNCTION

Pending final determination of whether the Settlement should be approved, Plaintiffs and

all members of the Class, or any of them, either directly, representatively, derivatively, or in any

other capacity, are barred and enjoined from commencing, prosecuting, maintaining, instigating,

or in any way participating in or promoting the commencement or prosecution of any action

relating, directly or indirectly, to any Settled Claims (defined above) against any of the Released

Parties (defined above).

## PLAINTIFFS' ATTORNEYS' FEES AND EXPENSES

As part of the Settlement, Remy has agreed to pay on behalf of all Defendants, subject to

and in the amount approved by the Court, up to $400,000 in full settlement of Plaintiffs' claim

for attorneys' fees and up to $15,000 in reimbursement of Plaintiffs' expenses.

## <u>NOTICE OF HEARING ON THE SETTLEMENT AND YOUR RIGHT TO OBJECT</u>

The Hearing shall be held before the Court on _____ at \_\_.m.  The Court may

adjourn the Hearing (including consideration of the application for an award of attorneys' fees

and expenses) without further notice to the Class other than by announcement at the Hearing.

The Court may also approve the Settlement at or after the Hearing with such modification(s) as

may be consented to by all Parties to the Stipulation and without further notice to the Class.

You need not take any action unless, and only if, you object to the settlement, the entry of

the Order and Final Judgment, or the request for attorney's fees and the expenses made by

Plaintiffs' Counsel.

Any member of the Class who objects to: (i) the Settlement; (ii) dismissal of the Actions;

(iii) the Order and Final Judgment to be entered in the Actions; and/or (iv) Plaintiffs' Counsel's

application for fees and reimbursement of expenses in the Actions; or who otherwise wishes to

be heard, may appear in person or by their attorney at the Hearing and present evidence or

argument that may be proper and relevant; provided, however, that, except for good cause

shown, no person other than counsel for the named Plaintiffs and Defendants in the Actions shall

be heard, and no papers, briefs, pleadings or other documents submitted by any such person shall

be received and considered by the Court, unless, no later than ten business days prior to the

Hearing, such person files with the Court and serves upon counsel listed below copies of (a) a

notice of intention to appear, (b) proof of membership in the Class, (c) a list of all cases in which

objector has objected to a class action settlement (listing name of case, docket number and

jurisdiction) in the last five years; (d) a written statement of such person's objections to any

matters before the Court and the grounds for such objections, and reasons that such person

desires to appear and be heard. Such filings shall be served upon the following counsel:

If to Defendants:

Anne N. DePrez
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Phone: 317-236-1313
Facsimile: 317-231-7433
anne.deprez@btlaw.com

If to Plaintiffs:

Evan J. Smith
BRODSKY & SMITH, LLC
Two Bala Plaza, Suite 510
Bala Cynwyd, PA 19004
(610) 667-6200 (phone)
(610) 667-9029 (fax)
esmith@brodsky-smith.com

Unless the Court otherwise directs, no member of the Class shall be entitled to object to approval of the Settlement, any judgment entered thereon, or any award of attorneys' fees and expenses to Plaintiffs' Counsel, or otherwise be heard, except by serving and filing written objections and supporting papers as described above. Any person who fails to object in the manner provided above shall be deemed to have waived the right to object and shall forever be barred from making any such objection in this Actions or in any other action or proceeding.

## <u>SCOPE OF THIS NOTICE</u>

This Notice is not all-inclusive. The references in this Notice to the pleadings in the Actions, the Stipulation and other papers and proceedings are only summaries and do not purport to be comprehensive. For the full details of the Actions, the claims that have been asserted by the Parties, and the terms and conditions of the Settlement, including a complete copy of the Stipulation, you may want to review the Court files in the Actions. You may examine the files on any weekday during regular business hours at the Office of the Clerk, United States District

Court for the Southern District of Indiana, Birch Bayh Federal Building & U.S. Courthouse, 46

East Ohio Street, Indianapolis, IN 46204.

## **INQUIRIES**

Any questions you or your counsel have concerning this Notice should be directed to

Plaintiffs' Counsel.  PLEASE DO NOT CALL THE CLERK OR THE JUDGE.

Dated: _____, 2016

EXHIBIT "C"

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JASON GARCIA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REMY INTERNATIONAL, INC., JOHN J. PITTAS, DOUGLAS K. AMMERMAN, KARL G. GLASSMAN, LAWRENCE F. HAGENBUCH, CHARLES G. MCCLURE, ARIK W. RUCHIM, GEORGE P. SCANLON, J. NORMAN STOUT, JOHN H. WEBER,<br><br>Defendants. | No. 1:15-cv-01385 TWP-TAB |

--------------------------------------------------------

| | |
|---|---|
| MAXINE PHILLIPS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REMY INTERNATIONAL, INC., JOHN J. PITTAS, DOUGLAS K. AMMERMAN, KARL G. GLASSMAN, LAWRENCE F. HAGENBUCH, CHARLES G. MCCLURE, ARIK W. RUCHIM, GEORGE P. SCANLON, J. NORMAN STOUT, JOHN H. WEBER,<br><br>Defendants. | No. 1:15-cv-01343-TWP-TAB |

--------------------------------------------------------

| | |
|---|---|
| STEPHEN BUSHANSKY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REMY INTERNATIONAL, INC., JOHN J. PITTAS, DOUGLAS K. AMMERMAN, KARL G. GLASSMAN, LAWRENCE F. HAGENBUCH, CHARLES G. MCCLURE, | No. 1:15-cv-01361-TWP-TAB |

ARIK W. RUCHIM, GEORGE P. SCANLON,
J. NORMAN STOUT, JOHN H. WEBER,

                    Defendants.

## ORDER AND FINAL JUDGMENT

WHEREAS, the Stipulation of Settlement, effective as of July 19, 2016 (the "Stipulation"), in the above-captioned class actions (the "Actions"), and the settlement contemplated thereby (the "Settlement") was presented to the Court at the settlement hearing held on _____, 2016 (the "Settlement Hearing"), pursuant to the Order entered herein on _____, 2016 (the "Preliminary Approval Order");

WHEREAS, the Stipulation was joined and consented to by all parties to the Actions, by and through their counsel, and (along with the defined terms therein) is incorporated herein by reference;

WHEREAS, pursuant to the Preliminary Approval Order, this Court preliminarily certified the Class (as defined below);

WHEREAS, the Notice of Pendency of Class Actions, Proposed Settlement, Settlement Hearing and Right to Appear (the "Notice") has been disseminated to the Class in accordance with the Preliminary Approval Order; and

WHEREAS, the Court, having heard and considered the evidence in support of the proposed Settlement at the Settlement Hearing; the attorneys for their respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard; the Court having determined that Notice to the stockholders of Remy International, Inc. ("Remy") and the Class was full, adequate and sufficient; and the entire matter of the Settlement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this ___ day of _____, 2016, that:

1.       The Court has jurisdiction over the subject matter of the Actions, the Plaintiff, all Class members, and the Defendants.

2.       Based on the record in the Actions, each of the provisions of Federal Rule of Civil Procedure 23 has been satisfied and the Actions has been properly maintained according to the Federal Rules of Civil Procedure.  Specifically, this Court finds that (a) the Class is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the Class, (c) the claims of Plaintiff are typical of the claims of the Class and (d) Plaintiff and counsel for Plaintiff have fairly and adequately protected the interests of the Class.

3.       The Actions is certified as a non-opt-out class that includes any and all record and beneficial holders of Remy common stock, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held Remy common stock at any time between and including July 13, 2015 and November 10, 2015, but excluding Defendants, their subsidiaries or other affiliates, their assigns, members of their immediate families, officers of Remy, and the legal representatives, heirs, successors, or assigns of any such excluded person (the "Class").  Jason Garcia, Maxine Phillips and Stephen Bushansky (collectively, "Plaintiffs") are permanently certified as Representatives of the Class, and it is found that the Representatives were adequately represented by Brodsky & Smith, LLC, WeissLaw, LLP and Faruqi & Faruqi, LLP ("Plaintiffs'

Counsel") as Co-Lead Counsel for the Class, and that the Representatives fairly and adequately protected the interests of the Class.

4.      On or before _____, 2016, the Notice was disseminated to the Class as provided for in the Preliminary Approval Order, and proof of mailing of the Notice was filed with the Court.  The form and manner of notice given to the Class is hereby determined to have been the best notice practicable under the circumstances, to have been given in full compliance with the requirements of due process and Federal Rule of Civil Procedure 23, and to constitute full and adequate notice to the Class.

5.      All members of the Class are bound by the Order and Final Judgment entered herein, as full and adequate notice of the proceedings was given and as a full opportunity to be heard was provided to all parties to the Actions, all members of the Class and all persons in interest.

6.      The Settlement and all transactions preparatory or incident thereto are found to be fair, reasonable, adequate and in the best interests of the Class, and it is hereby approved.  The parties to the Stipulation are authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Order and Final Judgment in the Actions.

7.      This Order and Final Judgment hereby dismisses the Actions with prejudice as to (i) Remy, John J. Pittas, Douglas K. Ammerman, Karl G. Glassman, Lawrence F. Hagenbuch, Charles G. McClure, Arik W. Ruchim, George P. Scanlon, J. Norman Stout and John H. Weber; (ii) any person or entity that is, was, or will be related to or affiliated with any of the persons or parties referred to in the preceding clause or in which any such person or party has, had, or will have a controlling interest; and (iii) the respective past, present or future insurers, reinsurers,

family members, spouses, and heirs, as well as the respective past or present trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, shareholders, shareholders, principals, officers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, and associates, of any of the persons or parties referred to in the preceding clauses (i) and (ii) (collectively, "Released Parties") and against Plaintiffs and all other members of the Class on the merits and, except as provided in the Stipulation, without costs, and fully, finally and forever, on behalf of the Class and each Class Member (collectively, "the Releasing Parties").

8.      This Order and Final Judgment also releases and fully and completely discharges and dismisses with prejudice and on the merits: all claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (as defined in the Stipulation), that any or all Plaintiffs or any or all members of the Class ever had, now have, or may have, or otherwise could, can, or might assert, whether direct, derivative, individual, class, representative, legal, equitable, or of

any other type or in any other capacity, against any of the Released Parties (as defined above), whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, directly or indirectly, in the Actions, including, without limitation, any and all claims that are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Merger or the Merger Agreement, or any term, element or condition of the Merger or Merger Agreement, (ii) any actions, deliberations, or negotiations in connection with the Merger or the Merger Agreement, including the process of deliberation or negotiation by Remy and any of its respective officers, directors, or advisors, (iii) the consideration offered, paid or to be received by any Released Person or by any Remy shareholders in connection with the Merger, (iv) the Definitive Proxy including any amendments thereto, and any other disclosures, public filings, periodic reports, press releases, registration statements, proxy statements, or other statements issued, made available or filed relating, directly or indirectly, to the Merger or the Merger Agreement, (v) the fiduciary obligations of the Released Parties in connection with the Merger, (vi) any stockholder vote in connection with the Merger, or (vii) the fees, expenses, or costs incurred in prosecuting, defending, or settling the Actions, provided, however, that the Released Claims shall not (i) include claims by the parties to enforce the terms of the Stipulation, the Settlement, or the MOU or any claims pertaining to any possible material misrepresentations or

omissions in any document, statement or filing by Remy unrelated to the Merger, and (ii) shall

not include any properly perfected claims for appraisal pursuant to 8 *Del. C.* § 262.

9.        This Order and Final Judgment hereby fully, finally and forever releases,

relinquishes and discharges all claims that Defendants, including any and all of their respective

successors in interest, predecessors, representatives, trustees, executors, administrators, heirs,

assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of,

or claiming under any of them, and each of them now have or may in the future have against

Plaintiffs Jason Garcia, Maxine Phillips and Stephen Bushansky, the Class, and Plaintiffs'

counsel from any and all claims arising out of or relating to their filing and prosecution of the

Actions; provided, however, that the release shall not include the right of the Defendants to

enforce the terms of the Stipulation and the Settlement.

10.      This Order and Final Judgment hereby enjoins the Releasing Parties from

commencing, instituting, or prosecuting any action or other proceeding, in any forum, asserting

any Released Claims against any of the Released Parties; provided, however, that the release of

Defendants shall not include Plaintiffs' and Plaintiffs' Counsel's rights to enforce the Settlement.

11.      This Order and Final Judgment shall not constitute or be construed to be an

admission of, or evidence of, the validity or lack of validity of the Released Claims, or of any

wrongdoing or liability of any party, or deemed to be or used as an admission of, or evidence of

any fault or omission of any party in any civil, criminal or administrative proceeding in any

Court, administrative agency or other tribunal.  The parties to this Settlement or any of them may

file this Order and Final Judgment and/or the Stipulation in any other action that may be brought

against them in order to support a defense or counterclaim based on principles of *res judicata*,

collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.    Plaintiffs' Counsel are hereby awarded fees and expenses in the amount of $_____, in connection with the Actions, which fees and expenses the Court finds to be fair and reasonable.  The effectiveness of this Order and Final Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs' Counsel's application for an award of attorneys' fees and expenses.

13.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

14.    Without affecting the finality of this Order and Final Judgment in any way, the Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement in accordance with the Stipulation.


SO ORDERED:

_____
Hon. Tanya Walton Pratt
United States District Judge

Dated: _____, 2016

EXHIBIT "D"

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JASON GARCIA, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | No. 1:15-cv-01385 TWP-TAB |
| REMY INTERNATIONAL, INC., JOHN J. PITTAS, DOUGLAS K. AMMERMAN, KARL G. GLASSMAN, LAWRENCE F. HAGENBUCH, CHARLES G. MCCLURE, ARIK W. RUCHIM, GEORGE P. SCANLON, J. NORMAN STOUT, JOHN H. WEBER, | |
| Defendants. | |

--------------------------------------------------------

| | |
|---|---|
| MAXINE PHILLIPS, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | No. 1:15-cv-01343-TWP-TAB |
| REMY INTERNATIONAL, INC., JOHN J. PITTAS, DOUGLAS K. AMMERMAN, KARL G. GLASSMAN, LAWRENCE F. HAGENBUCH, CHARLES G. MCCLURE, ARIK W. RUCHIM, GEORGE P. SCANLON, J. NORMAN STOUT, JOHN H. WEBER, | |
| Defendants. | |

--------------------------------------------------------

| | |
|---|---|
| STEPHEN BUSHANSKY, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | No. 1:15-cv-01361-TWP-TAB |
| REMY INTERNATIONAL, INC., JOHN J. PITTAS, DOUGLAS K. AMMERMAN, KARL G. GLASSMAN, LAWRENCE F. HAGENBUCH, CHARLES G. MCCLURE, | |

ARIK W. RUCHIM, GEORGE P. SCANLON,
J. NORMAN STOUT, JOHN H. WEBER,

Defendants.

## PRELIMINARY APPROVAL ORDER

Plaintiffs Jason Garcia, Maxine Phillips and Stephen Bushansky ("Plaintiffs") and

defendants Remy International, Inc. ("Remy"), John J. Pittas, Douglas K. Ammerman, Karl G.

Glassman, Lawrence F. Hagenbuch, Charles G. McClure, Arik W. Ruchim, George P. Scanlon,

J. Norman Stout and John H. Weber (collectively, "Defendants") (Plaintiffs and Defendants are

collectively referred to as the "Parties"), having applied for an Order approving the proposed

settlement (the "Settlement") of the above-captioned actions (the "Actions") and for a judgment

dismissing the Actions with prejudice and on the merits, in accordance with the terms and

conditions of the Stipulation of Settlement entered into by the Parties and dated July 19, 2016

(the "Stipulation"), which is incorporated herein by reference (along with the defined terms

therein) and which, together with the accompanying documents, sets forth the terms and

conditions for the proposed Settlement of the Actions.

The Court having reviewed and considered the Stipulation and the accompanying

documents, and all Parties having consented to the entry of this Order;

IT IS HEREBY ORDERED this ___ day of _____, 2016, that:

1. For purposes of the Settlement only, pending the Hearing (defined below), the

Court preliminarily, for purposes of this Order, finds and concludes that:

(a) the Actions shall proceed pursuant to Federal Rule of Civil Procedure 23

as a non-opt-out class that includes any and all record and beneficial holders of Remy

common stock, their respective successors in interest, successors, predecessors in interest,

predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held Remy common stock at any time between and including July 13, 2015 and November 10, 2015, but excluding Defendants, their subsidiaries or other affiliates, their assigns, members of their immediate families, officers of Remy, and the legal representatives, heirs, successors, or assigns of any such excluded person (the "Class");

> (b)     Plaintiffs Jason Garcia, Maxine Phillips and Stephen Bushansky are preliminarily certified as Representatives of the Class; and

> (c)     Plaintiffs' counsel Brodsky & Smith, LLC, WeissLaw, LLP and Faruqi & Faruqi, LLP are preliminarily certified as Co-Lead Counsel for the Class.

2.     A hearing shall be held before the Court on _____, 2016, at __.m. before this Court (the "Hearing"), for the purposes of determining whether the Court should:

> (a)     grant final approval of the proposed Settlement of the Actions on the terms and conditions provided for in the Stipulation;

> (b)     find that the Settlement is fair, reasonable, adequate and in the best interest of the Class, and enter the Order and Final Judgment provided for in the Stipulation;

> (c)     certify the Actions as a non-opt-out class action;

> (d)     certify Plaintiffs Jason Garcia, Maxine Phillips and Stephen Bushansky as Representatives of the Class;

> (e)     certify Plaintiffs' counsel Brodsky & Smith, LLC, WeissLaw, LLP and Faruqi & Faruqi, LLP as Co-Lead Counsel for the Class;

(f)      consider the application of Plaintiffs' counsel for an award of attorneys' fees and expenses to be paid by Remy and/or its insurance carrier; and

(g)      rule on such other matters as the Court may deem appropriate.

3.      The Court may adjourn the Hearing (including consideration of the application for an award of attorneys' fees and expenses) without further notice to the Class other than by announcement at the Hearing of the adjournment.  The Court may also approve the Settlement at or after the Hearing with such modification(s) as may be consented to by all Parties to the Stipulation and without further notice to the Class.

4.      The Court approves, in form and content, the Notice of Pendency of Class Actions, Proposed Settlement, Settlement Hearing and Right to Appear (the "Notice") attached as Exhibit C to the Stipulation and finds that mailing and distribution of the Notice substantially in the manner set forth in paragraph 5 of this Order meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute full and adequate notice to all persons entitled thereto.

5.      Within ten (10) days of the filing of the Stipulation of Settlement with the Court, Defendants shall serve notice of proposed Settlement upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711 *et seq*. ("CAFA").

6.      Not less than sixty (60) days before the Hearing, Remy shall be responsible for mailing a copy of the Notice to all members of the Class who were stockholders of record of Remy at any time during the Class Period (as shown on the stock records maintained by or on behalf of Remy).  Remy shall use reasonable best efforts to give notice to beneficial owners of Remy's common stock by making additional copies of the Notice available to any record holder

requesting the same for the purpose of distribution to beneficial owners.  The Notice shall be in writing and effected by first class U.S. mail.  Remy and/or its insurance carrier will pay all costs and expenses incurred in providing the Notice, including the printing and copying of the Notice.

7.   Not less than ten (10) days before the Hearing, Remy shall file with the Court an affidavit evidencing mailing of the Notice and service of the CAFA Notice with the Court.

8.   At the Hearing, any member of the Class who desires to do so may appear personally or by counsel, and show cause, if any, why the Settlement of Plaintiffs' claims in the Actions should not be approved as fair, reasonable, adequate and in the best interest of the Class, why judgment should not be entered dismissing Plaintiffs' claims asserted against Defendants on the merits and with prejudice against Plaintiffs, and the Class, as determined by the Court, or why the Court should not grant an allowance of fees and expenses to Plaintiffs' counsel for their services herein and expenses incurred; provided, however, that, except for good cause shown, no person other than counsel for the named Plaintiffs and Defendants in the Actions shall be heard and no papers or briefs submitted by any such person shall be received and considered by the Court, unless, no later than fourteen (14) business days prior to the Hearing, such person files with the Court and serves upon counsel listed below copies of (a) a notice of intention to appear, (b) proof of membership in the Class, and (c) a written statement of such person's objection(s) to any matters before the Court and the grounds for such objections, and reasons that such person desires to appear and be heard. Such filings shall be served upon the following counsel:

If to Defendants:

Anne N. DePrez
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Phone: 317-236-1313
Facsimile: 317-231-7433

If to Plaintiffs:

Evan J. Smith
**BRODSKY & SMITH, LLC**
Two Bala Plaza, Suite 510
Bala Cynwyd, PA 19004
(610) 667-6200 (phone)
(610) 667-9029 (fax)

Unless the Court otherwise directs, no member of the Class shall be entitled to object to approval of the Settlement, any judgment entered thereon, or any award of attorneys' fees and expenses to Plaintiffs' counsel, or otherwise be heard, except by serving and filing written objections and supporting papers as described above. Any person who fails to object in the manner provided above shall be deemed to have waived the right to object and shall forever be barred from making any such objection in this Actions or in any other action or proceeding.

9. The Parties shall file all papers in support of the Settlement and/or any application for an award of attorneys' fees and expenses no less than twenty-eight (28) days before the Hearing. The Parties shall file any Reply papers to any objections filed to the Settlement, the Order and Final Judgment to be entered in the Actions no less than seven (7) business days prior to the Hearing.

10. If the Settlement is approved by the Court following the Hearing, the judgment shall be entered in the form attached as Exhibit D to the Stipulation (the "Order and Final Judgment").

11. All proceedings in this Actions, except for such proceedings ordered by the Court with respect to approval of the Settlement, are stayed and suspended until further order of this Court, and no proceeding, except those incident to the Settlement, may be initiated. Pending final determination of whether the Settlement should be approved, Plaintiff and all members of the Class, either directly, representatively, derivatively, or in any other capacity, are barred and

enjoined from commencing, prosecuting, maintaining, instigating or in any way participating in promoting the commencement or prosecution of any action relating, directly or indirectly, to any Settled Claims against any Released Person.

12.     In the event that:  (a) the Court declines, in any respect (except for a disallowance or modification of the fees and expenses sought by Plaintiffs' Counsel), to enter the Order and Final Judgment provided for in the Stipulation and any one of the Parties hereto fails to consent to the entry of another form of order in lieu thereof; (b) the Court disapproves the Settlement proposed in the Stipulation, including any amendments thereto agreed upon by the Parties; or (c) the Court approves the Settlement proposed in the Stipulation or any amendment thereto approved by all of the Parties, but such approval is reversed or substantially modified on appeal and such reversal or modification becomes final by a lapse or time or otherwise; then, in any of such events, the Stipulation, the Settlement proposed therein (including any amendments thereof), any preliminary class certification herein, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become null and void and of no further force or effect, except for the obligation of Remy and/or its insurance carrier to pay for any expenses incurred in connection with providing the Notice as provided for in this Preliminary Approval Order.  In that event, neither the existence of or the provisions contained in the Stipulation nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be deemed to prejudice in any way the respective positions of Plaintiffs or Defendants, including the right of Defendants to oppose the certification of the Class or any class in any future proceedings.  Nor shall the existence of the provisions contained in the Stipulation be deemed a presumption, concession, or admission by Plaintiffs or Defendants of any fault, liability, or wrongdoing as to

any facts, claims, or defenses that have been or might have been alleged or asserted in the

Actions, or any other action or proceeding and it shall not be interpreted, construed, deemed,

invoked, offered, or received in evidence or otherwise used by any person in the Actions, or in

any other action or proceeding, whether civil, criminal, or administrative, except for any

litigation or proceeding arising out of or relating to the Stipulation, for any purpose other than as

provided expressly in the Stipulation.

13.     The Court retains jurisdiction over the Actions to consider all further matters

arising out of or connected with the Settlement.

SO ORDERED:

                                         _____
                                         Hon. Tanya Walton Pratt
                                         United States District Judge

                                         Dated: _____, 2016