# Exhibit 9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICK NICHTING,** | : | Consolidated Case No. 3:11-cv-141 |
| Individually And On Behalf Of All Others | : | |
| Similarly Situated, | : | Judge Timothy S. Black |
| | : | |
| Plaintiff, | : | |
| | : | |
| - v. - | : | |
| | : | |
| **DPL INC., et al.,** | : | |
| | : | |
| Defendants. | : | |

## ORDER AND FINAL JUDGMENT

The Stipulation of Settlement, dated November 2, 2011 (the "Stipulation"), of the above-captioned consolidated action (the "Action"), and the Settlement contemplated thereby (the "Settlement") having been presented at the Settlement Hearing on February 23, 2012, pursuant to the Order Preliminarily Approving Settlement, Approving Form and Method of Notice and Scheduling Settlement Hearing and Other Dates entered herein on November 8, 2011 (the "Preliminary Approval Order");

The Stipulation having been joined in and consented to by all parties to the Action and incorporated herein by reference (along with the defined terms therein);

The Court, having determined that notice of the Settlement Hearing was given to the Class in accordance with the Preliminary Approval Order and that said notice was adequate and sufficient; having heard the Parties' support for the Settlement as articulated by their attorneys of

record; having allowed all other persons an opportunity to be heard on this matter as provided in the notice; and having considered all matters related to this Settlement;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     The Notice of Pendency of Class Action, Preliminary Class Action Determination, Proposed Settlement of Class Action, Settlement Hearing and Right to Appear (the "Notice") has been given to the Class pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice to the Class has been filed with the Court and a full opportunity to be heard has been offered to all Parties, the Class and all other persons in interest. The Court finds and concludes that the form and manner of the Notice is the best notice practicable under the circumstances and fully complies with each of the requirements of Federal Rule of Civil Procedure 23, and it is further determined that all members of the Class are bound by the Order and Final Judgment herein.

2.     Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2) and 23(e), the Court certifies the Action as a class action for purposes of settlement only, on behalf of a non-opt out class consisting of all record and beneficial holders of common stock of DPL Inc. ("DPL" or the "Company") (excluding defendants in the Action and their immediate families) for the period from and including April 19, 2011 (the date prior to the public announcement of a definitive merger agreement whereby Dolphin Sub, Inc. ("Dolphin"), a wholly-owned subsidiary of The AES Corporation ("AES"), will be merged with and into DPL with DPL continuing as the surviving corporation (the "Merger")), through and including the effective date of the Merger, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any

person or entity acting for or on behalf of, or claiming under any of them, and each of them (the "Class").

        3.    The Court finds and concludes, for purposes of settlement only, that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been met:

        a.    The members of the Class are so numerous that separate joinder of each member is impracticable;

        b.    Plaintiffs' claims raise questions of law or fact common to the questions of law or fact raised by the claims of each member of the Class;

        c.    Plaintiffs' claims are typical of the claims of each member of the Class;

        d.    Plaintiff Patrick Nichting can fairly and adequately protect and represent the interests of each member of the Class; and

        e.    The prosecution of separate claims or defenses by or against individual members of the Class would create a risk of either (i) inconsistent or varying adjudications concerning individual members of the Class which would establish incompatible standards of conduct for Defendants or (ii) adjudications concerning individual members of the Class which would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the Class who are not parties to the adjudications to protect their interests; and the allegations regarding Defendants are generally applicable to all the members of the Class, thereby making final injunctive relief or declaratory relief concerning the Class as a whole appropriate.

4.     The Court finds and concludes that the Settlement is fair, reasonable, adequate, and in the best interests of DPL and the Class, and approves the Settlement and adopts the terms of the Stipulation for the purpose of this Order.

5.     This Final Judgment and Order shall not constitute any evidence or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to the Action and should not be deemed to create any inference that there is any liability therefor.

6.     The Action is hereby dismissed with prejudice as to the Defendants and against Plaintiffs and all other members of the Class on the merits and, except as provided in the Stipulation, without costs.

7.     Any and all claims, demands, rights, actions or causes of action, liabilities, damages, losses, costs, expenses, interest, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, accrued or unaccrued, apparent or unapparent, whether arising under federal, state, or foreign constitution, statute, regulation, ordinance, contract, tort, common law, equity, or otherwise, that have been, could have been, or in the future can or might be asserted in the Action or in any other court, tribunal or proceeding (including, but not limited to, any and all claims asserted in the State Court Actions and any other claims relating to alleged fraud, breach of any duty, negligence or violations of the federal or state securities laws) by or on behalf of Plaintiffs and any and all of the members of the Class and their respective successors and assigns (collectively, the "Releasing Persons"), whether individual, class, derivative, representative, legal, equitable or of any other type or asserted in any other capacity against any and all Defendants, and/or any of their respective direct and

indirect, past, present, and future, families, associates, parent entities, subsidiaries, affiliates, divisions, related entities, general or limited partners or partnerships, joint venturers or joint ventures, limited liability companies, members, officers, directors, shareholders, investors, representatives, employees, attorneys, financial or investment advisors, consultants, insurers, accountants, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, brokers, dealers, engineers, advisors, agents, heirs, executors, trustees, trustors, personal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Persons") which Plaintiffs or any of the other Releasing Persons ever had, now have, or hereafter can, shall or may have by reason of, arising out of, relating to or in connection with the facts, events, transactions, acts, matters, occurrences, statements, representations, alleged misrepresentations, alleged omissions or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, set forth or otherwise related, directly or indirectly, to the allegations that have been or could have been asserted in the Action, the deliberations and decision-making process of DPL's board of directors, the price offered in relation to the Merger, the Merger, or the Merger Agreement, or any disclosures made in connection with any of the foregoing (including the adequacy and completeness of such disclosures) (collectively, the "Settled Claims") are hereby fully, finally, and forever settled, released and the members of the Class are hereby barred from asserting in any jurisdiction or forum any and all Settled Claims; provided, however, that Settled Claims shall not include: (a) the right of Plaintiffs to enforce the terms of the Settlement or (b) any individual claims by DPL shareholders for appraisal under Ohio Revised Code Section 1701.85.

8.     Any and all claims by Defendants, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs,

assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, arising out of or relating to Plaintiffs and Plaintiffs' counsel's filing and prosecution of the Action and any Settled Claims are hereby released; provided, however, that Defendants shall retain the right to enforce the terms of the Settlement and to oppose or defend any appraisal rights of any Class member.

9.     The Releases provided for herein shall extend to claims that Plaintiffs, for themselves and on behalf of the Class, the Company and its shareholders, and AES and Dolphin, do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into the release. The Releasing Persons shall be deemed to waive any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, principle of common law or equity, or any other law or principle, which governs or limits a person's release of unknown claims. The Releasing Persons shall be deemed to relinquish, to the full extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

10.     The Releasing Persons shall be further deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, principle of common law, or any other law or principle, which is similar, comparable or equivalent to California Civil Code Section 1542. Plaintiffs, for themselves and on behalf of the Class, the Company and its shareholders, acknowledge that members of the Class and/or other Company shareholders may discover facts in addition to or different from those that they now

know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Plaintiffs and on behalf of the Class, the Company and its shareholders, and AES and Dolphin, to fully, finally and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

11. Neither Plaintiffs nor any member of the Class shall sue any Defendant or any other Released Person for any Settled Claim.

12. Plaintiffs' counsel are hereby awarded fees and expenses in the aggregate amount of $ *700,000.00* for their services in the Action, which award the Court finds to be fair and reasonable and which shall be paid to Plaintiffs' counsel by DPL or its successor in interest in accordance with the terms of the Stipulation.

13. The Court reserves jurisdiction, without affecting the finality of this Order and Final Judgment, over: (a) administration and implementation of the Settlement in accordance with the Stipulation; (b) enforcement of the orders, injunctions, and releases set forth herein; and (c) all other matters related or ancillary to the foregoing.


Dated: _2/24/12_

_Timothy S. Back_
UNITED STATES DISTRICT JUDGE

# Exhibit 10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JORDAN DENNEY,          )
                                )
            Plaintiff,     )     Civil Action No. 10-1154
                                )
        v.                )     Magistrate Judge Bissoon
                                )
DAVID E. WALLACE, *et al.*,    )
                                )
            Defendants.   )

## <u>ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND JUDGMENT</u>

This matter came before the undersigned for hearing, pursuant to the Preliminary Approval Order[1] dated June 27, 2011 (Doc. 49), on Plaintiff's unopposed Motion for Approval of the Settlement set forth in the Stipulation, and due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

     1.     This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including the members of the Settlement Class.

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms shall have the same meanings and/or definitions as set forth in the Stipulation and Agreement of Settlement dated June 7, 2011 ("Stipulation"), and filed with the Court on June 7, 2011. *See* Doc. 47.

2.      This Order Granting Final Approval of Settlement and Judgment incorporates and makes a part hereof:  (i) the Stipulation; and (ii) Court-approved Notice, which was filed with the Court as Exhibit C to the Stipulation.[2]

3.      The Notice of the Settlement given to the Settlement Class was the best notice practicable under the circumstances.  The Notice provided due and adequate notice of the Action and of the matters set forth in the Stipulation, including the Settlement, to all Persons entitled to such notices, and the Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and due process, and any other applicable law, statute, or rule.

4.      The Court finds that, in light of the Parties' agreement to settle the claims alleged in the Action, the Settlement Class preliminarily certified in the Preliminary Approval Order meets all of the requirements of Federal Rule of Civil Procedure 23 for the reasons set out in the Preliminary Approval Order.  Therefore, for purposes of settlement only, the Court hereby certifies a non-opt-out Settlement Class consisting of any and all record and beneficial holders of Superior Well common stock, their respective successors, predecessors, representatives, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held Superior Well common stock on any day during the period from August 12, 2010 to and including September 10, 2010, the effective date of consummation of the Transaction, but excluding Defendants and Defendants' affiliates.

---

[2]  For the purposes of this filing, "Judgment" means the instant ruling, not the Final Judgment Order entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, filed contemporaneously herewith.

5.      The Court finds the Settlement is in all respects fair, reasonable, and adequate with respect to the Settlement Class, and directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Stipulation, and hereby approves the Settlement as set forth in the Stipulation.

6.      The Court approves the amount of $475,000.00 for the payment of Plaintiff's attorneys' fees and expenses and directs such payment to be transferred in accordance with the terms and conditions set forth in the Stipulation.

7.      Upon the Effective Date, Plaintiff and members of the Settlement Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice completely, individually, and collectively, the Released Claims (including Unknown Claims) against the Released Parties; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

8.      The Court permanently bars and enjoins Plaintiff and all members of the Settlement Class (and their predecessors, successors, and assigns) from commencing, prosecuting, instigating or in any way participating in the commencement, prosecution or instigation of any action asserting any Released Claims (including Unknown Claims), either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

9.      Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice, completely, individually, and collectively, Plaintiff, Plaintiff's Counsel, and members of the Settlement Class, from all claims

based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

10. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of Defendants, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

11. The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of the Judgment in any way, the Court hereby retains continuing jurisdiction over the Action and the Parties for: (i) implementation of the Settlement; and (ii) all other proceedings related to the implementation and enforcement of the terms of the Stipulation and/or the Settlement.

13. In the event that the Judgment is rendered or declared invalid by a court of competent jurisdiction, such invalidation of such part or portion of the Stipulation should not invalidate the remaining portions thereof, and they shall remain in full force and effect.

14.     The Court finds that during the course of the Action the Parties and their respective counsel at all times acted professionally and in compliance with Federal Rule of Civil Procedure 11, and all other similar statutes or court rules with respect to any claims or defenses in the Action.

15.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.     The Action is hereby dismissed as against Defendants with prejudice, and without fees or costs (except as set forth in the Stipulation and paragraph 6 herein).

IT IS SO ORDERED.


September 9, 2011                                    s\Cathy Bissoon_____
                                                    Cathy Bissoon
                                                    United States Magistrate Judge


cc (via ECF email notification):

All Counsel of Record

5

Exhibit 11

EFiled: Aug 31 2009 3:18PM EDT
Transaction ID 26854681
Case No. 4066-VCN

EFiled: Aug 14 2009 12
Transaction ID 26597124
Case No. 4066-VCN

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| COUNTY OF YORK EMPLOYEES RETIREMENT PLAN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 4066-VCN |
| | ) ) | |
| MERRILL LYNCH & CO., INC., JOHN A. THAIN, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, and BANK OF AMERICA CORPORATION, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court on _August 31_, 2009, pursuant to this Court's Order dated _July 2_, 2009 (the "Scheduling Order"), upon a Stipulation of Settlement (the "Stipulation") filed in the above-captioned action (the "Action"), which (along with the defined terms therein) is incorporated herein by reference; it appearing that due notice of said hearing has been given in accordance with the aforesaid Scheduling Order; the respective parties having appeared by their attorneys of record; the Court having heard and considered evidence in support of the proposed settlement (the "Settlement") set forth in the Stipulation; the attorneys for the respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Scheduling Order; the Court having determined that notice to the Class (as defined in the Stipulation) was adequate and

sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court:

**IT IS ORDERED, ADJUDGED AND DECREED THIS** 31st **DAY OF** August **, 2009 AS FOLLOWS:**

1.       In full compliance with Court of Chancery Rule 23 and the requirements of due process, on July 14 *and following days*, 2009, Merrill Lynch & Co., Inc. ("Merrill" or the "Company") mailed the Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Hearing and Right to Appear (the "Notice") by first-class mail pursuant to and in the manner directed by the Scheduling Order, proof of the mailing of the Notice has been filed with the Court and full opportunity to be heard has been offered to all parties, the Class and persons in interest.

2.       Each of the provisions of Court of Chancery Rule 23(a) has been satisfied and the Action has been properly maintained according to the provisions of Court of Chancery Rule 23(b)(1) and (b)(2) with respect to the claims asserted on behalf of the Class.  Specifically, based on the record of the Action, this Court expressly and conclusively finds and orders that (a) the Class as defined in the Scheduling Order is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the Class, (c) the claims or defenses of the representative parties are typical of the claims or defenses of the Class, (d) the Representative Plaintiff in the Action is fairly and adequately protecting and representing the interests of the Class, and (e) the requirements of Court of Chancery Rule 23(b)(1) and (b)(2) are satisfied.  The Action is certified as a class action, pursuant to Court of Chancery Rules 23(a), 23(b)(1) and (b)(2), without opt out rights, by the Plaintiffs on behalf of the Class, consisting of all shareholders of Merrill common stock (other than the Defendants (excluding Merrill and BAC) and their affiliates, successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them) during the

2

period from the close of business on September 12, 2008 through the Effective Time of the Merger.

3.     Due and adequate notice of the proceedings having been provided to the members of the Class, and a full opportunity having been offered to them to participate in the Hearing, it is hereby determined that they are bound by the Order and Final Judgment entered herein.

4.     The Stipulation and the terms of the Settlement as described in the Stipulation and the Notice are hereby approved and confirmed as being fair, reasonable, adequate, and in the best interests of the Class and the Company; the parties to the Stipulation are directed hereby to consummate the Settlement in accordance with the terms and conditions set forth in the Stipulation; and the Register in Chancery is directed to enter and docket this Order and Final Judgment in the Action.

5.     All of Plaintiffs' claims asserted in the Action on behalf of the Class against all Defendants are dismissed on the merits with prejudice against Plaintiffs and all members of the Class, without costs, except as provided herein.

(a)     In addition to the foregoing, the Court hereby enters a final judgment and grant of a release, settling, releasing, discharging and dismissing with prejudice on the merits, and an injunction barring, any and all claims, demands, actions or causes of action, rights, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been or could have been asserted in the Claims or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal or state law, or any other law or regulation, including claims relating to alleged fraud, breach of any duty, negligence or violation of federal or state securities laws) by or on behalf of *Plaintiffs and* any and all of the members of the Class (and Plaintiffs' and Class members' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial, legal and

3

other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities), whether individual or class, legal or equitable, against any and all Defendants in the Actions, and/or any of their families, parent entities, associates, affiliates or subsidiaries and each and all of their respective past, present or future officers, directors, shareholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Persons") which the Plaintiffs or any member of the Class ever had, now has, or hereafter can, shall or may have by reason of, arising out of, relating to or in connection with the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, set forth or otherwise related to the Claims, the Merger, or the Merger Agreement, including without limitation any disclosures, non-disclosures or public statements made in connection with any of the foregoing (collectively, the "Settled Claims") shall be fully and finally settled, released, discharged, and dismissed with prejudice on the merits; provided, however, that the Settled Claims shall not include (i) claims to enforce the Settlement; (ii) derivative and double derivative claims asserted on behalf of Merrill, including without limitation, the derivative claims asserted on behalf of Merrill in (a) the Federal Action, (b) *Levin v. O'Neal, et al.,* Index No. 07/603662 (Sup. Ct. N.Y. County), *Wziontka v. O'Neal, et al.,* Index No. 07/603663 (Sup. Ct. N.Y. County), or *Diamond v. O'Neal, et al.,* Index No. 08/600009 (Sup. Ct. N.Y. County); or (c) any other derivative action pending in any other court; (iii) federal securities claims, including, without limitation, the federal securities claims currently pending in *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation,* Securities Action, 07-cv-9633 (JSR)(DFE), to the extent that such federal securities law claims are not based on the Merger, the Merger Agreement or any disclosures, non-disclosures or public statements made in connection with the Merger or Merger Agreement; (iv) claims under the Employee Retirement

4

Income Security Act ("ERISA"), including, without limitation, the claims asserted in *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, ERISA Action, 07-cv-10268 (JSR)(DFE); and (v) claims that members of the Class may have against the Released Persons based on their purchase, sale or ownership of shares of BAC (excluding the BAC shares that they received in exchange for Merrill shares pursuant to the terms of the Merger Agreement), including any such claims asserted or that may be asserted in *In re Bank of America Corp. Securities, Derivative, and Employment Retirement Income Security Act (ERISA) Litigation*, Master File No. 09-MDL-2058 (DC) (S.D.N.Y.);

    (b)  The release contemplated by this Stipulation extends to claims that Plaintiffs, for themselves and on behalf of the Class, do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into the release or to object or not to object to the Settlement. Plaintiffs and each member of the Class, shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, or any other law, which governs or limits a person's release of unknown claims; further that (i) the Plaintiffs, for themselves and on behalf of the Class, shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR

(ii) Plaintiffs, for themselves and on behalf of the Class, also shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or any other law, which is similar, comparable or equivalent

to California Civil Code § 1542; and (iii) Plaintiffs, for themselves and on behalf of the Class, acknowledge that members of the Class may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Plaintiffs and on behalf of the Class, to fully, finally and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

6.    Plaintiffs and the members of the Class are hereby individually and severally permanently barred and enjoined from instituting, commencing, prosecuting, participating in or continuing any action or other proceeding in any court or tribunal of this or any other jurisdiction, either directly or representatively, against any of the Released Persons, based upon, arising out of, or in any way related to or for the purpose of enforcing any Settled Claim, all of which Settled Claims are hereby declared to be compromised, settled, released, dismissed with prejudice and extinguished by virtue of the proceedings in this Action and this Order and Final Judgment.

7.    The attorneys for Plaintiffs in this Action and the Federal Action (as defined in the Stipulation) are awarded attorneys' fees and expenses in the amount of $ 950,000 ⁰⁰, in the aggregate, which sums the Court finds to be fair and reasonable.  Defendants shall cause such amounts to be paid in accordance with the terms of the Stipulation.

8.    This Order and Final Judgment shall not constitute any evidence or admission by any of the Defendants hereto or any other person that any acts of negligence or wrongdoing of any nature have been committed and shall not be deemed to create any inference that there is any liability therefor.

9.    The effectiveness of the provisions of this Order and Final Judgment and the obligations of the Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs' counsel's application for an award of attorneys' fees and expenses.

10.     Without affecting the finality of this Order and Final Judgment, jurisdiction is hereby retained by this Court for the purpose of protecting and implementing the Stipulation and the terms of this Order and Final Judgment, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Stipulation, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment.

_____
Vice Chancellor John W. Noble

EFiled:  Jun 12 2009  7:19PM EDT
Transaction ID 25641991
Case No. 4066-VCN

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| COUNTY OF YORK EMPLOYEES RETIREMENT PLAN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 4066-VCN |
| | ) ) | |
| MERRILL LYNCH & CO., INC., JOHN A. THAIN, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, and BANK OF AMERICA CORPORATION, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation") is entered into as of June 12, 2009, by and among the plaintiff (the "Delaware Plaintiff") in the action captioned *County of York Employees Retirement Plan* v. *Merrill Lynch & Co. Inc.*, C.A. No. 4066-VCN (the "Delaware Action") pending before the Court of Chancery of the State of Delaware (the "Delaware Court"), the plaintiffs (the "Federal Plaintiffs") in the action captioned *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, Derivative Action, No. 07-cv-9696 (JSR) (DFE) (the "Federal Action") now pending in the United States District Court for the Southern District of New York (the "Federal Court") (the Delaware Plaintiff and the Federal Plaintiffs being hereinafter collectively, "Plaintiffs"), and the defendants in those actions, Merrill Lynch & Co., Inc. ("Merrill"), Bank of America Corporation ("BAC"), John A. Thain, Carol T. Christ,

Armando M. Codina, Virgis W. Colbert, John D. Finnegan, Judith Mayhew Jonas, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti, and (in the Federal Action only) Alberto Cribiore, Ahmass L. Fakahany, Gregory J. Fleming and E. Stanley O'Neal (collectively, the "Defendants"), through their respective undersigned counsel, as follows:

**WHEREAS,** on September 15, 2008, BAC and Merrill announced that they had executed a definitive merger agreement (the "Merger Agreement") under which Merrill shareholders would receive 0.8595 shares of BAC common stock for each share of Merrill common stock held (the "Merger");

**WHEREAS**, on September 23, 2008, the Federal Plaintiffs, who were then pursuing shareholder derivative claims in the  Federal Action, filed an amended complaint (the "Federal Amended Complaint") asserting putative class claims and naming as defendants Merrill and John A. Thain, E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming and Jeffrey N. Edwards (collectively, the "Officer Defendants"); Alberto Cribiore; Carol T. Christ, Armando M. Codina, Virgis W. Colbert, John D. Finnegan, Judith Mayhew Jonas, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese and Charles O. Rossotti (collectively, and with John A. Thain, the "Director Defendants") and BAC and adding allegations, among other things, that the Director Defendants breached their fiduciary duties to Merrill's shareholders in connection with the Merger, and that BAC aided and abetted those breaches (the "Merger-Related Claims" (Counts IX-XIII of the Federal Amended Complaint));

**WHEREAS**, on September 26, 2008, a putative class action complaint was filed in the Delaware Court, captioned *County of York Employees Retirement Plan* v. *Merrill Lynch & Co., Inc.*, C.A. No. 4066-VCN, which named the Defendants other than Cribiore, Fakahany, Fleming

and O'Neil, and which alleged similar breaches of fiduciary duty and aiding and abetting in connection with the Merger;

**WHEREAS,** on October 1, 2008, BAC and Merrill filed a Preliminary Joint Proxy/Prospectus on Form S-4 (the "Preliminary Proxy") with the United States Securities and Exchange Commission ("SEC") in order to solicit approval of the Merger;

**WHEREAS,** on October 3, 2008, the Delaware Plaintiff filed a verified Amended Class Action Complaint updating the allegations in its initial complaint and also including additional allegations that the Preliminary Proxy was materially misleading and failed to disclose material information;

**WHEREAS,** on October 3, 2008, the Delaware Plaintiff filed a Motion for Preliminary Injunction moving this Court for an order preliminarily enjoining the Defendants from conducting a shareholder vote on the Merger;

**WHEREAS,** on October 3, 2008, the Delaware Plaintiff filed a Motion for Expedited Discovery in the Delaware Court in order to ensure a timely, full and fair adjudication of its claims sufficiently in advance of a shareholder vote in connection with the Merger;

**WHEREAS,** on October 7, 2008, the Federal Plaintiffs served document requests upon the defendants in the Federal Action;

**WHEREAS,** on October 10, 2008, Defendants filed a motion to stay or dismiss the Delaware Action in favor of the Federal Action;

**WHEREAS,** on October 17, 2008, the Delaware Court held a hearing for argument on the motion to expedite and the motion to stay or dismiss the Delaware Action in favor of the Federal Action;

**WHEREAS,** on October 22, 2008, BAC and Merrill filed a revised Preliminary Joint Proxy/Prospectus on Form S-4/A with the SEC (the "Amended Preliminary Proxy"), which included additional disclosures addressing certain of the alleged materially misleading statements and omissions previously identified by the Delaware Plaintiff;

**WHEREAS,** on October 23, 2008, a conference was held before the Federal Court, and the Federal Plaintiffs informed the Federal Court that they would potentially seek a preliminary injunction relating to the Merger. Defendants also reserved the right to seek a stay of discovery and other proceedings on the transaction claims in the Federal Action if this Court did not stay expedited proceedings in the Delaware Action, and the Federal Plaintiffs reserved their right to oppose such a stay; however, no such stay motion was ever made. The parties also advised the Federal Court that Defendants agreed to provide the Federal Plaintiffs with certain documents related to the claims challenging the Merger;

**WHEREAS,** on October 28, 2008, the Delaware Court issued a letter opinion granting, in part, and denying, in part, the Delaware Plaintiff's motion to expedite discovery and denying defendants' motion to stay or dismiss (the "Letter Opinion"). Pursuant to the Letter Opinion, the Delaware Plaintiff was permitted to proceed with expedited discovery regarding claims relating to the process that led to the Merger, as well as to certain disclosures made in the Amended Preliminary Proxy to the extent those claims were deemed colorable by the Delaware Court;

**WHEREAS,** following the issuance of the Letter Opinion, the Delaware Court scheduled a hearing on the Delaware Plaintiff's Motion for a Preliminary Injunction for December 1, 2008;

**WHEREAS,** on October 31, 2008, the defendants in the Federal Action served responses and objections to the Federal Plaintiffs' document requests and began producing documents to the Federal Plaintiffs and the Delaware Plaintiff;

**WHEREAS,** on November 3, 2008, BAC and Merrill issued a final revised Joint Proxy/Prospectus on Form DEFM14A (the "Definitive Proxy");

**WHEREAS,** on November 7, 2008, Defendants filed a motion to dismiss the Federal Action;

**WHEREAS,** the Federal Plaintiffs and the Delaware Plaintiff continue to make allegations regarding disclosures related to the Merger in the Federal Action and the Delaware Action;

**WHEREAS,** the Delaware Plaintiff served party and third-party discovery requests, and the parties to the Delaware Action agreed that discovery would be made in accordance with the Stipulation and Order Governing the Production, Exchange and Filing of Confidential Material, which the Delaware Court approved and Ordered;

**WHEREAS,** Defendants produced documents responsive to the Delaware Plaintiff's document requests to the Plaintiffs.  The Delaware Plaintiff and, by agreement with Defendants, the Federal Plaintiffs, thereafter engaged in expedited document discovery including reviewing the foregoing documents;

**WHEREAS,** before the parties reached an agreement to settle the Actions, the Delaware Plaintiff deposed William Rifkin, the Rule 30(b)(6) representative of Merrill Lynch, Pierce, Fenner & Smith Incorporated, and defendant Charles O. Rossotti, a member of Merrill's board of directors and Chairman of the Finance Committee of the Merrill board of directors.  The Federal Plaintiffs also participated in those depositions and asked non-duplicative questions of the witnesses;

**WHEREAS,** Plaintiffs further obtained and reviewed documents produced by BAC;

WHEREAS, prior to the start of the depositions, the Delaware Plaintiff demanded and received additional documents from Merrill and the Director Defendants.  These documents were also produced to the Federal Plaintiffs in the Federal Action.  The Delaware Plaintiff also received and reviewed documents from BAC's financial advisors;

WHEREAS, following substantial discovery, and extensive lengthy arm's-length negotiations, counsel for the parties reached an agreement in principle concerning the proposed settlement (the "Settlement") of the claims in the Delaware Action and the Merger-Related Claims in the Federal Action (collectively, the "Claims");

WHEREAS, on November 21, 2008, the parties documented their Settlement in a Memorandum of Understanding (the "MOU"), which provided, among other things, that Plaintiffs would take additional confirmatory discovery before presenting the Settlement to this Court for approval;

WHEREAS, on November 21, 2008, pursuant to the terms of the Settlement, Defendants disclosed additional information in a Form 8-K filed with the SEC, and contemporaneously placed that Form 8-K on the websites of Merrill and BAC in both the investor relations and newsroom sections of those respective websites;

WHEREAS, on December 3, 2008, the Plaintiffs took the deposition of Michael Rubinoff, Merrill's Industry Head for Financial Services and Related Industries;

WHEREAS, on December 5, 2008, shareholders of Merrill and BAC each respectively voted to approve the Merger and shareholders of BAC voted to approve the issuance of BAC stock in the Merger;

WHEREAS, the Merger  closed on January 1, 2009;

**WHEREAS**, on April 10, 2009 and April 13, 2009, BAC produced additional documents in response to the Delaware Plaintiffs' informal request for additional documents;

**WHEREAS**, on April 13, 2009, Plaintiffs completed their confirmatory discovery by taking a deposition of Gregory Curl, the Vice Chairman, Global Corporate Planning and Strategy, of BAC;

**WHEREAS**, following approval of the Merger, Plaintiffs' and Defendants' counsel have negotiated further at arm's-length to reach this formal Stipulation and the form and content of the exhibits hereto, including but not limited to the notice to members of the Class;

**WHEREAS,** in evaluating the Settlement, Plaintiffs and their counsel have considered: (i) the substantial benefits to the members of the Class (as defined below) from the Settlement; (ii) the facts developed during discovery; (iii) the attendant risks of continued litigation and the uncertainty of the outcome of the Actions; (iv) the probability of success on the merits and the allegations contained in the Actions, including the uncertainty relating to the proof of those allegations; (v) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation; and (vi) the conclusion of Plaintiffs' counsel that the terms and conditions of the Settlement are fair, reasonable, adequate and in the best interests of Plaintiffs and the Class;

**WHEREAS,** Defendants deny all allegations of wrongdoing, fault, liability or damage to Plaintiffs and the Class and otherwise, deny that they engaged in any wrongdoing or committed any violation of law or breach of duty and believe that they acted properly at all times, but wish to settle the litigation on the terms and conditions stated in this Stipulation in order to eliminate the burden and expense of further litigation and to put the Claims to be released hereby to rest finally and forever; and

**WHEREAS,** Plaintiffs' entry into this Stipulation is not an admission as to the lack of any merit of any of the claims asserted in the Actions.

**NOW THEREFORE, IT IS STIPULATED AND AGREED**, by and among the Settling Parties hereto, through their respective attorneys, subject to approval of the Court, pursuant to Chancery Court Rule 23 as follows:

1.      In consideration for the full settlement and release of all Settled Claims (as defined below):

(a)      Defendants disclosed additional information in a Form 8-K filed with the SEC on November 21, 2008, and contemporaneously placed that Form 8-K on the websites of Merrill and BAC in both the investor relations and newsroom sections of those respective websites.  Without admitting any wrongdoing, Defendants acknowledge that the filing and prosecution of the Claims by Plaintiffs and discussions with Plaintiffs' counsel were the sole cause of their disclosure of this additional information, which constitutes information sought in the Plaintiffs' complaints and the proceedings in aid of the motion for preliminary injunction filed by the Delaware Plaintiff.  For example:

(i)      Supplementing the discussion concerning the pendency of the Actions at pages 71-73 of the Definitive Proxy under the heading "The Merger—Litigation Relating to the Merger," that:

> Merrill Lynch, the members of its board of directors, and Bank of America have been named as defendants in certain actions filed on behalf of Merrill Lynch stockholders challenging the proposed merger of Bank of America and Merrill Lynch.  As disclosed in the [Definitive Proxy], these actions include purported stockholder class actions in the Delaware Court of Chancery, the U.S. District Court for the Southern District of New York and the Supreme Court of the State of New York.
>
> As also disclosed in the [Definitive Proxy], the Court of Chancery denied defendants' motions to stay that litigation and granted plaintiff's motion for

expedited discovery with respect to some, but not all, of plaintiff's allegations. The Court of Chancery later scheduled a hearing on plaintiff's motion to preliminarily enjoin the proposed merger for December 1, 2008. Pursuant to the Court of Chancery's order, the plaintiff obtained document and deposition discovery related to its claims. The plaintiffs in the Southern District of New York action also participated in discovery in the Court of Chancery action. On November 7, 2008, the defendants filed motions to dismiss the federal action. Merrill Lynch has also filed a motion to consolidate and stay the actions pending in the Supreme Court of the State of New York, which is pending decision.

On November 21, 2008, the defendants entered into a memorandum of understanding with the plaintiffs in the Court of Chancery and in the Southern District of New York actions regarding the settlement of the Court of Chancery action and the merger-related claims in the Southern District of New York action. In connection with the settlement contemplated by the memorandum of understanding, Merrill Lynch and Bank of America agreed to make certain additional disclosures related to the proposed merger, which are contained in this Form 8-K. Subject to completion of certain confirmatory discovery by counsel to the plaintiffs in the Court of Chancery and Southern District of New York actions, the memorandum of understanding contemplates that the parties will enter into a stipulation of settlement.

The stipulation of settlement will be subject to customary conditions, including court approval following notice to Merrill Lynch's stockholders. In the event that the parties enter into a stipulation of settlement, a hearing will be scheduled at which the Court of Chancery will consider the fairness, reasonableness, and adequacy of the settlement. If the settlement is finally approved by the court, it will resolve and release all claims in all actions that were or could have been brought challenging any aspect of the proposed merger, the merger agreement, and any disclosure made in connection therewith, pursuant to terms that will be disclosed to stockholders prior to final approval of the settlement. In addition, in connection with the settlement, the parties contemplate that plaintiffs' counsel in the Court of Chancery and Southern District of New York actions will file petitions for the award of attorneys' fees and expenses to be paid by Merrill Lynch and/or its successor(s) in interest. Merrill Lynch (and/or its successor(s) in interest) shall pay or cause to be paid such award(s) of attorneys' fees and expenses. There can be no assurance that the parties will ultimately enter into a stipulation of settlement or that the Court of Chancery will approve the settlement even if the parties were to enter into such stipulation. In such event, the proposed settlement as contemplated by the memorandum of understanding may be terminated.

         (ii)      Supplementing the discussion at page 50 of the Definitive Proxy concerning the informational conference call held by the Merrill Lynch board of directors on September 14, 2008 that:

As part of the update to the board members concerning the meetings held over the weekend between government officials and senior executives at leading financial services companies, Mr. Thain, Merrill Lynch's Chairman and Chief Executive Officer, informed the board that Lehman Brothers Holdings, Inc. was expected to file for bankruptcy.

(iii)    Supplementing the discussion at page 52 of the Definitive Proxy under the heading "Business Condition and Prospects of Merrill Lynch," that:

In connection with its consideration of the risk that Merrill Lynch's credit ratings could be further downgraded and the potential effect such actions could have on Merrill Lynch's businesses and its liquidity position and funding capabilities, Merrill Lynch's board of directors considered the potential that such a downgrade, in the context of then-current market conditions, would increase Merrill Lynch's cost of capital, adversely impact its access to short-term financing, limit the ability or willingness of certain counterparties to extend credit to or trade with Merrill Lynch, increase the levels of collateral required from Merrill Lynch by trading counterparties and financing sources, and adversely affect market and customer perceptions concerning Merrill Lynch's financial condition.

(iv)    Supplementing the discussion at page 50 of the Definitive Proxy under the heading "Background of the Merger," that:

At the time Merrill Lynch decided not to pursue further the exploratory discussions it was having with two other large financial services companies, certain terms of the merger agreement and stock option agreement with Bank of America remained subject to negotiation, Merrill Lynch's financial advisor, Merrill Lynch, Pierce, Fenner & Smith Incorporated ("MLPFS"), had not yet rendered its fairness opinion to Merrill Lynch's board of directors, and the proposed merger agreement with Bank of America was still subject to consideration and approval by both companies' boards of directors.

(v)    Supplementing the discussion at pages 49-50 of the Definitive Proxy under the heading "Background of the Merger" and pages 56-62 of the Definitive Proxy under the heading "Opinion of Merrill Lynch's Financial Advisor," that:

Prior to the approval of the merger agreement by Merrill Lynch's board of directors, Merrill Lynch and MLPFS conducted a due diligence investigation of Bank of America that included, among other things, a review of Bank of America's public regulatory filings, other publicly available data, including consensus analyst estimates from Reuters concerning Bank of America, and meetings on September 13 and 14, 2008 with Bank of America executives and

employees, including financial, operational, risk management, and legal personnel concerning Bank of America's anticipated financial performance, assets and liabilities, including its exposure to and risk management and valuations of key classes of assets and liabilities, as well as its capitalization.

(vi)    Supplementing the discussion at page 49 of the Definitive Proxy under the heading "Background of the Merger," that:

[M]anagement and the board of directors of Merrill Lynch regularly review and consider strategic options. Merrill Lynch's board of directors and/or the Finance Committee of the board of directors have received analyses of potential business combinations and strategic alternatives at various points in the past, including an October 2007 presentation to the Finance Committee and a July 2008 presentation to the board of directors. The analyses included a review of the strategic merits of a variety of courses of action, including business combinations with other financial services companies, including Bank of America. MLPFS and Merrill Lynch's management and board of directors had the benefit of these prior analyses when they considered the proposed merger.

(vii)    Supplementing the discussion at page 62 of the Definitive Proxy under the heading "Merrill's Financial Advisors," that:

Officers of Merrill Lynch engaged MLPFS as Merrill Lynch's financial advisor on September 13, 2008, and MLPFS participated and assisted in conducting due diligence of Bank of America. The MLPFS senior personnel that worked on the transaction were selected on the basis of their experience in transactions involving financial services companies and their familiarity with Merrill Lynch's business development strategy. MLPFS selected the members of the committee that approved the fairness opinion from persons not otherwise involved in negotiating the proposed merger with Bank of America. All of the MLPFS personnel who worked on the transaction or acted as members of the fairness committee were employees of MLPFS at the time. MLPFS is a wholly-owned subsidiary of Merrill Lynch, and thus its employees have actual or potential financial interests in the merger, including the prospect of continued employment with the successor entity after the close of the proposed merger.

(viii)    Supplementing the discussion at pages 73-75 of the Definitive Proxy under the heading "Merrill Lynch's Officers and Directors Have Financial Interests in the Merger," that:

11

Subsequent to the announcement of the proposed merger of Bank of America and Merrill Lynch, it has been determined and announced that certain Merrill Lynch executives will hold certain executive positions in the combined company. These determinations were made subsequent to the approval by Merrill Lynch's board of directors of Merrill Lynch's entry into the proposed transaction and announcement of the transaction, and no Merrill Lynch employee was offered such a position in the combined company prior to such approval and announcement.

(ix)    Supplementing the discussion at pages 71-73 of the Definitive

Proxy under the heading "Litigation Relating to the Merger," that:

Current and former directors of Merrill Lynch are defendants in lawsuits brought by plaintiffs asserting derivative claims on behalf of Merrill Lynch. As stated in the proxy statement at page 73, upon consummation of the merger, the plaintiffs who have asserted derivative claims on behalf of Merrill Lynch may lose standing to assert such claims on behalf of Merrill Lynch because they will no longer be Merrill Lynch stockholders.

Between November 2007 and February 2008, Merrill Lynch received four demands that it commence legal proceedings against present and former officers and directors of Merrill Lynch in connection with, among other things, Merrill Lynch's investments in collateralized debt obligations and associated losses and disclosures. Merrill Lynch's board of directors considered and rejected each such demand. In letters rejecting these demands, Merrill Lynch represented that the board of directors had concluded that it was not in the best interests of Merrill Lynch to pursue the claims at this time after considering a significant amount of information, including, among other things, information presented at January 28, April 24, and July 30, 2008 board of directors meetings. In the letters, Merrill Lynch also represented that, in assessing this information, the board of directors took into account, among other things, the claims in the pending and related federal securities and Employee Retirement Investment Security Act ("ERISA") lawsuits and regulatory investigations involving Merrill Lynch's investment in and underwriting of collateralized debt obligations; as well as the likelihood of recovery from the individuals who would be named as defendants in the lawsuits proposed in the demand letters, or their insurers; the potentially adverse effect that pursuing the claims demanded would have on Merrill Lynch's defenses in the pending securities and ERISA lawsuits and regulatory investigations; the significant risk that pursuing the claims could require Merrill Lynch, under applicable Delaware law and its Certificate of Incorporation, to indemnify individuals for the substantial costs and expenses they would incur in defending the claims; the significant remedial actions undertaken by Merrill Lynch related to issues raised in the demands; and the exacting standard that must be met to prove that directors or officers breached fiduciary duties by failing to adequately exercise oversight over employees of Merrill Lynch. The board of directors did

not further value or analyze the merits of any stockholder derivative claims specifically in connection with its approval of the merger agreement with Bank of America.

(b)      Defendants acknowledge that they made amendments to the Preliminary Proxy since its initial issuance on October 1, 2008, culminating in the Definitive Proxy, and that Defendants added, inter alia, additional disclosures in the Definitive Proxy that substantially addressed issues previously raised in the complaint in the Delaware Action, and that complaint and the litigation of the claims asserted in the Delaware Action were significant and material contributing causal factors in Defendants' decision to make these additional disclosures. For example:

(i)      Pages 58-59:  disclosing that the source of the consensus analyst estimates that MLPFS used to perform its analyses was generally available information from Reuters and market prices as of September 12, 2008;

(ii)      Pages 58-61:  stating that the estimates, forecasts, and projections relied upon by MLPFS in its analyses came from Reuters, and thus were generally available publicly;

(iii)      Page 62:  stating that "Merrill has agreed to pay a fee to MLPFS for financial advisory services rendered through the closing of the merger in the amount of $25 million, payable upon consummation of the merger[;]"

(iv)      Pages 73-75:  discussing the financial interests of Merrill's officers and directors in the proposed merger and adding additional disclosures concerning discussions between BAC and Merrill senior executives concerning their compensation.

2.     Plaintiffs' counsel have completed confirmatory discovery and have confirmed their belief that the Settlement is fair and reasonable and in the best interest of the Class.  The MOU provided that, to the extent that the parties to the Merger Agreement negotiate other and further amendments or modifications to the Merger Agreement prior to the effective date of the Merger to facilitate the consummation of the Merger Agreement, Plaintiffs reserved the right to seek additional confirmatory discovery regarding any such amendment(s) or modification(s), but no such amendments or modifications to the Merger Agreement were made.

3.     The parties to the Federal Action shall, within 10 days of the date on which the order of this Court approving the Settlement becomes final and no longer subject to appeal, whether by exhaustion of any possible appeal, lapse of time or otherwise (excluding any appeal solely involving the amount or reasonableness of any application for attorneys' fees and/or expenses by Plaintiffs), seek, subject to the approval of the Federal Court, dismissal with prejudice of the Merger-Related Claims in the Federal Action.  In the event the Federal Court declines to dismiss the Merger–Related Claims in the Federal Amended Complaint based upon the procedures set forth herein, the parties to the Federal Action shall present this Stipulation for final approval to the Federal Court pursuant to Fed. R. Civ. P. 23(e), and as otherwise directed by the Federal Court.

4.     For purposes of the Settlement only, the Delaware Action shall be maintained and proceed as a non opt-out class for settlement purposes pursuant to Chancery Court Rules 23(a), 23(b)(1) and (b)(2) on behalf of a class consisting of all shareholders of Merrill common stock (other than the Defendants (excluding Merrill and BAC) and their affiliates, successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on

behalf of, or claiming under any of them, and each of them) during the period from the close of business on September 12, 2008 through the Effective Time of the Merger (the "Class");

        5.    Upon the Final Approval (defined below) of the Settlement, the parties agree that:

        (a)    Any and all claims, demands, actions or causes of action, rights, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been or could have been asserted in the Claims or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal or state law, or any other law or regulation, including claims relating to alleged fraud, breach of any duty, negligence or violation of federal or state securities laws) by or on behalf of Plaintiffs and any and all of the members of the Class (and Plaintiffs' and Class members' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial, legal and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities), whether individual or class, legal or equitable, against any and all Defendants in the Actions, and/or any of their families, parent entities, associates, affiliates or subsidiaries and each and all of their respective past, present or future officers, directors, shareholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released

Persons") which the Plaintiffs or any member of the Class ever had, now has, or hereafter can, shall or may have by reason of, arising out of, relating to or in connection with the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, set forth or otherwise related to the Claims, the Merger, or the Merger Agreement, including without limitation any disclosures, non-disclosures or public statements made in connection with any of the foregoing (collectively, the "Settled Claims") shall be fully and finally settled, released, discharged, and dismissed with prejudice on the merits; provided, however, that the Settled Claims shall not include (i) claims to enforce the Settlement; (ii) derivative and double derivative claims asserted on behalf of Merrill, including without limitation, the derivative claims asserted on behalf of Merrill in (a) the Federal Action, (b) *Levin v. O'Neal, et al.,* Index No. 07/603662 (Sup. Ct. N.Y. County), *Wziontka v. O'Neal, et al*., Index No. 07/603663 (Sup. Ct. N.Y. County), or *Diamond v. O'Neal, et al.,* Index No. 08/600009 (Sup. Ct. N.Y. County), or (c) any other derivative action pending in any other court; (iii) federal securities claims, including, without limitation, the federal securities claims currently pending in *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, Securities Action, 07-cv-9633 (JSR)(DFE), to the extent that such federal securities law claims are not based on the Merger, the Merger Agreement or any disclosures, non-disclosures or public statements made in connection with the Merger or Merger Agreement;  (iv) claims under the Employee Retirement Income Security Act ("ERISA"), including, without limitation, the claims asserted in *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, ERISA Action, 07-cv-10268 (JSR)(DFE); and (v) claims that members of the Class may have concerning the Merger or the Definitive Proxy based on their purchase, sale or ownership of shares of BAC (excluding

the BAC shares that they received in exchange for Merrill shares pursuant to the terms of the Merger Agreement);

(b)     The release contemplated by this Stipulation extends to claims that Plaintiffs, for themselves and on behalf of the Class, do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into the release or to object or not to object to the Settlement.  Plaintiffs and each member of the Class, shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, or any other law, which governs or limits a person's release of unknown claims; further that (i) the Plaintiffs, for themselves and on behalf of the Class, shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR

(ii) Plaintiffs, for themselves and on behalf of the Class, also shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or any other law, which is similar, comparable or equivalent to California Civil Code § 1542; and (iii) Plaintiffs, for themselves and on behalf of the Class, acknowledge that members of the Class may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Plaintiffs and on behalf of the Class, to fully, finally and forever settle and

release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts;

(c)     Each member of the Class will not sue, and are barred from suing, any Defendant or any other Released Person for any Settled Claim;

(d)     The Released Persons release Plaintiffs, the members of the Class and Plaintiffs' counsel from all claims arising out of the commencement, prosecution, settlement or resolution of the Claims; provided, however, that the Released Persons shall retain the right to enforce the terms of the Stipulation and the Settlement.

6.     Any of the Defendants shall have the right to withdraw from the proposed Settlement in the event that any claims related to the subject matter of the Settled Claims are commenced or prosecuted against any of the Released Persons in any court prior to final approval of the Settlement, and such claims are not dismissed with prejudice or stayed in contemplation of dismissal, and that in the event any such claims are commenced, Plaintiffs and Defendants agree to cooperate and use all reasonable efforts to secure the dismissal.

7.     Plaintiffs will present the Settlement to the Delaware Court for approval as soon as practicable and all of the parties will take all appropriate steps and use their best efforts to obtain Final Approval of the Settlement and to procure dismissal of the Delaware Action on the terms set forth herein.

8.     As soon as practicable after this Stipulation has been executed, the parties will apply to the Court for the entry of a Scheduling Order in substantially the form attached hereto as Exhibit A, providing, among other things:

(a)     Scheduling a hearing (the "Settlement Hearing") at which the Court will:  (i) determine whether the Delaware Action should be certified finally as a class action pursuant to Delaware Court of Chancery Rules 23(a)(1), (b)(1) and (b)(2), and as to which certification Defendants will make no objections and will fully support; (ii) determine whether the terms and conditions of the Settlement are substantively and procedurally fair, reasonable, adequate, and in the best interests of the Class; (iii) determine whether final judgment should be entered dismissing the Delaware Action as to the Defendants with prejudice as against Plaintiffs and the Class, releasing the Settled Claims, and enjoining prosecution of any and all Settled Claims; (iv) consider any application(s) of Plaintiffs for an award of attorneys' fees and expenses as provided for herein; (v) hear and determine any objections to the Settlement and application of Plaintiffs for an award of attorneys' fees and expenses; and (vi) order such other relief as the Court may deem necessary and appropriate; and

(b)     directing that a Notice of Pendency of Class Action, Proposed Settlement of Class Action, and Settlement Hearing, substantially in the form attached hereto as Exhibit B (the "Notice"), be mailed to members of the Class as shown on the stock records maintained by or on behalf of Merrill, by first class mail, postage prepaid, and further provide that distribution of the Notice substantially in the manner set forth in the Scheduling Order constitutes due and sufficient notice of the Settlement Hearing to all persons entitled to receive such notice, and fully satisfies the requirements of due process, Chancery Court Rule 23, and applicable law.  If applicable, the Notice also will inform members of the Class of any fee application(s) to be made to the Delaware Court .

9.     Merrill or its insurers or successors in interest shall be responsible, exclusively at its own cost, for mailing the Notice, as set forth in the Scheduling Order.  Merrill

or its successors in interest shall pay, on behalf of and for the benefit of the Defendants, all reasonable costs and expenses incurred in providing notice of the Settlement to the members of the Class and shall cooperate with Plaintiffs' counsel in providing such information as is reasonably available to it.

10.     If the Delaware Court approves the terms of the Settlement as provided herein, including any modifications thereto made with consent of the parties, Plaintiffs' counsel shall apply either jointly or severally to the Delaware Court for an award of attorneys' fees and reimbursement of expenses not to exceed an aggregate of $950,000.  After lengthy adversarial negotiation, Defendants have agreed to pay this amount, subject to Court approval.  Plaintiffs and their counsel will not apply to any other court for an award of attorneys' fees or expenses.

11.     Defendants agree to pay to Plaintiffs' counsel the amount of any award(s) of attorneys' fees and/or reimbursement of expenses awarded by the Delaware Court up to an amount not to exceed an aggregate of $950,000.  Subject to the terms and conditions of the Stipulation, upon the award, if any, of attorneys' fees and/or expenses to Plaintiffs' counsel, Merrill shall, within five (5) business days after the entry by the Delaware Court of an order awarding attorneys' fees and/or expenses to Plaintiffs' counsel, deposit the amount of each such award into an interest bearing escrow account for the benefit of Plaintiffs' counsel (the "Fee Escrow") and shall hold such funds in the escrow account until two (2) business days after the later of (a) the date of the dismissal of the Merger-Related Claims in the Federal Action pursuant to paragraph 3 hereof, or (b) the date on all such awards of attorneys' fees and/or expenses becomes final and nonappealable by operation of law or exhaustion of all appeals therefrom (the "Fee Payment Date").  On the Fee Payment Date, Merrill shall transfer the funds in the Fee Escrow, including all accrued interest on the funds therein, to a joint order account designated by

Delaware Plaintiff's counsel, Rigrodsky & Long, P.A. and Federal Plaintiffs' counsel, Brower Piven, A Professional Corporation, for distribution to and among Plaintiffs' counsel.

12.     Except as provided herein, the Defendants shall bear no other expenses, costs, damages or fees alleged or incurred by Plaintiffs, by any member of the Class, or by any of their attorneys, experts, advisors, agents or representatives with respect to the Claims, and Defendants shall have no responsibility for, and no liability with respect to, the fee and/or expense allocation among Plaintiffs' counsel and/or any other person who may assert any claim thereto.

13.     If the Delaware Court approves the Settlement provided for herein the parties will ask the Delaware Court to enter an order and final judgment, substantially in the form attached hereto as Exhibit C (the "Order and Final Judgment"), which shall, among other things:

(a)     certify the Class pursuant to Delaware Court of Chancery Rules 23(a), 23(b)(1) and (b)(2) for purposes of the Settlement, approve the Settlement, adjudge the terms of the Settlement to be  substantively and procedurally fair, reasonable, adequate, and in the best interests of the Class, and direct consummation of the Settlement in accordance with the terms and conditions of this Stipulation;

(b)     determine that the requirements of the Delaware Court of Chancery Rules and due process have been satisfied in connection with notice to the Class; and

(c)     dismiss the Delaware Action with prejudice, said dismissal subject only to compliance by the parties with the terms of this Stipulation and any Order of the Delaware Court concerning this Stipulation.

14.     The obligations of Defendants under this Stipulation, other than Merrill's obligations to cause notice to the Settlement Class to be provided and to pay all costs incurred in connection with providing the Notice to the Settlement Class, are conditioned upon Final Approval of the Settlement and upon consummation of the Merger, as well as any other conditions set forth elsewhere in this Stipulation.  As used in this Stipulation, "Final Approval" shall mean that the Delaware Court has entered an Order approving the Settlement in accordance with the Stipulation, including the release contained herein, and such Order becomes final and no longer subject to appeal, whether by exhaustion of any possible appeal, lapse of time or otherwise.  "Final Approval" shall not include an award of attorneys' fees and/or reimbursement of expenses to Plaintiffs' counsel.

15.     Notwithstanding anything in this Stipulation to the contrary, the effectiveness of the release of the Settled Claims and the other obligations of Plaintiffs and Defendants under the Settlement (except with respect to the payment of attorneys' fees and expenses) shall not be conditioned upon or subject to the resolution of any appeal from the Delaware Court's entry of the Order and Final Judgment, if such appeal relates solely to the issue of Plaintiffs' counsel's application(s) for an award of attorneys' fees and/or the reimbursement of expenses.

16.     In the event that:  (i) the Delaware Court declines, in any respect (except for a disallowance or modification of the fees and/or expenses sought by Plaintiffs' counsel), to enter the Order and Final Judgment provided for above and any one of the parties hereto fails to consent to the entry of another form of order in lieu thereof; (ii) the Delaware Court disapproves the Settlement as proposed herein, including any amendments thereto agreed upon by all of the parties; or (iii) the  Delaware Court  approves the Settlement proposed herein or any amendment

thereto approved by all of the parties, but such approval is reversed or substantially modified on appeal (except reversal or modification related only to the issue of Plaintiffs' counsel's application for an award of attorneys' fees and/or the reimbursement of expenses) and such reversal or modification becomes final by a lapse of time or otherwise; then, in any of such events, this Stipulation, the Settlement proposed herein (including any amendments hereof), the qualification of Plaintiffs as the appropriate representatives of the Class, and of Plaintiffs' counsel as class counsel, any actions taken or to be taken with respect to the Settlement proposed herein, and the Order and Final Judgment to be entered shall be of no further force or effect and shall be null and void, and without prejudice to any of the parties hereto, who shall be restored in all respects to their respective positions existing prior to the execution of this Stipulation.  For purposes of this provision, a disallowance, reduction or modification by the Delaware Court of the fees and/or expenses sought by Plaintiffs' counsel shall not be deemed an amendment, modification or disapproval of the Settlement or the Order and Final Judgment.

17.    Defendants have denied, and continue to deny, that any of them has committed or has threatened to commit any wrongdoing, violation of law or breach of duty to Plaintiffs, the Class or anyone in connection with the Settled Claims and the subject matter thereof, including the Merger and the Merger Agreement.  Defendants are entering into the Stipulation solely because the proposed Settlement would eliminate the distraction, burden and expense of further litigation.

18.    Plaintiffs' entry into the Stipulation is not an admission as to the lack of merit of the Claims.

19.    The provisions contained in this Stipulation and all negotiations, discussions and proceedings in connection with this Stipulation shall not be deemed or constitute

a presumption, concession or an admission by any party in the Actions of any fault, liability or wrongdoing or lack of any fault, liability or wrongdoing, as to any facts or claims alleged or asserted in the Actions, or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, offered, or received in evidence or otherwise used by any person in the Actions, or in any other action or proceeding, whether civil, criminal or administrative, except in connection with any proceeding to enforce the terms of the Settlement.

20.     Pending approval of the Settlement, the parties agree to stay the proceedings in the Delaware Action and the prosecution of the Merger-Related Claims in the Federal Action other than those incident to the Settlement itself.  If any claims that are or would be subject to the release and dismissal contemplated by the Settlement are asserted against any of the Released Persons in any court prior to final Court approval of the Settlement, Plaintiffs and their counsel shall join, if requested by any Defendant, in any motion to dismiss or stay such proceedings and otherwise shall use their best efforts to cooperate with Defendants to effect a withdrawal or dismissal of the claims.

21.     Without further order of the Delaware Court or the Federal Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation where such extensions are of deadlines imposed by the parties, and not either the Delaware Court or the Federal Court.

22.     This Settlement shall be binding upon and shall inure to the benefit of the parties and the Class (and, in the case of the releases, all Released Persons) and the respective legal representatives, heirs, executors, administrators, transferees, successors and assigns of all such foregoing persons and upon any corporation, partnership, or other entity into or with which any party may merge or consolidate.

23.     This Stipulation constitutes the entire agreement among the parties, and supersedes any prior agreements among the parties with respect to the subject matter hereof, and may not be amended nor any of its provisions waived except by a writing signed by all of the parties hereto.

24.     This Stipulation will be executed by counsel for the parties, each of whom represents and warrants that they have the authority from their clients to enter into this Stipulation.  This Stipulation may be executed in multiple counterparts by the signatories hereto, including by email in PDF format or by telecopier, and as so executed shall constitute one agreement.

25.     Plaintiffs and their counsel represent and warrant that  Plaintiffs  were Merrill shareholders at all relevant times  and that none of Plaintiffs' claims or causes of action referred to in any complaint in the Actions or this Stipulation have been assigned, encumbered or in any manner transferred in whole or in part.

26.     All of the exhibits attached hereto are incorporated herein by reference as if set forth herein verbatim, and the terms of all exhibits are expressly made part of this Stipulation.

27.     The waiver by any party of any breach of this Stipulation shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Stipulation.

28.     This Stipulation shall be governed by the laws of the State of Delaware without giving force to any provisions concerning conflicts of laws.

Dated:  June 12, 2009

OF COUNSEL:

Stewart L. Cohen
Shannon O. Lack
COHEN, PLACITELLA & ROTH, P.C.
Two Commerce Square, Suite 2900
2001 Market Street
Philadelphia, PA  19103
(215) 567-3500


OF COUNSEL:

David A.P. Brower
Jessica Sleater
BROWER PIVEN
A Professional Corporation
488 Madison Avenue
Eighth Floor
New York, NY  10022
(212) 501-9000

Francis A. Bottini, Jr.
JOHNSON BOTTINI, LLP
655 W. Broadway
Suite 1400
San Diego, CA  92101
(619) 230-0063

Joseph E. White, III
Christopher S. Jones
SAXENA WHITE P.A.
2424 North Federal Highway
Suite 257
Boca Raton, FL  33431
(561) 394-3399

Plaintiffs' Executive Committee Counsel
for the New York Federal Action

*/s/ Brian D. Long*

Seth D. Rigrodsky (I.D. No. 3147)
Brian D. Long (I.D. No. 4347)
RIGRODSKY & LONG, P.A.
919 North Market Street, Suite 980
Wilmington, DE 19801
(302) 295-5310

*Attorneys for Delaware Plaintiff*

*/s/ Joseph A. Rosenthal*

Joseph A. Rosenthal (I.D. No. 234)
ROSENTHAL, MONHAIT &
GODDESS, P.A.
919 North Market Street
Suite 1401
Wilmington, DE 19801
(302) 656-4433

*Plaintiffs' Liaison Counsel For the
New York Federal Action and
Plaintiffs' Executive Committee
Counsel for the New York Federal
Action*

26

                                          */s/ Paul J. Lockwood*
OF COUNSEL:                               Paul J. Lockwood (I.D. No. 3369)
                                          Jason P. Nance (I.D. No. 4894)
Stuart J. Baskin                          SKADDEN, ARPS, SLATE,
Herbert S. Washer                          MEAGHER & FLOM LLP
Adam S. Hakki                             One Rodney Square
SHEARMAN & STERLING LLP                   Wilmington, DE 19801
599 Lexington Avenue                      (302) 651-3000
New York, NY  10022
(212) 848-4000                            *Attorneys for Merrill Lynch & Co., Inc.
                                          and John A. Thain*


                                           */s/ Brian C. Ralston*
OF COUNSEL:                               Donald J. Wolfe, Jr. (I.D. No. 285)
                                          Brian C. Ralston (I.D. No. 3770)
Eric M. Roth                              POTTER  ANDERSON  &  CORROON
Ian Boczko                                LLP
William Edwards                           1313 North Market Street
WACHTELL LIPTON ROSEN & KATZ              Wilmington, DE 19801
51 West 52nd Street                  (302) 984-6000
New York, NY  10019
(212) 403-1000                            *Attorneys   for   Bank   of   America
                                          Corporation*


OF COUNSEL:                                */s/ T. Brad Davey*
                                          J. Travis Laster  (I.D. No. 3514)
Richard W. Clary                          T. Brad Davey   (I.D. No. 5094)
Julie A. North                            ABRAMS & LASTER LLP
CRAVATH, SWAINE & MOORE LLP               20 Montchanin Road, Suite 200
Worldwide Plaza                           Wilmington, DE  19807
825 Eighth Avenue                         (302) 778-1000
New York, NY  10019
(212) 474-1000                            *Attorneys for Carol T. Christ, Armando M.
                                          Codina,  Virgis  W.  Colbert,  John  D.
                                          Finnegan, Judith Mayhew Jonas, Aulana L.
                                          Peters, Joseph W. Prueher, Ann N. Reese,
                                          and Charles O. Rossotti*

Exhibit 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE MEADOWBROOK | ) | Lead Case No. 5:15-cv-10057-JCO-MJH |
| INSURANCE GROUP, INC. | ) | |
| SHAREHOLDER LITIGATION | ) | (Consolidated with No. 5:15-cv-10497- |
| | ) | JCO-RSW) |
| | ) | |
| This Document Relates To: | ) | CLASS ACTION |
| | ) | |
| ALL ACTIONS. | ) | |

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court on April 7, 2016, to determine whether the terms and conditions of the Stipulation of Settlement dated October 5, 2015 (the "Stipulation"), and the terms and conditions of the settlement proposed in the Stipulation (the "Settlement") are fair, reasonable, and adequate for the settlement of all claims asserted in the above-captioned shareholder class action ("Action"); and whether the Settlement should be approved by this Court and the Order and Final Judgment (the "Judgment") should be entered herein; and the Court having considered all matters submitted to it at the hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED this 7th day of April, 2016, AS FOLLOWS,

1.     This Order and Final Judgment incorporates and makes part hereof the Stipulation filed with this Court on October 22, 2015, including the exhibits

thereto.  Unless otherwise defined in this Judgment, the capitalized terms in the Judgment have the same meaning as they have in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3.     The dissemination of the Notice pursuant to and in the manner prescribed in the Order on Preliminary Approval of Class Action Settlement and Class Certification entered on October 30, 2015 (the "Preliminary Approval Order"), according to the proof of such dissemination of the Notice to the Class filed with the Court by counsel for Meadowbrook Insurance Group, Inc. ("Meadowbrook") on March 31, 2016, is hereby determined to be appropriate and reasonable notice under the circumstances, satisfying Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), due process, and applicable law.

4.     The Court finds that the Class Action is a proper class action, for settlement purposes only, and hereby certifies the Action as a class action under Rules 23(a) and (b)(1) and/or (b)(2) on behalf of the following non-opt-out class (the "Settlement Class"):

> any and all record holders and beneficial holders of Meadowbrook common stock (excluding Defendants, their immediate families and their affiliates) for the period from and including December 30, 2014, through and including July 7, 2015 (the effective date of the Merger) (such period being the "Class Period"), including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees,

immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns.

5.      Specifically, the Court finds, for the sole purpose of settlement, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable, thus Rule 23(a)(1) is satisfied; (b) there are questions of fact or law common to the Settlement Class, thus Rule 23(a)(2) is satisfied; (c) the claims of Chaile Steinberg, Gabby Klein, and David Raul, the conditionally certified Class Representatives, are typical of the claims of the Settlement Class, thus Rule 23(a)(3) is satisfied; (d) Plaintiffs and their counsel have and will fairly and adequately protect the interests of the Settlement Class, thus Rule 23(a)(4) is satisfied; and (e) in accordance with Rule 23(b)(1), a class action provides a fair and efficient method for adjudication of the controversy because the prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for Defendants, and/or, as a practical matter, the disposition of the Action will influence the disposition of any pending or future identical cases brought by other members of the Settlement Class; and/or (f) in accordance with Rule 23(b)(2), the Action alleges that Defendant acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

6.     The Court hereby certifies, for settlement purposes only, Plaintiffs Steinberg, Klein, and Raul as Class Representatives, and their counsel, Robbins Arroyo LLP ("Robbins Arroyo") and Morgan & Morgan, P.C. ("Morgan & Morgan"), as Class Counsel.

7.     The Court approves the Stipulation and the Settlement set forth therein as fair, reasonable, adequate, and in the best interests of Plaintiffs and the other members of the Settlement Class.  The Stipulation and the terms of the Settlement as described in the Stipulation are hereby approved in their entirety. The Parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.     The Action and all of the claims alleged therein are hereby dismissed on the merits with prejudice as to all Defendants as against Plaintiffs and all members of the Settlement Class, with no costs awarded to any Party expect as provided herein.

9.     Upon entry of the Judgment, the Releasing Persons shall be deemed to have fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice, completely, individually, and collectively, the Settled Claims (including Unknown Claims) against the Released Persons and shall forever be enjoined from prosecuting such claims; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the

Settlement. Upon entry of the Judgment, each member of the Settlement Class shall further covenant not to sue and shall be deemed barred from suing, any Released Person for any Settled Claim.

(a) "Released Persons" means (i) the Defendants; (ii) each of the Defendants' respective past and/or present affiliates, subsidiaries, parents, general partners, limited partners and any Person in which any Defendant has or had a controlling interest (the "Defendant Party Releasees," and together with the Defendants, the "Defendant Releasees"); and (iii) each of the Defendant Releasees' past and/or present family members, heirs, principals, trustees, executors, administrators, predecessors, successors, assigns, members, parents, subsidiaries, employees, officers, managers, directors, partners, limited partners, agents, investment bankers, attorneys, representatives, estates, divisions, financial advisors, estate managers, assigns, insurers and reinsurers

(b) "Releasing Persons" means each and every one of the Plaintiffs and each and every other Settlement Class member, on behalf of themselves and each and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, agents, heirs, estates, assigns, or transferees, immediate and remote, and any other person who has the right, ability, standing or capacity to assert, prosecute or maintain on

behalf of any Settlement Class member any of the Settled Claims (or to obtain the proceeds of any recovery therefrom), whether in whole or in part.

(c)    "Settled Claims" means (i) any and all claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, interests, debts, expenses, charges, rights, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature and description whatsoever; (ii) whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, perfected or not perfected, choate or inchoate, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, ripened or unripened, including any Unknown Claims (as defined herein); (iii) whether at law or equity, whether based on or arising under state, local, foreign, federal, statutory, regulatory, common or other law or rule and upon any legal theory (including but not limited to any claims arising under the federal securities laws, including any claims arising under Section 14 of the Securities Exchange Act of 1934 or any claims that could be asserted derivatively on behalf of Meadowbrook), no matter how asserted; (iv) that previously existed, currently exist, or that exist as of the date of the approval of the Settlement by the Court; (v) that were or that could have been asserted

6

by the Releasing Persons against any or all of the Released Persons, in any federal or state court, or in any other court, tribunal, arbitration, proceeding, administrative agency or other forum in the United States or elsewhere that arise out of or relate to its/her/his ownership of Meadowbrook common stock, its/her/his status as a Meadowbrook stockholder, or its/her/his Meadowbrook holdings during the Class Period; and (vi) that are based upon, arise out of, relate in any way to, concern or involve, in whole or in part, any of the following: (A) the Merger, (B) the Merger Agreement, (C) any actions, deliberations, negotiations, conduct or financial advisory services in connection with the Merger, including the process of deliberation or negotiation, by each of Meadowbrook and Fosun and any and all of their respective officers, directors, employees, representatives or advisors, (D) the consideration received by the Settlement Class in connection with the Merger, (E) the Preliminary Proxy and the Definitive Proxy as well as any other disclosures, public filings, periodic reports, press releases, amendments, information statements, solicitation materials, notifications or other statements issued, made available, propounded, disseminated, published or filed relating to or discussing, in whole or in part, the Merger, (F) any fiduciary obligations of any of the Defendants in connection with the Merger or the Merger Agreement, including the negotiation and

consideration of the Merger or any disclosures related thereto, (G) any actual or potential conflicts of interest by any Defendant or any of the Defendants' advisors, and/or (H) any other facts, matters, occurrences, conduct, allegations, representations, omissions, transactions, actions, things or causes whatsoever, or any series thereof, that were alleged, asserted, raised, made, set forth, claimed, embraced, involved in, related to, or referred to, in whole or in part, in the Action; provided, however, that the Settled Claims shall not include (x) any claims to enforce the Settlement, (y) any claims to enforce a final order and judgment entered by the Court, or (z) any properly perfected claims for appraisal pursuant to the Merger Agreement and Michigan Law.

(d)    "Unknown Claims" means any claim with respect to the subject matter of the Settled Claims that the Releasing Persons (as defined herein) do not know or suspect to exist at the time of the release and that, if known, might have affected the decision to enter into the release ("Unknown Claims"). The Releasing Persons shall be deemed to waive any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, that governs or limits a person's release of Unknown Claims. The Releasing Persons shall be deemed to relinquish, to the full extent permitted by law,

8

the provisions, rights and benefits of Section 1542 of the California Civil Code which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasing Persons also shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code § 1542.  Plaintiffs, for themselves and on behalf of the Settlement Class, acknowledge that members of the Settlement Class and/or other Meadowbrook stockholders may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Plaintiffs and on behalf of the Settlement Class, to fully, finally and forever settle and release any and all claims released hereby known or unknown, suspected or unsuspected, that now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

10.     Upon entry of the Judgment, each of the Released Persons shall be deemed to have released Plaintiffs, the Settlement Class members, and Plaintiffs' counsel from any and all claims, allegations, complaints, liabilities, or sanctions of any nature whatsoever arising out of or relating to their investigation, preparation, filing, prosecution, resolution and/or settlement of the Action, and shall be deemed to covenant not to assert such released claims, allegations, complaints, liabilities or sanctions in any form or forum whatsoever (collectively, the "Settled Defendants' Claims"); provided, however, that the release shall not include the right of the Defendants to enforce the terms of the Settlement or the Settlement Agreement. The release extends to Settled Defendants' Claims that the Released Persons do not know or suspect to exist at the time of the release and that, if known, might have affected the decision to enter into the release.

11.     Neither the Memorandum of Understanding ("MOU"), the Stipulation, this Judgment, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be deemed a presumption, concession or an admission by any Defendant of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or

administrative, except in connection with any proceeding to enforce the terms of the Settlement. The Released Persons may file this Judgment and/or the Stipulation in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. After consideration of Plaintiffs' application for reasonable fees and reimbursement of expenses, Plaintiffs' Counsel is hereby awarded $425,000 in attorneys' fees and expenses, which amounts the Court finds to be fair and reasonable. This amount shall be paid pursuant to the provisions of the Stipulation. Neither counsel representing Plaintiffs in the Action nor Plaintiffs shall make any further or additional application for attorneys' fees and expenses in connection with the Action to the Court or any other court, except as contemplated by the Stipulation.

13. The Class Action Fairness Act ("CAFA") Notice has been given to the relevant public officials; proof of the mailing of the CAFA Notice was filed with the Court; and full opportunity to be heard has been offered to all recipients of the CAFA Notice. The CAFA Notice is hereby determined to have been given in compliance with each of the requirements of 28 U.S.C. § 1715.

14.     Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15.     If the Effective Date does not occur for any reason, the Settlement and the Stipulation and all orders entered and releases delivered in connection herewith (except for Paragraph 11 hereof and Paragraphs 5.2, 6.1, 6.2, 6.3, 6.4, 7.4, 7.13, and 7.15 of the Stipulation, which shall survive any such termination or vacatur), shall be null and void and of no force and effect if the Effective Date does not occur for any reason.  In such event, the Parties shall return to their respective litigation positions in the Action as of the time immediately prior to the date of the execution of the MOU, as though it were never executed or agreed to, and the MOU and the Stipulation shall not: (a) in any way be deemed to prejudice in any respect the positions of the Parties in the Action; (b) be used, referred to or cited in any way in the Action or any other litigation or proceedings other than to enforce the Stipulation or MOU; and/or (c) entitle any party to the recovery of costs and expenses to implement the Stipulation or MOU.

16.     Without affecting the finality of this Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration, consummation, and enforcement of the Settlement and this Judgment.

17.     The Clerk of the Court is directed to enter and docket this Judgment.

IT IS SO ORDERED.

Date: April 7, 2016                          s/John Corbett O'Meara
                                             United States District Judge

Exhibit 13

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACUSETTS

IN RE COVIDIEN PLC SECURITIES
LITIGATION

)
)
)
)

Civil Action No. 1:14-cv-12949-LTS

CLASS ACTION

Consolidated Shareholder Litigation

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court on _Sep. 2)_, 2015, pursuant to

this Court's Order for Notice and Scheduling of Hearing on Settlement dated _May 19 2015 and May 2 15 2015_

2015 (the "Scheduling Order"), and upon a Stipulation of Settlement and Release dated May 15,

2015 (the "Stipulation")[1] filed in the above-captioned action (the "Consolidated Action"), which

is incorporated herein by reference; it appearing that due notice of such hearing has been given in

accordance with the Scheduling Order; the respective parties to the Stipulation having appeared

by their attorneys of record; this Court having heard and considered evidence in support of the

proposed settlement (the "Settlement") set forth in the Stipulation; the attorneys for the

respective parties to the Stipulation having been heard; an opportunity to be heard having been

given to all other persons requesting to be heard in accordance with the Scheduling Order; this

Court having determined that notice to the Class was adequate and sufficient; and the entire

matter of the proposed Settlement having been heard and considered by this Court:

**IT IS ORDERED, ADJUDGED, AND DECREED THIS _22nd_ DAY OF _September_**

**2015, AS FOLLOWS:**

1.      The Notice of Pendency of Class Action, Proposed Settlement of Class

Action, and Settlement Hearing (the "Notice") has been provided pursuant to and in the manner

directed by the Scheduling Order; proof of dissemination of the Notice was filed with the Court;

---

[1]      Except as otherwise expressly defined herein, all capitalized terms shall have the same
definitions as set forth in the Stipulation.

and full opportunity to be heard has been offered to all parties, the Class, and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, and all other applicable laws and rules. It is further determined that all members of the Class are bound by this Order and Final Judgment.

2.      Defendants have filed a Declaration of Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  Defendants timely mailed notice of the settlement to the Attorney General of the United States of America and the attorneys general of all 50 states, the District of Columbia, American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, and the Virgin Islands pursuant to 28 U.S.C. § 1715(b).  The notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8).  The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

3.      The Court hereby certifies the Consolidated Action as a non-opt-out class action pursuant to Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure.  The Class consists of any and all persons and entities who held shares of Covidien common stock, either of record or beneficially, at any time between June 14, 2014 (the date the Covidien Board of Directors approved the Transaction) and January 26, 2015 (the date of the consummation of the Transaction), including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, other than the Defendants, their subsidiary companies, affiliates, assigns, and members of their immediate families, as the case may be (the "Class").

-2-

4.      The Class satisfies the requirements of Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure, in that (a) the Class is so numerous that joinder of all members thereof is impracticable, (b) there are questions of law and fact common to the Class, (c) the claims of the Plaintiffs are typical of the claims of the Class, (d) Plaintiffs will have adequately represented the interest of the Class, (e) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class, and (f) Defendants are alleged to have acted or refused to act on grounds generally applicable to the Class.

5.      Plaintiff the Rosenfeld Family Foundation is finally appointed and certified as representative for the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The law firms of WeissLaw LLP and Levi & Korsinsky LLP are finally appointed as Co-Lead Counsel for the Class, and the law firm of Block & Leviton LLP is finally appointed as Liaison Counsel for the Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds that the Class representative and the Class counsel have fairly and adequately protected and represented the interests of the Class in connection with the prosecution of the Consolidated Action and in the Settlement.

6.      This Court has jurisdiction over the subject matter of the Consolidated Action, including all matters necessary to effectuate the Settlement and this Order and Final Judgment, and over all parties to the Consolidated Action.

7.      The Settlement is found to be fair, reasonable, and adequate and in the best interests of the Class, and is hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.  The parties to the Stipulation are hereby authorized and directed to comply

-3-

with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk of Court is directed to enter and docket this Order and Final Judgment.

8.     The Consolidated Action is hereby dismissed with prejudice in its entirety as to Defendants and against Plaintiffs and all other Class members and without costs, except with regard to any award of attorneys' fees and expenses set forth in Paragraph 13 below.

9.     As provided for in the Stipulation, the Court hereby finally and forever bars, settles, extinguishes, discharges, and releases any and all manner of claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, amounts, duties, suits, costs, expenses, matters and issues, known or unknown, asserted or unasserted, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including Unknown Claims (as defined below), that have been, could have been, or in the future can or might be asserted in any court, tribunal or proceeding (including but not limited to any claims arising under federal, state, foreign or common law, including the federal securities laws and any state disclosure law), by or on behalf of Plaintiffs or any member of the Class (collectively, the "Releasing Persons"), whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity, against Defendants (or any Defendant), or any of their respective families, parent entities, controlling persons, associates, predecessors, successors, affiliates, or subsidiaries, and each and all of their respective past or present officers, directors, executives, shareholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, auditors, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, brokers, dealers, insurers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, managers, joint ventures, personal or legal representatives, estates, administrators,

-4-

predecessors, successors, and assigns (collectively, the "Released Persons") which have arisen, could have arisen, arise now, or hereafter may arise out of or relate in any manner to the allegations, facts, events, matters, transactions, acts, occurrences, statements, representations, misrepresentations, omissions or any other matter, thing or cause, whatsoever, or any series thereof, embraced, involved, set forth in or otherwise related, directly or indirectly, to the Consolidated Action or the *Cobb* Action, the Transaction, the negotiation or consideration of the Transaction or any agreements or disclosures relating thereto, the Transaction Agreement, or any registration statement, preliminary or definitive prospectus and/or proxy statement (joint or otherwise) filed or distributed to shareholders in connection with the Transaction (including, without limitation, the Preliminary Proxy Statement, the amendments thereto, and the Definitive Proxy Statement), including, without limitation, any disclosures, non-disclosures or public statements made in connection with any of the foregoing (collectively, the "Released Claims"); provided, however, that the Released Claims shall not include: (i) the claims currently asserted in *In re Medtronic, Inc. Stockholder Litigation*, 27-CV-14-11452, in the District Court, Fourth Judicial District of Hennepin Count, Minnesota; (ii) the claims asserted in *In re Medtronic, Inc. Derivative Litigation*, 14-cv-3540, in the United States District Court for the District of Minnesota, prior to the dismissal without prejudice of that action; or (iii) any claims to enforce the Settlement.

10.     Defendants shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims or sanctions (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Consolidated Action or the Released Claims (collectively, "Defendants' Released Claims").

-5-

11.     The Released Claims and Defendants' Released Claims include Unknown

Claims. "Unknown Claims" means any claim that a Releasing Person does not know or suspect

exists in his, her, or its favor at the time of the release of the Released Claims as against the

Released Persons, including without limitation those that, if known, might have affected the

decision to enter into the Settlement, and any claim that a Defendant does not know or suspect

exists in his, her, or its favor at the time of the release of the Defendants' Released Claims as

against Plaintiffs and Plaintiffs' Counsel, including without limitation those that, if known, might

have affected the decision to enter into the Settlement. With respect to any and all of the

Released Claims or Defendants' Released Claims, including any and all Unknown Claims, the

Releasing Persons and Defendants are deemed to waive, and have waived and relinquished to the

fullest extent permitted by law of any rights pursuant to § 1542 of the California Civil Code (or

any similar, comparable, or equivalent provision in any jurisdiction), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
> OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
> WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Court finds that Plaintiffs have, on their own behalves and on behalf of the Class and the

Releasing Persons, acknowledged that they, Plaintiffs' Counsel, the Releasing Persons and the

members of the Class may discover facts in addition to or different from those that they now

know or believe to be true with respect to the subject matter of this release, but that it is their

intention, as Plaintiffs and on behalf of the Class and the Releasing Persons, to fully, finally, and

forever settle and release any and all claims released hereby known or unknown, suspected or

unsuspected, which now exist or heretofore existed or may hereafter exist, and without regard to

the subsequent discovery or existence of such additional or different facts. Plaintiffs' Counsel,

Plaintiffs, and the other parties to the Stipulation acknowledge, and the members of the Class and

the Releasing Persons by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for, constitutes separate consideration for, and was a key element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation.

12.     The Releasing Persons are hereby permanently barred and enjoined from commencing, instigating, instituting, maintaining, prosecuting, asserting, or participating in any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind, whether individual, class, derivative, representative, legal equitable, or in any other capacity, asserting any of the Released Claims against any of the Released Persons, except those proceedings necessary to the dismissal with prejudice of the *Cobb* Action.

13.     The Court orders that Covidien (or its assigns, and/or their insurer(s), and/or the insurer(s) of the Individual Defendants) shall pay, or cause to be paid, the sum of $*594,000.00* in attorneys' fees, costs and expenses in accordance with, and subject to the terms and conditions of, ¶¶18-22 of the Stipulation.

14.     Covidien or its successor and/or assigns, and/or their insurer(s), and/or the insurer(s) of the Director Defendants shall pay the fees, costs and expenses awarded to Plaintiffs' Counsel, on behalf of all Defendants, within ten (10) business days after the later of (1) the date of this Order and Final Judgment, notwithstanding the existence of any timely-filed objections to the Settlement or to the fees and expenses awarded, or potential appeal from such objections, or collateral attack on the Settlement or any part thereof or (2) the dismissal with prejudice of the *Cobb* Action with no further proceedings having occurred in that action and otherwise in accordance with, and subject to the terms and conditions of, ¶¶18-22 of the Stipulation.  Such payment shall be subject to the joint and several obligation of Plaintiffs' Counsel to refund,

-7-

within ten (10) business days, all amounts received and any interest accrued or accumulated thereon, if and when, as a result of any appeal, or successful collateral proceeding, the fee, cost or expense award is reduced or reversed or if the award order does not become final, if the Settlement itself is voided by any party as provided in the Stipulation, or if the approval of the Settlement is later reversed by any court.

15.     Co-Lead Counsel, jointly and in its sole discretion, shall determine the allocation among Plaintiffs' Counsel of any attorneys' fees, costs, and expenses approved by the Court and paid by Defendants. Defendants shall have no responsibility for allocation or distribution of the fees and expenses award among Plaintiffs' Counsel.  Except as provided herein, the Released Persons shall bear no other expenses, costs, damages, or fees alleged or incurred by Plaintiffs, or by any of their attorneys, experts, advisors, agents or representatives.

16.     The effectiveness of this Order and Final Judgment and the obligations of Plaintiffs and Defendants under the Stipulation shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs' Counsel's application for an award of attorneys' fees, costs, and expenses.

17.     Neither the MOU, the Stipulation, the Settlement, this Order and Final Judgment, nor any of their terms and provisions, nor any of the negotiations, discussions, and proceedings in connection with the Settlement, shall be deemed, construed as, or constitute a presumption, concession, or an admission by (i) any Defendant in the Consolidated Action of any fault, liability, damages, or wrongdoing as to any facts or claims alleged or asserted in the Consolidated Action or any other actions or proceedings, or (ii) any Plaintiff that the claims asserted in the Consolidated Action lack merit. The provisions contained in the MOU and this Stipulation shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Consolidated Action or in any other action or proceeding,

-8-

whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement or to effectuate the releases or dismissal with prejudice contained herein.

18.     Nothing in this Order and Final Judgment shall preclude any action to enforce the terms of the Stipulation, the Settlement, or this Order and Final Judgment. Notwithstanding paragraph 17 herein, any of the Released Parties or Plaintiffs may file, cite, and/or refer to the Stipulation, the facts and terms of the Settlement, and this Order and Final Judgment in any other action, proceeding or forum in order to effectuate the release and other liability protections provided thereby, or to support a defense or counterclaim that the Settlement has *res judicata*, collateral estoppel, or other issue or claim preclusion effect.

19.     The Court finds and concludes that the parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Consolidated Action.

20.     Without affecting the finality of this Order and Final Judgment, jurisdiction is hereby retained by this Court for the purpose of protecting and implementing the Stipulation, the Settlement, and the terms of this Order and Final Judgment, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Stipulation, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment.

The Honorable Leo T. Sorokin
U. S. D.J,

-9-

# Exhibit 14

| | | |
|---|---|---|
| IN RE QR ENERGY LP UNITHOLDER LITIGATION | § § § | Lead Case No.: 4:14-cv-02195 |
| THIS DOCUMENT RELATES TO: | § § § | MASTER FILE |
| ALL ACTIONS. | § § | |

## ORDER AND FINAL JUDGMENT

On **September 10**, 2015, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation of Settlement, dated April 24, 2015 (the "Stipulation"), which is incorporated herein by reference, and the terms and conditions of the settlement proposed in the Stipulation (the "Settlement") are fair, reasonable, and adequate for the settlement and release of claims as set forth in the Stipulation; and whether an Order and Final Judgment ("Judgment") should be entered in this case (the "Actions"[1]); and the Court having considered all matters submitted to it at the hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    This Judgment incorporates by reference the definitions in the Stipulation. All capitalized terms other than proper nouns that are not defined herein shall have the meanings set forth in the Stipulation.

2.    The mailing of the Notice of Pendency of Class Action, Proposed Settlement of

---

[1]    The "Actions" refers collectively to the four actions consolidated into the above-captioned consolidated action: *Hoefgen v. Smith, et al.*, No. 4:14-cv-02195; *Taylor v. Smith, et al.*, No. 4:14-cv-02243; *Bushansky v. Smith, et al.*, No. 4:14-cv-02601; and *Berlin v. Smith, et al.*, No. 4:14-cv-02644.

1

Class Action, and Settlement Hearing (the "Notice") pursuant to and in the manner prescribed in the Order Preliminarily Approving Settlement and Providing for Notice entered on *April 29* 2015 (the "Preliminary Order"), which was mailed by United States first class mail, postage prepaid, beginning on *May 13*, 2015, is hereby determined to be the best notice practicable under the circumstances and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and applicable law. It is further determined that all members of the Settlement Class are bound by the Judgment herein.

3. The Court finds that the Actions are a proper non-opt-out class action pursuant to Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure and hereby certifies, for purposes of the Settlement only, the Settlement Class consisting of:

> [A]ny and all record holders and beneficial owners of any unit(s) of QRE who held any such unit(s) during the period beginning on and including July 23, 2014 through and including November 19, 2014 (the date of consummation of the Merger), including any and all of their respective successors-in-interest, predecessors, legal representatives, trustees, executors, administrators, heirs, assignees, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them; provided, however, that the Settlement Class shall not include Defendants and, at all relevant times, the members of Defendants' immediate families, Defendants' legal representatives, heirs, successors, and assigns.

4. Plaintiffs Samuel R. Hoefgen, Harry J. Taylor, as Grantee for Roy E. Toler, Michelle Burt, Michael Taylor and Jennifer Taylor, Stephen Bushansky, and Irwin J. Berlin ("Plaintiffs") are appointed as class representatives and WeissLaw LLP, Brodsky & Smith, LLC, and Levi & Korsinsky, LLP are appointed as counsel for the Settlement Class.

5. The Court finds, for the purposes of the Settlement only, that each of the requirements of Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure have been satisfied for the reasons set forth below:

    a. The members of the Settlement Class are so numerous that joinder of all

2

members is impracticable;

b.    There are questions of law or fact common to the Settlement Class, which predominate over any questions affecting only individual members;

c.    The claims or defenses of the class representatives are typical of the claims or defenses of the Settlement Class, and the class representatives will fairly and adequately protect the interest of the Settlement Class;

d.    The prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Settlement Class, which would establish incompatible standards of conduct for Defendants;

e.    Adjudications with respect to individual members of the Settlement Class would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and

f.    Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

6.    The Settlement of the Actions as provided for in the Stipulation is approved as fair, reasonable, adequate, and in the best interests of Plaintiffs and the Settlement Class.

7.    The parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, and the Clerk of the Court is directed to enter and docket this Judgment.

8.    The Actions and the Released Claims are hereby dismissed on the merits and with prejudice, and without costs.

9.    Upon the Final Settlement Date, Defendants, Plaintiffs, and each of the Settlement Class members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action against the Released Persons. Defendants, Plaintiffs, and each of the Settlement Class members shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Person with respect to such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons except to enforce the Releases and other terms and conditions contained in this Stipulation and/or Judgment entered pursuant thereto.

10.    Upon the Final Settlement Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of Defendants, Plaintiffs and Plaintiffs' Counsel from all Claims, whether known or unknown, arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims. Nothing herein shall in any way impair or restrict the right of any Party to enforce the terms of the Stipulation. The Parties expressly acknowledge, and all the members of the Settlement Class shall be deemed to acknowledge that: (i) they may hereafter discover facts in addition to those that they now know or believe to be true with respect to the Action and the Released Claims; and (ii) they may have sustained damages, losses, fees, costs and/or expenses that are presently

unknown and unsuspected, and that such damages, losses, fees, costs and/or expenses as the

Parties and any member of the Settlement Class may have sustained might give rise to additional

damages, losses, fees, costs and/or expenses in the future. Nevertheless, the Parties expressly

acknowledge, and all members of the Settlement Class shall be deemed to acknowledge, that this

Stipulation has been negotiated and agreed upon in light of such possible unknown facts and

such possible damages, losses, fees, costs and/or expenses, and each expressly waives, or shall

be deemed to have waived, any and all rights under California Civil Code section 1542 and

under any other federal or state statute or law of similar effect.

11.     Plaintiffs and all Settlement Class members, and their respective heirs, executors,

administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors,

and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby

permanently barred and enjoined from instituting, commencing, or prosecuting, either directly or

in any other capacity, any of the Released Claims against any of the Released Persons.

12.     As of the Effective Date, Defendants and the Released Persons shall be deemed to

have fully, finally, and forever released, relinquished, and discharged Plaintiffs, members of the

Settlement Class, and Lead Counsel from all claims arising out of the institution, prosecution,

settlement, or resolution of the Action; provided, however, that Defendants and the Released

Persons shall retain the right to enforce this Judgment, the terms of the Stipulation, or the

Settlement.

13.     None of the Settlement, the Memorandum of Understanding executed by

Plaintiffs and Defendants on November 10, 2014 (the "MOU"), or the Stipulation shall be

deemed a presumption, concession, or admission by any of the parties as to the merits, or lack

thereof, of any allegations, claims, or defenses that have been or might be alleged or asserted in

the Actions or any other action or proceeding that has been, will be, or could be brought, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Actions or in any other action or proceeding, whether civil, criminal, or administrative, for any purpose other than as provided expressly herein; provided, however, that the Stipulation and/or Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to argue that the Stipulation and/or Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or Judgment.

14. Lead Counsel are hereby awarded attorneys' fees and expenses in the amount of $ 472,500 in connection with the Action, which amount the Court finds to be fair, reasonable, and adequate. Such attorneys' fees and expenses shall be paid by QRE (or its successor(s) and/or insurer(s)) pursuant to the relevant provisions of the Stipulation. No counsel representing any plaintiff or member of the Settlement Class in the Actions shall make any further or additional application for fees and/or expenses to the Court or any other court.

15. If the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the parties shall be returned, without prejudice in any way, to their respective litigation positions immediately prior to the execution of the MOU on November 10, 2014.

16. The binding effect of this Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Judgment that relates solely to the issue of Lead Counsel's (or any other counsel's) application for an award of attorneys' fees and expenses.

17.    Without affecting the finality of this Judgment in any way, the Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

SO ORDERED this _10th_ day of _September_, 2015.

_____
The Honorable Gray H. Miller
United States District Judge

# Exhibit 15

FOR COURT USE ONLY

S.C.

Line # : 8

# IN THE COMMON PLEAS COURT
# HAMILTON COUNTY, OHIO

IN RE LCA-VISION INC. SHAREHOLDER
LITIGATION

This Document Related to:

ALL CASES.



D111567973

)
)
)
)
)
)
)
)
)
)
)
)

Lead Case No.: A 1401239

(Consolidated with Case Nos. A 140252,
A 1401509 and A 1401673)

**ENTERED**

AUG 1 0 2015

Judge Steven E. Martin

## FINAL ORDER AND JUDGMENT

The Plaintiffs and Defendants in this consolidated action (the "Action") entered into a Stipulation of Settlement dated February 2, 2015 (the "Stipulation" or "Settlement"), which set forth the terms and conditions for a settlement of the claims asserted in this Action.

On March 23, 2015, this Court entered an Order Preliminarily Approving Class Settlement, which, *inter alia*, (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the Settlement only, the Action should proceed as a non-opt-out class action pursuant to Rules 23(A), 23(B)(1) and 23(B)(2) of the Ohio Rules of Civil Procedure, on behalf of a class consisting of all former stockholders (whether of record or beneficial) of LCA common stock, including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held LCA common stock on or after February 13, 2014, excluding Defendants, members of the immediate family of any Defendant, any entity in which a Defendant has or had a controlling interest, officers of LCA and/or PMI, and the legal representatives, heirs, successors or assigns of any

- 1 -

such excluded person (the "Settlement Class"); (iii) approved the form of notice of the Settlement to members of the Settlement Class ("Class Members"); (iv) directed that appropriate notice of the Settlement be given to members of the Settlement Class; and (v) set a hearing date for final approval of the Settlement.

Notice of the Settlement was mailed to Class Members on April 6, 2015, and posted on the website of Robbins Arroyo LLP on April 1, 2015.

On June 19, 2015, the Court held a hearing on whether the Settlement is fair, reasonable, adequate (the "Final Settlement Hearing"). At the Final Settlement Hearing, the Plaintiffs and the Settlement Class were represented by counsel, including Lead Counsel from the law firm of Robbins Arroyo LLP. Defendants were also represented by counsel.

Having heard arguments of counsel for the Parties and of such other persons who may have chosen to appear at the Final Settlement hearing, having reviewed all materials submitted, having considered all of the files, records, and proceedings in the Action, and being otherwise fully advised, **THE COURT HEREBY FINDS AND CONCLUDES** that:

A. This Judgment incorporates the Stipulation, including its defined terms, and makes it a part hereof.

B. This Court has jurisdiction over the subject matter of this Action, the Plaintiffs, and all other Class Members, and has jurisdiction to enter this Judgment.

C. All of the requirements set forth in Rules 23(A), 23(B)(1), and 23(B)(2) of the Ohio Rules of Civil Procedure for final certification of the Class are met for settlement purposes, and therefore this Action is properly maintained as a settlement class action, and the Settlement Class is properly certified. If the Court's grant of final approval of the Settlement does not become Final for any reason whatsoever, or if it is modified in any material respect, this

-2-

Settlement Class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Plaintiffs or anyone else to seek class certification in this or any other matter.

D.     Solely for purposes of the Settlement, the Court confirms its appointment of Ohio Plaintiffs as Class Representatives, the law firm of Robbins Arroyo LLP as Lead Counsel, the law firm of Cummins & Brown, LLC as Lead Liaison Counsel, and the law firm of Landskroner Grieco Merriman, LLC as Co-Liaison Counsel to represent the Settlement Class pursuant to Ohio Rule of Civil Procedure 23.

E.     The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances.

F.     The notice, as given, complied with the requirements of Rule 23 of the Ohio Rules of Civil Procedure and met all applicable requirements of the Ohio Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law.

G.     The Settlement set forth in the Stipulation resulted from serious, informed, non-collusive negotiations conducted at arm's-length by the Parties and their counsel, was entered into in good faith, and is fair, reasonable, and adequate. Accordingly, the Settlement is hereby fully and finally approved as fair, reasonable, and adequate, consistent and in full compliance with all applicable requirements of the Ohio Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Rules of this Court. In making these findings, the Court considered, among other factors, (i) the nature of the claims asserted and the

- 3 -

strength of Plaintiffs' claims and Defendants' defenses, (ii) the risk, expense, complexity, and likely duration of further litigation, (iii) the prospects of Plaintiffs' obtaining certification of a litigation class and of maintaining such certification through trial, (iv) the benefits offered pursuant to the Settlement, (v) the stage of the proceedings at which the Settlement was reached, (vi) the information available to the Parties and the Court, (vii) the experience and views of the Parties' counsel, (viii) the Class Members' reaction to the Settlement, (ix) the submissions and arguments made throughout these proceedings by the Parties, and (x) the submissions and arguments made in connection with the Final Settlement Hearing.

H.      The Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

I.      The Plaintiffs, all Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

J.      Without further approval of the Court, the Parties are hereby authorized to agree to and adopt such amendments, modifications, and expansions of the Stipulation (including its exhibits) as are not materially inconsistent with this Judgment and do not limit the rights of Class Members under the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that:

1.      The Settlement set forth in the Stipulation is fair, reasonable, adequate, and it shall be consummated in accordance with the terms and provisions of the Stipulation.

2.      Upon the Effective Date, Judgment shall be, and hereby is, entered dismissing the Action and all Released Claims with prejudice, and without the award of any damages, costs, or fees, or the grant of any further relief, in favor of or against any party except as otherwise

-4-

provided in the Stipulation, this Judgment or any other order that the Court might issue concerning attorneys' fees and expenses.

3.     As of the Effective Date, Plaintiffs and all other Class Members are deemed to have forever released, relieved, settled, and discharged, fully and completely, any and all Released Claims against any of the Released Parties; provided that Plaintiffs and Lead Counsel reserve their rights to seek in this Court only an award of attorneys' fees and costs if the Stipulation is not approved by the Court.

4.     With respect to any of the Released Claims, upon the Effective Date Plaintiff shall have, and each other member of the Settlement Class shall be deemed to have, and by operation of this Judgment shall have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal. Civ. Code § 1542, or any law of the United States or any state of the United States or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR.

5.     The Court permanently bars and enjoins (A) all Class Members from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory or other proceeding (as well as a motion or complaint in intervention in this Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Claim as to

- 5 -

any Released Party, and (B) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Class Member as to the Released Parties, if such other lawsuit is based upon, arises out of, or relates to any Released Claim, including any claim that is based upon, arises out of, or relates to the Actions or the transactions and occurrences referred to in the Amended Complaint.

6.      Upon the Effective Date, Defendants and the Released Parties release the Plaintiffs, Lead Counsel, any other counsel for any of the Plaintiffs, and the other Class Members and their counsel, from all claims arising out of the commencement, prosecution, settlement, or resolution of the Action, provided however, that the Defendants and Released Parties shall retain the right to enforce in the Court the terms of the Stipulation.

7.      To effectuate the Settlement, the Court hereby enters the following Complete Bar:

        a.      Upon the Effective Date, any and all persons and entities are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any Released Party arising under any federal, state or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract or for misrepresentation, where the claim is or arises out of a Released Claim and the alleged injury to such person or entity arises out of that person's or entity's alleged liability to the Class or any Class Member, including any claim in which a person or entity seeks to recover from any of the Released Parties (i) any amounts such person or entity has or might become liable to pay to the Class or any Class Member, and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Class or any Class Member. All such claims are hereby extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by

-6-

the Court, if necessary; provided, however, that if the Settlement Class or any Class Member obtains any judgment against any such barred person or entity based upon, arising out of, or relating to any Released Claim for which such barred person or entity and any of the Released Parties are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) an amount that corresponds to such Released Party's or Released Parties' percentage of responsibility for the loss to the Class or Class Members or (ii) either (a) the settlement amount, in the case of the Settlement Class, or (b) that portion of the settlement amount applicable to the Class Member, in the case of a Class Member, unless the court entering such judgment orders otherwise.

b.      Upon the Effective Date, each and every Released Party is permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any other person or entity (including any other Released Party) arising under any federal, state or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract and for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such Released Party arises out of that Released Party's alleged liability to the Class or any Class Member, including any claim in which any Released Party seeks to recover from any person or entity (including another Released Party) (i) any amounts any such Released Party has or might become liable to pay to the Class or any Class Member and/or (ii) any costs, expenses or attorneys' fees from defending any claim by the Class or any Class Member. All such claims are hereby extinguished, discharged, satisfied and unenforceable.

c.      Notwithstanding anything stated in this Complete Bar, if any person or entity (a "Petitioner," for purposes of this Complete Bar) commences against any of the Released

-7-

Parties any action either (i) asserting a claim that is or arises out of a Released Claim, and where the alleged injury to such Petitioner arises out of that Petitioner's alleged liability to the Class or any Class Member or (ii) seeking contribution or indemnity for any liability or expenses incurred in connection with any such claim, and if such action or claim is not barred by a court pursuant to this Complete Bar or is otherwise not barred by this Complete Bar, neither this Complete Bar nor any provision of the Stipulation shall bar claims by that Released Party against (A) such Petitioner, (B) any person or entity who is or was controlled by, controls or controlled, or is or was under common control with the Petitioner, whose assets or estate are or were controlled, represented or administered by the Petitioner, or as to whose claims the Petitioner has succeeded, and (C) any person or entity that participated with any of the preceding persons or entities described in items (A) and (B) of this subparagraph in connection with the assertion of the claim brought against the Released Party or Released Parties; provided, however, that nothing in this Complete Bar or the Stipulation shall prevent the Parties from taking such steps as necessary to enforce the terms of the Stipulation.

       d.     If any terms of this Complete Bar entered by the Court are held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Released Parties the fullest protection permitted by law from any claim that is based upon, arises out of or relates to any Released Claim.

       e.     Notwithstanding this Complete Bar or anything else in the Stipulation, nothing shall release, interfere with, limit or bar the assertion by any Released Party of any claim for insurance coverage under any insurance, reinsurance or indemnity policy that provides coverage respecting the conduct at issue in this Action.

- 8 -

8.     The Court hereby approves the sum of $562,500 for the payment of Plaintiffs' attorney's fees and expenses (the "Fee and Expense Amount"). Defendants shall transfer the Fee and Expense Amount in accordance with the terms and conditions of the Stipulation.

9.     The Court hereby decrees that neither the Stipulation nor any negotiations, statements or proceedings in connection therewith, nor this Judgment, nor the fact of the Settlement, shall be construed as, or deemed to be evidence of, an admission or concession on the part of the Plaintiffs, any other Class Members, any Defendant, any Released Party, or any other person of any liability or wrongdoing by them, or any of them. This Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Neither the Stipulation nor any negotiations, statements or proceedings in connection therewith, nor this Judgment, nor the fact of the Settlement, shall be offered or received in evidence in any action or proceeding, or be used in any way, as an admission, concession, presumption, inference, or evidence of any liability or wrongdoing of any nature against any of the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Stipulation.

10.    This Court hereby retains and reserves exclusive jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Stipulation and the Settlement.

11.    There being no just reason for delay, the Clerk of Courts is hereby directed to enter this Judgment forthwith pursuant to Rule 58 of the Ohio Rules of Civil Procedure.

12.    In the event that this Judgment does not become "Final" in accordance with Paragraph 5 of the Stipulation, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Judgment shall be vacated. In such

- 9 -

event, all orders entered in connection with the Settlement shall be null and void, and the
Settlement Class shall be decertified.   In such event, the Action shall return to its status
immediately prior to execution of the Stipulation.

**IT IS SO ORDERED.**

DATED: _____, 2015          **BY THE COURT:**

Hon. Steven E. Martin
HON. STEVEN E. MARTIN
Hamilton County Court of Common Pleas

COURT OF COMMON PLEAS
ENTER
THE CLERK SHALL SERVE NOTICE
TO PARTIES PURSUANT TO CIVIL
RULE 58 WHICH SHALL BE TAXED
AS COSTS HEREIN.

- 10 -

FOR COURT USE ONLY

S.C.
Line # : 8

## IN THE COMMON PLEAS COURT
## HAMILTON COUNTY, OHIO

IN RE LCA-VISION INC. SHAREHOLDER
LITIGATION

)
)
)
)
)
)
)
)
)
)
)
)
)

Lead Case No.: A 1401239

(Consolidated with Case Nos. A 140252,
A 1401509 and A 1401673)

ENTERED

AUG 1 0 2015

Judge Steven E. Martin

This Document Related to:

ALL CASES.

Dl11567973

## FINAL ORDER AND JUDGMENT

The Plaintiffs and Defendants in this consolidated action (the "Action") entered into a

Stipulation of Settlement dated February 2, 2015 (the "Stipulation" or "Settlement"), which set

forth the terms and conditions for a settlement of the claims asserted in this Action.

On March 23, 2015, this Court entered an Order Preliminarily Approving Class

Settlement, which, *inter alia*, (i) preliminarily approved the Settlement; (ii) determined that, for

purposes of the Settlement only, the Action should proceed as a non-opt-out class action

pursuant to Rules 23(A), 23(B)(1) and 23(B)(2) of the Ohio Rules of Civil Procedure, on behalf

of a class consisting of all former stockholders (whether of record or beneficial) of LCA

common stock, including any and all of their respective successors-in-interest, predecessors,

representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and

remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and

each of them, together with their predecessors and successors and assigns, who held LCA

common stock on or after February 13, 2014, excluding Defendants, members of the immediate

family of any Defendant, any entity in which a Defendant has or had a controlling interest,

officers of LCA and/or PMI, and the legal representatives, heirs, successors or assigns of any

-1-

such excluded person (the "Settlement Class"); (iii) approved the form of notice of the Settlement to members of the Settlement Class ("Class Members"); (iv) directed that appropriate notice of the Settlement be given to members of the Settlement Class; and (v) set a hearing date for final approval of the Settlement.

Notice of the Settlement was mailed to Class Members on April 6, 2015, and posted on the website of Robbins Arroyo LLP on April 1, 2015.

On June 19, 2015, the Court held a hearing on whether the Settlement is fair, reasonable, adequate (the "Final Settlement Hearing"). At the Final Settlement Hearing, the Plaintiffs and the Settlement Class were represented by counsel, including Lead Counsel from the law firm of Robbins Arroyo LLP. Defendants were also represented by counsel.

Having heard arguments of counsel for the Parties and of such other persons who may have chosen to appear at the Final Settlement hearing, having reviewed all materials submitted, having considered all of the files, records, and proceedings in the Action, and being otherwise fully advised, **THE COURT HEREBY FINDS AND CONCLUDES** that:.

A. This Judgment incorporates the Stipulation, including its defined terms, and makes it a part hereof.,

B. This Court has jurisdiction over the subject matter of this Action, the Plaintiffs, and all other Class Members, and has jurisdiction to enter this Judgment.

C. All of the requirements set forth in Rules 23(A), 23(B)(1), and 23(B)(2) of the Ohio Rules of Civil Procedure for final certification of the Class are met for settlement purposes, and therefore this Action is properly maintained as a settlement class action, and the Settlement Class is properly certified. If the Court's grant of final approval of the Settlement does not become Final for any reason whatsoever, or if it is modified in any material respect, this

-2-

Settlement Class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Plaintiffs or anyone else to seek class certification in this or any other matter.

D.     Solely for purposes of the Settlement, the Court confirms its appointment of Ohio Plaintiffs as Class Representatives, the law firm of Robbins Arroyo LLP as Lead Counsel, the law firm of Cummins & Brown, LLC as Lead Liaison Counsel, and the law firm of Landskroner Grieco Merriman, LLC as Co-Liaison Counsel to represent the Settlement Class pursuant to Ohio Rule of Civil Procedure 23.

E.     The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances.

F.     The notice, as given, complied with the requirements of Rule 23 of the Ohio Rules of Civil Procedure and met all applicable requirements of the Ohio Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law.

G.     The Settlement set forth in the Stipulation resulted from serious, informed, non-collusive negotiations conducted at arm's-length by the Parties and their counsel, was entered into in good faith, and is fair, reasonable, and adequate. Accordingly, the Settlement is hereby fully and finally approved as fair, reasonable, and adequate, consistent and in full compliance with all applicable requirements of the Ohio Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Rules of this Court. In making these findings, the Court considered, among other factors, (i) the nature of the claims asserted and the

-3-

strength of Plaintiffs' claims and Defendants' defenses, (ii) the risk, expense, complexity, and likely duration of further litigation, (iii) the prospects of Plaintiffs' obtaining certification of a litigation class and of maintaining such certification through trial, (iv) the benefits offered pursuant to the Settlement, (v) the stage of the proceedings at which the Settlement was reached, (vi) the information available to the Parties and the Court, (vii) the experience and views of the Parties' counsel, (viii) the Class Members' reaction to the Settlement, (ix) the submissions and arguments made throughout these proceedings by the Parties, and (x) the submissions and arguments made in connection with the Final Settlement Hearing.

H.      The Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

I.      The Plaintiffs, all Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

J.      Without further approval of the Court, the Parties are hereby authorized to agree to and adopt such amendments, modifications, and expansions of the Stipulation (including its exhibits) as are not materially inconsistent with this Judgment and do not limit the rights of Class Members under the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that:

1.      The Settlement set forth in the Stipulation is fair, reasonable, adequate, and it shall be consummated in accordance with the terms and provisions of the Stipulation.

2.      Upon the Effective Date, Judgment shall be, and hereby is, entered dismissing the Action and all Released Claims with prejudice, and without the award of any damages, costs, or fees, or the grant of any further relief, in favor of or against any party except as otherwise

-4-

provided in the Stipulation, this Judgment or any other order that the Court might issue concerning attorneys' fees and expenses.

3.      As of the Effective Date, Plaintiffs and all other Class Members are deemed to have forever released, relieved, settled, and discharged, fully and completely, any and all Released Claims against any of the Released Parties; provided that Plaintiffs and Lead Counsel reserve their rights to seek in this Court only an award of attorneys' fees and costs if the Stipulation is not approved by the Court.

4.      With respect to any of the Released Claims, upon the Effective Date Plaintiff shall have, and each other member of the Settlement Class shall be deemed to have, and by operation of this Judgment shall have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal. Civ. Code § 1542, or any law of the United States or any state of the United States or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR.

5.      The Court permanently bars and enjoins (A) all Class Members from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory or other proceeding (as well as a motion or complaint in intervention in this Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Claim as to

- 5 -

any Released Party, and (B) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Class Member as to the Released Parties, if such other lawsuit is based upon, arises out of, or relates to any Released Claim, including any claim that is based upon, arises out of, or relates to the Actions or the transactions and occurrences referred to in the Amended Complaint.

6.     Upon the Effective Date, Defendants and the Released Parties release the Plaintiffs, Lead Counsel, any other counsel for any of the Plaintiffs, and the other Class Members and their counsel, from all claims arising out of the commencement, prosecution, settlement, or resolution of the Action, provided however, that the Defendants and Released Parties shall retain the right to enforce in the Court the terms of the Stipulation.

7.     To effectuate the Settlement, the Court hereby enters the following Complete Bar:

a.     Upon the Effective Date, any and all persons and entities are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any Released Party arising under any federal, state or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract or for misrepresentation, where the claim is or arises out of a Released Claim and the alleged injury to such person or entity arises out of that person's or entity's alleged liability to the Class or any Class Member, including any claim in which a person or entity seeks to recover from any of the Released Parties (i) any amounts such person or entity has or might become liable to pay to the Class or any Class Member, and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Class or any Class Member. All such claims are hereby extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by

-6-

the Court, if necessary; provided, however, that if the Settlement Class or any Class Member obtains any judgment against any such barred person or entity based upon, arising out of, or relating to any Released Claim for which such barred person or entity and any of the Released Parties are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) an amount that corresponds to such Released Party's or Released Parties' percentage of responsibility for the loss to the Class or Class Members or (ii) either (a) the settlement amount, in the case of the Settlement Class, or (b) that portion of the settlement amount applicable to the Class Member, in the case of a Class Member, unless the court entering such judgment orders otherwise.

      b.    Upon the Effective Date, each and every Released Party is permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any other person or entity (including any other Released Party) arising under any federal, state or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract and for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such Released Party arises out of that Released Party's alleged liability to the Class or any Class Member, including any claim in which any Released Party seeks to recover from any person or entity (including another Released Party) (i) any amounts any such Released Party has or might become liable to pay to the Class or any Class Member and/or (ii) any costs, expenses or attorneys' fees from defending any claim by the Class or any Class Member. All such claims are hereby extinguished, discharged, satisfied and unenforceable.

      c.    Notwithstanding anything stated in this Complete Bar, if any person or entity (a "Petitioner," for purposes of this Complete Bar) commences against any of the Released

-7-

Parties any action either (i) asserting a claim that is or arises out of a Released Claim, and where the alleged injury to such Petitioner arises out of that Petitioner's alleged liability to the Class or any Class Member or (ii) seeking contribution or indemnity for any liability or expenses incurred in connection with any such claim, and if such action or claim is not barred by a court pursuant to this Complete Bar or is otherwise not barred by this Complete Bar, neither this Complete Bar nor any provision of the Stipulation shall bar claims by that Released Party against (A) such Petitioner, (B) any person or entity who is or was controlled by, controls or controlled, or is or was under common control with the Petitioner, whose assets or estate are or were controlled, represented or administered by the Petitioner, or as to whose claims the Petitioner has succeeded, and (C) any person or entity that participated with any of the preceding persons or entities described in items (A) and (B) of this subparagraph in connection with the assertion of the claim brought against the Released Party or Released Parties; provided, however, that nothing in this Complete Bar or the Stipulation shall prevent the Parties from taking such steps as necessary to enforce the terms of the Stipulation.

        d.      If any terms of this Complete Bar entered by the Court are held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Released Parties the fullest protection permitted by law from any claim that is based upon, arises out of or relates to any Released Claim.

        e.      Notwithstanding this Complete Bar or anything else in the Stipulation, nothing shall release, interfere with, limit or bar the assertion by any Released Party of any claim for insurance coverage under any insurance, reinsurance or indemnity policy that provides coverage respecting the conduct at issue in this Action.

- 8 -

8.    The Court hereby approves the sum of $562,500 for the payment of Plaintiffs' attorney's fees and expenses (the "Fee and Expense Amount"). Defendants shall transfer the Fee and Expense Amount in accordance with the terms and conditions of the Stipulation.

9.    The Court hereby decrees that neither the Stipulation nor any negotiations, statements or proceedings in connection therewith, nor this Judgment, nor the fact of the Settlement, shall be construed as, or deemed to be evidence of, an admission or concession on the part of the Plaintiffs, any other Class Members, any Defendant, any Released Party, or any other person of any liability or wrongdoing by them, or any of them. This Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Neither the Stipulation nor any negotiations, statements or proceedings in connection therewith, nor this Judgment, nor the fact of the Settlement, shall be offered or received in evidence in any action or proceeding, or be used in any way, as an admission, concession, presumption, inference, or evidence of any liability or wrongdoing of any nature against any of the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Stipulation.

10.    This Court hereby retains and reserves exclusive jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Stipulation and the Settlement.

11.    There being no just reason for delay, the Clerk of Courts is hereby directed to enter this Judgment forthwith pursuant to Rule 58 of the Ohio Rules of Civil Procedure.

12.    In the event that this Judgment does not become "Final" in accordance with Paragraph 5 of the Stipulation, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Judgment shall be vacated. In such

-9-

event, all orders entered in connection with the Settlement shall be null and void, and the Settlement Class shall be decertified.   In such event, the Action shall return to its status immediately prior to execution of the Stipulation.

**IT IS SO ORDERED.**

DATED: _____ 5-7- _____, 2015

**BY THE COURT:**

_____
Hon. Steven E. Martin
Hamilton County Court of Common Pleas

COURT OF COMMON PLEAS
ENTER

HON. STEVEN E. MARTIN
THE CLERK SHALL SERVE NOTICE
TO PARTIES PURSUANT TO CIVIL
RULE 58 WHICH SHALL BE TAXED
AS COSTS HEREIN.

- 10 -

# Exhibit 16

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM McGILL, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case 1:15-cv-00217-TWP-DKL |
| RALPH HAKE, DAVID F. MELCHER, JOHN J. HAMRE, PAUL J. KERN, HERMAN E. BULLS, PATRICK MOORE, MARK L. REUSS, ROBERT DAVID YOST, BILLIE I. WILLIAMSON, HARRIS CORPORATION, and HARRIS COMMUNICATION SOLUTIONS (INDIANA), INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER APPROVING CLASS ACTION SETTLEMENT, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND DISMISSAL

Pursuant to the Court's Order of October 26, 2015 (the "Scheduling and Preliminary Approval Order"), this Court held a hearing on February 16, 2016 ("Settlement Hearing"), on the Stipulation and Agreement of Compromise, Settlement, and Release (the "Stipulation" or "Settlement"), which was filed on October 23, 2015, in the action captioned above (the "Action," including any action consolidated therein). The Scheduling and Preliminary Approval Order and the Stipulation were joined and consented to by all the parties to the Action and are incorporated by reference in this Order and Final Judgment. Due notice of the Settlement Hearing was given to the Class, as defined in paragraph 4 below, (the "Class"), in accordance with the Scheduling and Preliminary Approval Order, and the notice was adequate and sufficient. The parties to the Action appeared at the Settlement Hearing by their respective attorneys of record and were heard

in support of the Settlement of the Action. All other persons desiring to be heard who properly and timely filed and served objections and/or notices of intent to appear were given an opportunity to be heard as provided in the notice. The entire matter of the Settlement having been considered by the Court,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, this 10th day of March, 2016, as follows:

1.      Unless otherwise defined in this Order and Final Judgment, all capitalized terms shall have the meanings set forth in the Stipulation.

2.      The Notice of Pendency of Class Action, Proposed Class Action Determination, Proposed Settlement of Class Action, Settlement Hearing, and Right to Appear concerning the Action (the "Notice") has been given to the Class pursuant to and in the manner directed by the Scheduling and Preliminary Approval Order. Proof of the mailing of the Notice was filed with the Court, and a full opportunity to be heard has been afforded to all parties to the Action, the Class, and other persons interested in the Settlement. The Court hereby determines that the form and manner of the Notice provided the best notice practicable under the circumstances and were given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23, due process, and applicable law. The Court further determines that all members of the Class are bound by this Order and Final Judgment. Defendants further caused to be served on the United States Attorney General and all State Attorneys General the notice of the proposed Settlement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711 *et seq.* (the "CAFA"), and the form and manner of that notice is hereby determined to be in full compliance with CAFA.

3.      Based on the record in the Action, the Court finds that each of the provisions of Federal Rule of Civil Procedure 23 has been satisfied, and that the Action has been properly

maintained according to the provisions of Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2). Specifically, this Court finds that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs (as defined below) as representative plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately protected and represented the interests of the Class; (e) prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications that would establish inconsistent standards of conduct for the Defendants; and (f) Defendants have acted on grounds that generally apply to the Class.

4.      The Action is hereby finally certified as a non-opt-out class action, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), on behalf of a class that includes any and all record and beneficial holders of Exelis common stock, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held Exelis common stock at any time between and including September 17, 2014 and May 29, 2015 (the effective date of the Merger) ("Class Period"), but excluding Defendants, their subsidiaries or other affiliates, their assigns, members of their immediate families, officers of Exelis, and the legal representatives, heirs, successors, or assigns of any such excluded person (the "Class"). Further, the plaintiffs William McGill and Jesse Mallinger, as representatives of the Class (the "Lead Plaintiffs"), are finally certified as Class representatives. The law firms of Faruqi & Faruqi, LP and Robbins Arroyo LLP are finally certified as lead counsel to the Lead Plaintiffs in the Action ("Lead Counsel").

5.      The Settlement is found to be fair, reasonable, adequate, and in the best interests of the Class, and is hereby approved pursuant to Federal Rule of Civil Procedure 23(e). The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Order and Final Judgment in the Action.

6.      This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement and this Order and Final Judgment and over all parties to the Action.

7.      The Action and the claims asserted therein are hereby dismissed on the merits with prejudice as to all Defendants in the Action and against all members of the Class and, except as provided in the Stipulation and in paragraph 13, below, without fees or costs.

8.      Any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (as defined in paragraph 11, below), that any or all Plaintiffs or any or all members of the Class ever had, now have, or may have, or otherwise could, can, or might assert, whether direct, derivative, individual, class, representative, legal, equitable, or of any other type or in any other capacity, against any of the Released Parties (as defined in paragraph 9, below), whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, which, now or hereafter, are based upon, arise out of,

relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, directly or indirectly, in the Action, including, without limitation, any and all claims that are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Merger or the Merger Agreement, (ii) any actions, deliberations, or negotiations in connection with the Merger or the Merger Agreement, including the process of deliberation or negotiation by each of Exelis and Harris and any of their respective officers, directors, or advisors, (iii) the consideration to be received by Exelis shareholders in connection with the Merger, (iv) the Form S-4, including amendments thereto, and any other disclosures, public filings, periodic reports, press releases, registration statements, proxy statements (including the Definitive Proxy Statement), or other statements issued, made available or filed relating, directly or indirectly, to the Merger or the Merger Agreement, (v) the fiduciary obligations of the Released Parties in connection with the Merger, or (vi) the fees, expenses, or costs incurred in prosecuting, defending, or settling the Action (each a "Released Claim" and collectively the "Released Claims"), shall be individually and collectively, completely, fully, finally, and forever settled, released, discharged, dismissed with prejudice, and permanently enjoined; provided, however, that the Released Claims shall not extend to any: (i) claims by the parties to enforce the terms of the Stipulation or the Settlement, or (ii) claims under the federal securities laws that do not in any respect arise out of or relate in any manner to, the acts, events, facts, matters, transactions, occurrences, statements, or representations, or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the

Action, the complaints, the Merger Agreement, the transactions contemplated therein, the Form

S-4 (including all amendments thereto), Definitive Proxy Statement, the disclosures made in

connection therewith (including the adequacy and completeness of such disclosures), the Form

8-K, or the Supplemental Disclosures.

9.     For purposes of this Order and Final Judgment, each of following persons or

entities is a "Released Party," and collectively, they are "Released Parties": (i) Exelis, Ralph

Hake, David F. Melcher, John J. Hamre, Paul J. Kern, Herman E. Bulls, Patrick Moore, Mark L.

Reuss, R. David Yost, Billie I. Williamson, Harris Corporation, and Harris Communication

Solutions (Indiana), Inc.; (ii) any person or entity that is, was, or will be related to or affiliated

with any of the persons or parties referred to in the preceding clause or in which any such person

or party has, had, or will have a controlling interest; and (iii) the respective past, present or future

insurers, reinsurers, family members, spouses, and heirs, as well as the respective past or present

trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents,

employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint

ventures, member firms, limited liability companies, corporations, parents, subsidiaries,

divisions, affiliates, associated entities, shareholders, shareholders, principals, officers, directors,

managing directors, members, managing members, managing agents, predecessors,

predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment

advisors, advisors, consultants, investment bankers, entities providing any fairness opinion,

underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal

representatives, accountants, and associates, of any of the persons or parties referred to in the

preceding clauses (i) and (ii).

10.     All claims (including Unknown Claims, as defined in paragraph 11, below) arising out of or relating to the filing and prosecution of the Action that Defendants, or any of them, and including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, ever had, now have, or may have, against Plaintiffs, the Class, and Plaintiffs' counsel, or any of them, shall be individually and collectively, completely, fully, finally, and forever settled, released, and discharged; provided, however, that the release shall not include the right of the Defendants to enforce the terms of the Stipulation and the Settlement.

11.     The releases extend to claims that the person granting the release ("Releasing Person," including any member of the Class), does not know or suspect exists in his, her, or its favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into the Settlement ("Unknown Claims"). Each Releasing Person shall be deemed to have expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal. Civ. Code § 1542, or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH DEBTOR." Each Releasing Person shall be deemed to have acknowledged that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of each Releasing Person to completely, fully, finally, and forever

extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. The Parties to the Stipulation acknowledged, and the members of the Class by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for and was a key element of the Settlement and was relied upon by each and all of the Parties in entering into the Stipulation.

12.     Lead Plaintiffs, Lead Counsel, and all members of the Class, and any of their respective representatives, trustees, successors, heirs, and assigns, are hereby permanently barred and enjoined from asserting, commencing, prosecuting, assisting, instigating, continuing, or in any way participating in the commencement or prosecution of any action, whether directly, representatively, derivatively, or in any other capacity, asserting any claims that are, or relate in any way to, the Released Claims that are released pursuant to this Order and Final Judgment or under the Stipulation.

13.     Neither the Stipulation, the Settlement, this Order and Final Judgment, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack of validity of any Released Claims or any wrongdoing or liability of Defendants; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may be alleged or mentioned so as to contravene clause (a) above in any litigation or other action unrelated to the enforcement of the Stipulation. Notwithstanding the foregoing, any of the Released Persons may file the Stipulation

8

or any judgment or order of the Court related hereto, in any action that may be brought against them, in order to support any and all defenses or counterclaims based on res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

14.     Lead Counsel is hereby awarded attorneys' fees and expenses in the amount of $410,000.00, which sum the Court finds to be fair and reasonable and which shall be paid to Lead Counsel in accordance with the terms of the Stipulation.

15.     The effectiveness of the Order and Final Judgment and the obligations of Lead Plaintiffs, Lead Counsel, the Class, and the Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that relates solely to the issue of Lead Counsel's application for an award of attorneys' fees and expenses.

16.     The Court notes that lead Plaintiffs, Jessee Mallinger and William McGill, have filed the appropriate certifications, consistent with 15 U.S.C. § 77z-1(a)(2)(A) and 15 U.S.C. § 78u-4(a)(2)(A).

17. The Court further orders, adjudges, and decrees that all other relief be, and is hereby, denied, and that this Order and Final Judgment disposes of all the claims as to all the parties in the Action.

Date:  3/10/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution to all electronically registered
counsel of record via CM/ECF